## Mississippi Electronic Courts
## Seventh Circuit Court District (Hinds County Court - Jackson)
## CIVIL DOCKET FOR CASE #: 25CO1:25-cv-00906

| | |
|---|---|
| US COATING SPECIALTIES AND SUPPLIES INC v. JPMORGAN CHASE BANK, NATIONAL ASSOCIATION et al<br>Assigned to: Yemi Kings | Date Filed: 03/25/2025<br>Current Days Pending: 29<br>Total Case Age: 29<br>Jury Demand: None |
| **Upcoming Settings:** | Nature of Suit: Other Torts (175) |
| None Found | |

**Plaintiff**

**US COATING SPECIALTIES AND SUPPLIES INC**

represented by **Charles Stephen Stack, Jr**
Biggs Pettis Ingram & Solop PLLC
P.O. Box 14028
JACKSON, MS 39236
601-713-6335
Fax: 601-713-6335
Email: sstack@bislawyers.com
*ATTORNEY TO BE NOTICED*

**Jason E. Dare**
Biggs, Ingram & Solop, PLLC
Post Office Box 14028
JACKSON, MS 39236
601-987-5307
Fax: 601-987-5307
Email: jdare@bislawyers.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**

**EXHIBIT A**

**Defendant**

**MERCHANT CAPITAL SOURCE LLC**

**Defendant**

**COLLECTION AT LAW INC**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/25/2025 | 2 | COMPLAINT against COLLECTION AT LAW INC, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, MERCHANT CAPITAL SOURCE LLC, filed by US COATING SPECIALTIES AND SUPPLIES INC. (Attachments: # 1 Civil Cover Sheet,) (KB) (Entered: 03/25/2025) |
| 03/25/2025 | 3 | SUMMONS Issued to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION. (KB) (Entered: 03/25/2025) |

| 03/25/2025 | 4 | SUMMONS Issued to COLLECTION AT LAW INC. (KB) (Entered: 03/25/2025) |
| 03/25/2025 | 5 | SUMMONS Issued to MERCHANT CAPITAL SOURCE LLC. (KB) (Entered: 03/25/2025) |
| 03/26/2025 | 6 | SUMMONS Returned Executed by US COATING SPECIALTIES AND SUPPLIES INC. *Re:* ** 3 SUMMONS Issued to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION. (KB)** JPMORGAN CHASE BANK, NATIONAL ASSOCIATION served on 3/25/2025, answer due 4/24/2025. Service type: Substituted, copy left with Registered Agent, CT Corporation System (Dare, Jason) (Entered: 03/26/2025) |

| **MEC Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/23/2025 12:26:06 | | |
| **You will be charged $0.20 per page to view or print documents.** | | |
| **MEC Login:** | mt9893M | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 25CO1:25-cv-00906 |
| **Billable Pages:** | 2 | **Cost:** | 0.40 |

IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

U.S. COATING SPECIALTIES AND SUPPLIES, INC.                    PLAINTIFF

vs.                                          CAUSE NO. ___25-906___

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION; MERCHANT CAPITAL
SOURCE, LLC; COLLECTION AT LAW,
INC.                                                          DEFENDANTS

---

COMPLAINT
Jury Trial Demanded

---

COMES NOW U.S. Coating Specialties and Supplies, Inc. (herein "Plaintiff" or "U.S. Coating INC"), by and through its counsel of record, and files its Complaint for injunctive relief and damages against Defendants, JPMorgan Chase Bank, National Association, Merchant Capital Source, LLC, and Collection at Law, Inc. (collectively, "Defendants") as follows:

### PARTIES

1.    Plaintiff U.S. Coating Specialties and Supplies, Inc. is a Mississippi corporation in good standing with the Mississippi Secretary of State, with its principal place of business at 125 West Mayes Street, Jackson, Mississippi 39213.

2.    Defendant JPMorgan Chase Bank, National Association is a national bank registered to do business and doing business in Mississippi which may be served with process on its registered agent CT Corporation System, 645 Lakeland East Dr., Suite 101, Flowood, Mississippi 39232.

3.    Defendant Merchant Capital Source, LLC is a California limited liability company with its principal place of business located at 695 Town Center Dr., Suite 1200

Costa Mesa, California 92626 which, although not registered, is doing business within the State of Mississippi. It may be served with process on any officer or managing / general agent pursuant to Miss. R. Civ. P. 4(d)(4) and/or otherwise according to law.

4.    Defendant Collection at Law, Inc. is a California corporation with its principal place of business located at 3835 E. Thousand Oaks Blvd., Suite R-349 Westlake Village, California 91362 which, although not registered, is doing business within the State of Mississippi. It may be served with process on its agent, Richard M. Rosenthal, 26500 W. Agoura Rd., Suite 211, Calabasas, California 91302 or on any officer or managing / general agent pursuant to Miss. R. Civ. P. 4(d)(4) and/or otherwise according to law.

<u>VENUE AND JURISDICTION</u>

5.    This Court has jurisdiction pursuant to MISS. CODE ANN. § 9-7-81 and MISS. CODE ANN. § 9-9-21, as the amount in controversy exceeds Two Hundred Dollars ($200.00). Venue is proper in the First Judicial District of Hinds County, Mississippi pursuant to MISS. CODE ANN. § 11-11-3 and MISS. CODE ANN. § 11-9-3 as it is a county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.

6.    This Court has personal jurisdiction over Defendant Merchant Capital Source, LLC ("Merchant Capital") pursuant to Mississippi's long-arm statute (MISS. CODE ANN. § 13-3-57) because it (1) made a contract with a resident of Mississippi to be performed in whole or in part in Mississippi; (2) committed a tort in whole or in part in Mississippi; and/or (3) "conduct[ed] any business or perform[ed] any character of work in Mississippi."

7.    This Court has personal jurisdiction over Defendant Collection at Law, Inc. ("Collection at Law") pursuant to Mississippi's long-arm statute (MISS. CODE ANN. § 13-3-57) because it (1) made a contract with a resident of Mississippi to be performed in whole or in

part in Mississippi; (2) committed a tort in whole or in part in Mississippi; and/or (3) "conduct[ed] any business or perform[ed] any character of work in Mississippi."

## FACTUAL BACKGROUND

8.     On or about June 13, 2017, Merchant Capital entered into a Business Loan and Security Agreement with U.S. Coating Specialties and Supplies, LLC ("U.S. Coating LLC"), with all monies exchanged as a result being authorized through U.S. Coating LLC's Mississippi bank account with BancorpSouth. *Agreement* (**Exhibit 1**).

9.     On or about March 13, 2018, Merchant Capital obtained a judgment against U.S. Coating LLC and Earl Washington, individually, ("Washington") in the Superior Court of California for Orange County. *California Docket* (**Exhibit 2**).

10.     On or around November 13, 2019, Merchant Capital, by and through its Mississippi counsel, filed a notice of foreign judgment against U.S. Coating LLC and Washington with the County Court of Hinds County, Mississippi, First Judicial District, bearing cause number 19-4530. The docket and pleadings of that cause of action are incorporated herein.

11.     On or about December 23, 2024, Merchant Capital via its attorneys, Collection at Law and Angela A. Velen ("Velen"), caused an unsigned and undated Notice of Levy to be served on Defendant, JPMorgan Chase Bank, National Association ("Chase") in an effort to collect against Plaintiff's Mississippi bank account with Chase.

12.     The Notice clearly identified the debtors as U.S. Coating LLC and Washington, yet tortiously, fraudulently, maliciously, intentionally, and/or improperly identifies Plaintiff, U.S. Coating INC's Mississippi bank account with Chase as a proper account upon which levy might be taken. *Notice of Levy* (**Exhibit 3**).

13.     The Chase bank account was held exclusively by Plaintiff, U.S. Coating INC, which is a separate and distinct legal entity from U.S. Coating LLC.

14.     There are no legal or justifiable means by which Merchant Capital and/or Collection at Law could collect a judgment against U.S. Coating LLC and/or Washinton of and from a Mississippi bank account belonging to U.S. Coating INC.

15.     Despite the fact that the only Mississippi bank account at Chase was held by a separate and distinct legal entity – *i.e.*, U.S. Coating INC and not U.S. Coating LLC – Chase improperly froze the Mississippi bank account belonging to Plaintiff and denied Plaintiff access to funds rightfully belonging to it.

16.     Plaintiff immediately notified Chase, Merchant Capital, and Collection at Law of the error in corporate identity and demanded that the funds be released and/or returned to Plaintiff.

17.     Due to a lack of response from Defendants, Plaintiff sent an email to Defendants on or around January 7, 2025, providing a formal explanation and proof of the separate corporate identities (tax I.D.s and a tax return for U.S. Coating INC). A copy of this e-mail and attachments are attached hereto in composite as **Exhibit 4.**

18.     To date, Defendants have failed and/or refused to return the approximately $63,447.94 improperly taken from Plaintiff's Mississippi bank account with Chase.

19.     Plaintiff has been unable to conduct its business in a reasonable and customary fashion due to the improper actions of Defendants.

4

## CLAIMS

### COUNT I - INJUNCTIVE RELIEF

20.    Plaintiff incorporates by reference the preceding numbered paragraphs as if fully set forth herein.

21.    Defendants wrongfully levied on and removed funds from Plaintiff's Mississippi account with Chase.

22.    A preliminary injunction should issue requiring Defendants to deposit the funds with the Clerk of the Court until such time as this Court enters a final order adjudicating the rightful owner of the funds. In the absence of same, Plaintiff may suffer irreparable harm (as the funds may be spent), and there exists a substantial likelihood that Plaintiff will prevail on the merits.

23.    Plaintiff further requests that a final order ultimately be entered transferring the funds back to Plaintiff along with prejudgment interest at the statutory rate assessed against Defendants.

### COUNT II – CONVERSION

24.    Plaintiff incorporates by reference the preceding numbered paragraphs as if fully set forth herein.

25.    Defendants intended to and did exercise dominion and/or control over the funds in Plaintiff's Mississippi bank account, which actions were inconsistent with Plaintiff's right to control those funds as the true owner of same.

26.    Such actions by Defendants constitute a conversion of the funds, and Plaintiff has been damaged thereby in an amount to be determined at trial.

### COUNT III – TORTIOUS INTERFERENCE WITH CONTRACTS

27.    Plaintiff incorporates by reference the preceding numbered paragraphs as if fully set forth herein.

28.    Defendants wrongfully froze and/or removed the funds from Plaintiff's Mississippi bank account.

29.    Such actions by Defendants were: (a) intentional and willful; (b) calculated to cause damage to Plaintiff in its lawful business; (c) and done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the Defendants (which constitutes malice).

30.    Actual damage and loss resulted to Plaintiff because of Defendants' tortious interference with Plaintiff's contractual relations in an amount to be determined at trial.

### COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

31.    Plaintiff incorporates by reference the preceding numbered paragraphs as if fully set forth herein.

32.    Defendants wrongfully froze and/or removed the funds from Plaintiff's Mississippi bank account. Such acts were done with a malicious intent to interfere and injure the business of Plaintiff, and injury did in fact result.

33.    Actual damage and loss resulted to Plaintiff because of this tortious interference with its business relations in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, U.S. Coating Specialties and Supplies, Inc. demands judgment of and from Defendants as follows:

A.      That a preliminary injunction be entered ordering Defendants to deposit with the Court all sums wrongfully obtained from Plaintiff's Mississippi bank account with Chase;

B.      That a final judgment be entered transferring to Plaintiff the funds wrongfully taken by the Defendants along with prejudgment interest at the statutory rate;

C.      That judgment be entered in a reasonable amount to be determined by a jury awarding both compensatory damages, prejudgment and post-judgment interest as well as punitive damages in an amount sufficient to punish the Defendants' wanton and willful, reckless and malicious conduct.

D.      That judgment be entered against Merchant Capital and Collection at Law for violation of the Fair Debt Collection Practices Act and that Plaintiff be awarded actual damages, statutory penalties, and all attorneys' fees, costs, and expenses associated with this litigation.

E.      That Plaintiff be granted such other and further relief at law or equity as this Court shall deem just and appropriate.

THIS the 24th day of March, 2025.

U.S. COATING SPECIALTIES AND SUPPLIES, INC.

BY:    _____
       JASON E. DARE

OF COUNSEL:

Jason E. Dare (MSB No. 100973)
jdare@bislawyers.com
C. Stephen Stack, Jr. (MSB No. 10768)
sstack@bislawyers.com
BIGGS, INGRAM & SOLOP, PLLC
Post Office Box 14028
Jackson, Mississippi  39236-4028
Telephone:    (601) 987-5307
Facsimile:    (601) 987-5307

.06-15-'17 11:13 FROM-us coatings        +6019819583        T-966  P0003/0016 F-011

# BUSINESS LOAN AND SECURITY AGREEMENT

Merchant Capital Source, LLC

2120 Main St. Suite 220
Huntington Beach, CA 92648
866-969-7878



MERCHANT CAPITAL SOURCE

This Business Loan and Security Agreement Supplement (the "Supplement") sets forth certain key terms and conditions of the Business Loan and Security Agreement. The Supplement is part of (and incorporated by reference into) the Business Loan and Security Agreement. Borrower should keep this important legal document for Borrower's records.

## BORROWER

| | |
|---|---|
| BUSINESS LEGAL NAME | US Coating Specialties and Supplies LLC dba US Coating Specialties and Supplies |
| ADDRESS | 125 West Mayes St<br>Jackson, MS |

## FINANCIAL DETAILS

| | |
|---|---|
| AMOUNT OF LOAN | $31,000 |
| ORIGINATION FEE | $150 |
| DISBURSEMENT AMOUNT | $30,850 |
| TOTAL INTEREST CHARGE (does not include fees) | $10,540 |
| UNCOLLECTED PAYBACK FROM PRIOR LOAN | |
| TOTAL PAYBACK | $41,540 |

## PAYMENT SCHEDULE

| | |
|---|---|
| PAYMENT DUE DATES | EACH BUSINESS DAY AFTER THE DISBURSEMENT AMOUNT IS PROVIDED TO BORROWER |
| ESTIMATED FIRST PAYMENT DUE DATE | EACH BUSINESS DAY AFTER THE DISBURSEMENT AMOUNT IS PROVIDED TO BORROWER |
| ESTIMATED NUMBER OF PAYMENTS | 189 |
| AMOUNT DUE EACH BUSINESS DAY (does not include fees) | $219.79 |

Initial 

l

**EXHIBIT "1"**

06-15-'17 11:14 FROM-us coatings          +6019819583          T-966  P0004/0016 F-011

# BUSINESS LOAN AND SECURITY AGREEMENT

**Merchant Capital Source, LLC**

2120 Main St. Suite 220
Huntington Beach, CA 92648
866-969-7878



MERCHANT CAPITAL SOURCE

1. **INTRODUCTION.** This Business Loan and Security Agreement ("Agreement") governs the business loan ("Loan") made by Merchant Capital Source, LLC ("Lender") to the undersigned business borrowers ("Borrower").

2. **EFFECTIVE DATE AND DISBURSEMENT.** This Agreement is made effective on the date that Lender accepts the Agreement by signing the Agreement in California ("Effective Date"). If Borrower applied and was approved for a Loan, Borrower's Loan will be disbursed upon approval as provided in the accompanying Authorization Agreement for Direct Deposit (ACH Credit) and Direct Payments (ACH Debits). Borrower understands and agrees that Lender may delay disbursing to Borrower, in Lender's discretion and without penalty, the Disbursement Amount until all required security interests have been perfected and Lender has received all required personal guarantees or other documentation.

3. **LOAN FOR SPECIFIC PURPOSES ONLY.** The proceeds of the Loan must solely be used for the specific purposes as set forth in the Use of Proceeds Certification contained in Section 46 below, and not for any other purposes. In addition, the proceeds of the Loan will not be used for personal, family or household purposes. Borrower understands that Borrower's agreement not to use the proceeds of the Loan for personal, family or household purposes means that certain important duties imposed upon entities making loans for consumers' personal purposes, and certain important rights conferred upon consumers, pursuant to federal or state law will not apply to the Loan or the Agreement. Borrower also understands that Lender will be unable to confirm whether the use of the Loan proceeds conforms to this section. Borrower agrees that a breach by Borrower of the provisions of this section will not affect Lender's right to (i) enforce Borrower's promise to pay for all amounts owed under this Agreement, regardless of the purpose for which the Loan proceeds are in fact used or (ii) use any remedy legally available to Lender, even if that remedy would not have been available had the Loan been made for consumer purposes.

4. **PROMISE TO PAY.** Borrower agrees to pay Lender the Total Payback, including, but not limited to, the Total Interest Charge, in accordance with the Payment Schedule shown in the Supplement, and the following fees:

A. *Origination Fee:* A one-time Origination Fee in the amount shown in the Supplement. Borrower agrees that this fee is earned in full as of the Effective Date and will be immediately deducted from the proceeds of the Loan.

B. *Returned Payment Fee:* A Returned Payment Fee of $15 for each electronic payment processed on the Loan that is returned unpaid or dishonored for any reason. Borrower authorizes Lender to immediately withdraw any assessed Returned Payment Fee from Borrower's Designated Checking Account via an ACH debit.

C. *Late Fee:* A Late Fee of $[Insert Amount] if a scheduled payment is not received by Lender as provided in the Payment Schedule set forth in the Supplement.

Lender will apply payments towards unpaid fees and charges provided for in the Agreement prior to Loan interest and principal. Borrower agrees to enroll in Lender's Automatic Payment Plan and authorizes Lender to collect required payments as provided in the Authorization Agreement for Direct Deposit (ACH Credit) and Direct Payments (ACH Debits).

5. **ALTERNATIVE PAYMENT METHODS.** If Borrower knows that for any reason Lender will be unable to process a payment under Lender's Automatic Payment Plan, then Borrower must make an alternative payment in one of the methods described below to Lender in the amount of the Automatic Payment Plan payment on or before the due date. If Borrower receives the alternative payment on or before the due date. If Borrower elects to send alternative payments by postal mail, then Borrower agrees to send such payments to

Lender at 2120 Main St. Suite 220, Huntington Beach, CA 92648. All alternative payments must be made in good funds by check, money order, wire transfer, automatic transfer from an account at an institution offering such service, or other instrument in U.S. Dollars. Borrower understands and agrees that payments made to any other address than as specified by Lender may result in a delay in processing and/or crediting. If Borrower makes an alternative payment on Borrower's Loan while Borrower is enrolled in the Automatic Payment Plan and Borrower does not notify Lender at the time of making the alternative payment that the alternative payment replaces a scheduled Automatic Payment Plan payment, Lender may treat the alternative payment as an additional payment and continue to process Borrower's scheduled Automatic Payment Plan payments. If Borrower makes an alternative payment that is less than the amount due, Lender may reduce any scheduled Automatic Payment Plan payment by the amount of this alternative payment received.

6. **POSTDATED CHECKS, RESTRICTED ENDORSEMENT CHECKS AND OTHER DISPUTED OR QUALIFIED PAYMENTS.** Lender can accept late, postdated or partial payments without losing any of Lender's rights under this Agreement (a postdated check is a check dated later than the day it was actually presented for payment). Lender is under no obligation to hold a postdated check and Lender reserves the right to process every item presented as if dated the same date received by Lender or Lender's check processor unless Borrower gives Lender adequate notice and a reasonable opportunity to act on it. Except where such notice and opportunity is given, Borrower may not hold Lender liable for depositing any postdated check. Borrower agrees not to send Lender partial payments marked "paid-in full" without recourse," or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Agreement. All notices and written communications concerning postdated checks, restricted endorsement checks (including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount) or any other disputed, nonconforming or qualified payments, must be mailed or delivered to Lender at 2120 Main St. Suite 220 Huntington Beach, CA 92648.

7. **PREPAYMENT.** Borrower may prepay the Loan in whole by paying Lender the Total Payback plus any assessed Returned Payment Fees and Late Fees less the amount of any Loan payments made prior to such prepayment. Borrower may prepay the Loan in part at any time and such payment shall be applied against the Total Payback plus any assessed Returned Payment Fees and Late Fees.

8. **SECURITY INTEREST.** Borrower hereby grants to Lender a continuing security interest in and to any and all "Collateral" as described below to secure payment and performance of all debts, liabilities and obligations of Borrower to Lender under this Agreement and also any and all other debts, liabilities and obligations of Borrower to Lender of every kind and description, direct or indirect, absolute or contingent, primary or secondary, due or to become due, now existing or hereafter arising, whether or not such obligations are described in this Agreement (all hereinafter called "Obligations"). The Collateral includes the following property that Borrower now owns or shall acquire or create immediately upon the acquisition or creation thereof (i) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions; and (ii) all other tangible and intangible personal property, including, but not limited to (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f)

Initial *EW*

2

. ,06-15-'17 11:14 FROM-us coatings    +6019819583    T-966  P0005/0016 F-011

# BUSINESS LOAN AND SECURITY AGREEMENT

**Merchant Capital Source, LLC**

2120 Main St. Suite 220
Huntington Beach, CA 92648
866-969-7878



MERCHANT CAPITAL SOURCE

documents, (g) letter of credit rights, (h) accounts, including healthcare insurance receivables, (i) deposit accounts, commercial tort claims, (k) general intangibles, including payment intangibles and software and (l) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, products, proceeds and collections thereof and all records and data relating thereto. Lender disclaims any security interest in household goods in which Lender is forbidden by law from taking a security interest.

9. PROTECTING THE SECURITY INTEREST. Borrower agrees that Lender and/or Lender's Representative may file any financing statement, lien entry form or other document Lender and/or Lender's Representative requires in order to perfect, amend or continue Lender's security interest in the Collateral and Borrower agrees to cooperate with Lender and Lender's Representative as may be necessary to accomplish said filing and to do whatever Lender and Lender's Representative deems necessary to protect Lender's security interest in the Collateral. In this Agreement, Lender's Representative means any entity or individual that is designated by Lender to serve in such capacity.

10. LOCATION OF COLLATERAL; TRANSACTIONS INVOLVING COLLATERAL. Unless Lender has agreed otherwise in writing, Borrower agrees and warrants that (i) all Collateral (or records of Collateral in the case of accounts, chattel paper and general intangibles) shall be located at Borrower's address as shown in the application, (ii) except for inventory sold or accounts collected in the ordinary course of Borrower's business, Borrower shall not sell, offer to sell or otherwise transfer or dispose of the Collateral, (iii) no one else has any interest in or claim against the Collateral that Borrower has not already told Lender about, (iv) Borrower shall not pledge, mortgage, encumber or otherwise permit the Collateral to be subject to any lien, security interest, encumbrance or charge, other than the security interest provided for in this Agreement and (v) Borrower shall not sell offer to sell, or otherwise transfer or dispose of the Collateral for less than the fair market value thereof. Borrower shall defend Lender's rights in the Collateral against the claims and demands of all other persons. All proceeds from any unauthorized disposition of the Collateral shall be held in trust for Lender, shall not be comingled with any other funds and shall immediately be delivered to Lender. This requirement, however, does not constitute consent by Lender to any such disposition.

11. TAXES, ASSESSMENTS AND LIENS. Borrower will complete and file all necessary federal, state and local tax returns and will pay when due all taxes, assessments, levies and liens upon the Collateral and provide evidence of such payments to Lender upon request.

12. INSURANCE. Borrower shall procure and maintain such insurance as Lender may require with respect to the Collateral, in form, amounts and coverage reasonably acceptable to Lender and issued by a company reasonably acceptable to Lender naming Lender as loss payee. If Borrower at any time fails to obtain or maintain any insurance as required under this Agreement, Lender may obtain such insurance as Lender deems appropriate. Borrower shall promptly notify Lender of any loss of or damage to the Collateral.

13. REPAIRS AND MAINTENANCE. Borrower agrees to keep and maintain, and to cause others to keep and maintain, the Collateral in good order, repair and condition at all times while this Agreement remains in effect. Borrower further agrees to pay when due all claims for work done on, or services rendered or material furnished in connection with the Collateral so that no lien or encumbrance may ever attach to or be filed against the Collateral.

14. INSPECTION OF COLLATERAL AND PLACE OF BUSINESS; USE OF PHOTOGRAPHS AND TESTIMONIALS. Lender and Lender's designated representatives and agents shall have the right during Borrower's normal business hours and at any reasonable time to

examine the Collateral wherever located and the interior and exterior of any Borrower place of business. During an examination of any Borrower place of business, Lender may examine, among other things, whether Borrower (i) has a place of business that is separate from any personal residence, (ii) is open for business, (iii) has sufficient inventory to conduct Borrower's business and (iv) has one or more credit card terminals if Borrower processes credit card transactions. When performing an examination, Lender may photograph the interior and exterior of any Borrower place of business including any signage, and may photograph any individual who has signed the Agreement ("Signatory") unless the Signatory previously has notified Lender that he or she does not authorize Lender to photograph the Signatory. Lender may obtain testimonials from any Signatory, including testimonials on why Borrower needed the Loan and how the Loan has helped Borrower. Any photograph and testimonial will become and remain the sole property of Lender. Borrower and each Signatory grant Lender the irrevocable and permanent right to display and share any photograph and testimonial in all forms and media, including composite and modified representations, for all purposes, including but not limited to any trade or commercial purpose, with any Lender employees and agents and with the general public. Lender may, but is not required to, use the name of any Borrower and Signatory as a credit in connection with any photograph and testimonial. Borrower and each Signatory waive the right to inspect or approve versions of any photograph or testimonial or the written copy or other media that may be used in connection with same. Borrower and each Signatory release Lender from any claims that may arise regarding the use of any photograph or testimonial, including any claims of defamation, invasion of privacy or infringement of moral rights, rights of publicity or copyright.

15. LENDER'S EXPENDITURES. If any action or proceeding is commenced that would materially affect Lender's interest in the Collateral or if Borrower fails to comply with any provision of this Agreement or any related documents, including but not limited to Borrower's failure to discharge or pay when due any amounts Borrower is required to discharge or pay under this Agreement or any related documents, Lender on Borrower's behalf may (but shall not be obligated to) take any action that Lender deems appropriate including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Collateral and paying all costs for insuring, maintaining and preserving the Collateral. To the extent not prohibited by applicable law, all such expenses will become a part of the Obligations and, at Lender's option, (i) be payable on demand; (ii) be added to the balance of the Loan and be apportioned among and be payable with any installment payments to become due during the remaining term of the Loan; or (iii) be treated as a balloon payment that will be due and payable at the Loan's maturity. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon an Event of Default.

16. BORROWER'S REPRESENTATIONS AND WARRANTIES. Borrower represents and warrants that: (i) Borrower will comply with all laws, statutes, regulations and ordinances pertaining to the conduct of Borrower's business and promises to hold Lender harmless from any damages, liabilities, costs, expenses (including attorneys' fees) or other harm arising out of any violation of such laws, statutes, regulation or ordinances (ii) Borrower's executive office and the office where Borrower keeps its records concerning its accounts, contract rights and other property, is that shown in the application, (iii) Borrower is duly organized, licensed, validly existing and in good standing under the laws of its state of formation and shall hereafter remain in good standing in that state, and is duly qualified, licensed and in good standing in every other state in which it is doing business, and shall remain duly qualified, licensed and in good standing in every other state in which it is doing business, and shall hereafter remain duly qualified, licensed and in good standing in every other state in which the failure to qualify or become licensed could have a material adverse effect on the financial condition, business or

Initial  EW

3

.06-15-'17 11:15 FROM-us coatings    +6019819583    T-966  P0006/0016 F-011

# BUSINESS LOAN AND SECURITY AGREEMENT

**Merchant Capital Source, LLC**

2120 Main St. Suite 220
Huntington Beach, CA 92648
866-969-7878



MERCHANT CAPITAL SOURCE

operations of Borrower, (iv) the exact legal name of Borrower is set forth in the application; (v) the Signatories own in aggregate more than fifty percent (50%) of Borrower's business; (vi) the execution, delivery and performance of this Agreement and any other document executed in connection herewith, are within Borrower's powers, have been duly authorized and are not in contravention of law or the terms of Borrower's charter, by-laws or other organization papers, or of any indenture, agreement or undertaking to which Borrower is a party; (vii) all organization papers and all amendments thereto of Borrower have been duly filed and are in proper order and any capital stock issued by Borrower and outstanding was and is properly issued and all books and records of Borrower are accurate and up to date and will be so maintained; (viii) Borrower (a) is subject to no charter, corporate or other legal restriction, or any judgment, award, decree, order, governmental rule or regulation or contractual restriction that could have a material adverse effect on Borrower's financial condition, business or prospects, and (b) is in compliance with its organization documents and by-laws, all contractual requirements by which it may be bound and all applicable laws, rules and regulations other than laws, rules or regulations the validity or applicability of which Borrower is contesting in good faith or provisions of any of the foregoing failure to comply with which cannot reasonably be expected to materially adversely affect Borrower's financial condition, business or prospects or the value of the Collateral; and (ix) there is no action, suit, proceeding or investigation pending or, to Borrower's knowledge, threatened against or affecting Borrower or any of its assets before or by any court or other governmental authority which, if determined adversely to Borrower would have a material adverse effect on Borrower's financial condition, business or prospects or the value of the Collateral.

17.    **INTEREST, FEE AND CHARGE REFUNDS.** If the Loan is subject to a law that sets maximum charges, and that law is finally interpreted so that the interest or other fees and charges collected or to be collected in connection with this Agreement exceed the permitted limits, then (i) any such interest, fee or charge will be reduced by the amount necessary to reduce the interest, fee or charge to the permitted limit and (ii) any sums already collected from Borrower that exceed the permitted limits will be refunded or credited to Borrower.

18.    **ONLINE CUSTOMER PORTAL.** When Borrower signs in with Borrower's valid username and password at Lender's website (www.merchantcapitalsource.com), Borrower can obtain information about the Loan, such as the outstanding balance, daily transactions and fees. No additional paper statement will be mailed to Borrower. Borrower agrees not to share Borrower's username and password with any third party.

19.    **FINANCIAL INFORMATION AND REEVALUATION OF CREDIT.** Borrower and each Guarantor (if any) authorize Lender to obtain business and personal credit bureau reports respectively, at any time and from time to time for purposes of deciding whether to approve the requested Loan or for any update, renewal, extension of credit or other lawful purpose. Upon Borrower's or any Guarantor's request, Lender will advise Borrower or Guarantor if Lender obtained a credit report and Lender will give Borrower or Guarantor the credit bureau's name and address. Borrower and each Guarantor (if any) agree to submit current financial information, a new credit application, or both, in Borrower's name and in the name of each Guarantor, respectively, at any time promptly upon Lender's request. Borrower authorizes Lender to act as Borrower's agent for purposes of accessing and retrieving transaction history information regarding Borrower from Borrower's designated merchant processor(s). Lender may report Lender's credit experiences with Borrower and any Guarantor or Loan to third parties to the extent not prohibited by law. Borrower also agrees that Lender may release information to comply with governmental reporting or legal process that Lender believes may be required, whether or not such is in fact required, or when necessary or helpful in

completing a transaction, or when investigating a loss or potential loss. Borrower is hereby notified that a negative credit report reflecting on Borrower's credit record may be submitted to a credit reporting agency if Borrower fails to fulfill the terms of Borrower's credit obligations hereunder.

20.    **ATTORNEYS' FEES AND COLLECTION COSTS.** To the extent not prohibited by applicable law, Borrower shall pay to Lender on demand any and all expenses, including, but not limited to, collection costs, all attorneys' fees and expenses, and all other expenses of like or unlike nature which may be expended by Lender to obtain or enforce payment of Obligations either as against Borrower or any Guarantor or surety of Borrower or in the prosecution or defense of any action or concerning any matter growing out of or connected with the subject matter of this Agreement, the Obligations or the Collateral or any of Lender's rights or interests therein or thereto, including without limiting the generality of the foregoing, any counsel fees or expenses incurred in any bankruptcy or insolvency proceedings and all costs and expenses (including search fees) incurred or paid by Lender in connection with the administration, supervision, protection or realization on any security held by Lender for the debt secured hereby, whether such security was granted by Borrower or by any other person primarily or secondarily liable (with or without recourse) with respect to such debt, and all costs and expenses incurred by Lender in connection with the defense, settlement or satisfaction of any action, claim or demand asserted against Lender in connection therewith, which amounts shall be considered advances to protect Lender's security, and shall be secured hereby.

21.    **BORROWER'S REPORTS.** Promptly, upon Lender's written request, Borrower and each Guarantor agrees to provide Lender with such information about the financial condition and operations of Borrower or any Guarantor, as Lender may, from time to time, reasonably request. Borrower also agrees promptly upon becoming aware of any Event of Default, or the occurrence or existence of an event, which, with the passage of time or the giving of notice or both, would constitute an Event of Default hereunder, to provide notice thereof to Lender in writing.

22.    **INDEMNIFICATION.** Except for Lender's gross negligence or willful misconduct, Borrower will indemnify, defend and save Lender harmless from all loss, costs, damage, liability or expenses (including, without limitation, court costs and reasonable attorneys' fees) that Lender may sustain or incur by reason of defending or protecting Lender's security interest or the priority thereof or enforcing the Obligations, or in the prosecution or defense of any action or proceeding concerning any matter growing out of or in connection with this Agreement and/or any other documents now or hereafter executed in connection with this Agreement and/or the Obligations and/or the Collateral. This indemnity shall survive the repayment of the Obligations and the termination of this Agreement.

23.    **MERGERS, CONSOLIDATIONS OR SALES.** Borrower represents and agrees that Borrower will not (i) merge or consolidate with or into any other business entity or (ii) enter into any joint venture or partnership with any person, firm or corporation.

24.    **CHANGE IN LEGAL STATUS.** Without Lender's consent, Borrower represents and agrees that Borrower will not (i) change its name, its place of business or, if more than one, chief executive office, its mailing address, or organizational identification number if it has one or (ii) change its type of organization, jurisdiction of organization or other legal structure. If Borrower does not have an organizational identification number and later obtains one, Borrower shall forthwith notify Lender of such organizational identification number.

25.    **DELIVERY OF ADDITIONAL DOCUMENTATION REQUIRED.** At any time upon the request of Lender, Borrower shall execute and deliver to Lender all financing statements, continuation financing statements, fixture filings, security agreements, chattel mortgages, pledges, assignments, endorsements of certificates of title, applications for title, affidavits, reports, notices, schedules of accounts, letters of authority,

Initial _EW_

4

.06-15-'17 11:15 FROM-us coatings      +6019819583      T-966   P0007/0016 F-011

# BUSINESS LOAN AND SECURITY AGREEMENT

**Merchant Capital Source, LLC**

2120 Main St. Suite 220
Huntington Beach, CA 92648
866-969-7878



MERCHANT CAPITAL SOURCE

and all other documents that Lender, may reasonably request, in form satisfactory to Lender, to perfect and continue perfected Lender's security interests in the Collateral.

**26. POWER OF ATTORNEY.** Borrower hereby irrevocably makes, constitutes, and appoints Lender (and any of Lender's officers, employees, or agents designated by Lender) as Borrower's true and lawful attorney, with power to: (A) if Borrower refuses to, or fails timely to execute and deliver any of the documents described in Section 25, sign the name of Borrower on any of the documents described in Section 25; (b) at any time that an Event of Default has occurred and is continuing or Lender deems itself insecure, sign Borrower's name on any invoice or bill of lading relating to any account, drafts against account debtors, schedules and assignments of accounts, verifications of accounts, and notices to account debtors; (c) send requests for verification of accounts; (d) endorse Borrower's name on any checks, notices, acceptances, money orders, drafts, or other item of payment or security that may come into Lender's possession; (e) at any time that an Event of Default has occurred an is continuing or Lender deems itself insecure, notify the post office authorities to change the address for delivery of Borrower's mail to an address designated by Lender, to receive and open all mail addressed to Borrower, and to retain all mail relating to the Collateral and forward all other mail to Borrower; (f) at any time that an Event of Default has occurred and is continuing or Lender deems itself insecure, make, settle, and adjust all claims under Borrower's policies of insurance and make all determinations and decisions with respect to such policies of insurance; (g) at any time that an Event of Default has occurred and is continuing or Lender deems itself insecure, contact any merchant processor of Borrower and direct such processor to make payment directly to Lender of all or any portion of the amounts received or held by such processor for or on behalf of Borrower and to provide any information regarding Borrower requested by Lender; and (h) at any time that an Event of Default has occurred and is continuing or Lender deems itself insecure, freeze or obtain full access to the Designated Checking Account. Each of Borrower's processors and banks may rely on this section as written authorization of Borrower to provide any information requested by Lender and to make payments to Lender. Each of Borrower's processors and banks is hereby irrevocably authorized and directed by Borrower to follow any instruction of Lender, including, but not limited to, any instruction regarding payment or transfer of funds to Lender, without inquiry as to Lender's right or authority to give such instructions. Merchant agrees not to interfere with Lender's instructions to any processor or bank or any processor's or bank's compliance with this Agreement or request any modification to Lender's instructions without Lender's prior written consent. The appointment of Lender as Borrower's attorney, and each and every one of Lender's rights and powers, being coupled with an interest, is irrevocable until all of the Obligations have been fully and finally repaid and performed.

**27. DEFAULT.** The occurrence of any one or more of the following events, (herein, "Events of Default") shall constitute, without notice or demand, a default under this Agreement and all other agreements between Lender and Borrower and instruments and papers given Lender by Borrower, whether such agreements, instruments, or papers now exist or hereafter arise: (i) Lender is unable to collect any Automatic Payment Plan payment on three consecutive dates due and/or, Borrower fails to pay any Obligations on three consecutive dates due; (ii) Borrower fails to comply with, promptly, punctually and faithfully perform or observe any term, condition or promise within this Agreement including any addendum to this Agreement; (iii) the determination by Lender that any representation or warranty heretofore, now or hereafter made by Borrower to Lender, in any documents, instruments, agreement or papers now existing or hereafter was not true or accurate when given; (iv) the occurrence of any event such that any indebtedness of Borrower from any lender other than Lender could be accelerated, notwithstanding that such acceleration has not taken place; (v) the

occurrence of an event that would cause a lien creditor as that term is defined in Section 9-102 of the Uniform Commercial Code, to obtain an interest in the Collateral that has priority over Lender's security interest in the Collateral, (vi) a filing against or relating to Borrower of (a) a federal tax lien in favor of the United States of America or any political subdivision of the United States of America, or (b) a state tax lien in favor of any state of the United States of America or any political subdivision of any such state; (vii) the occurrence of any event of default under any other agreement between Lender and Borrower or instrument or paper given Lender by Borrower, whether such agreement, instrument or paper now exists or hereafter arises (notwithstanding that Lender may not have exercised its rights upon default under any such other agreement, instrument or paper); (viii) any act by, against, or relating to Borrower, or its property or assets, which act constitutes the application for, consent to, or sufferance of the appointment of a receiver, trustee or other person, pursuant to court action or otherwise, over all, or any part of Borrower's property; (ix) the granting of any trust mortgage or execution of an assignment for the benefit of the creditors of Borrower, or the occurrence of any other voluntary or involuntary liquidation or extension of debt agreement for Borrower; (x) the failure by Borrower to generally pay the debts of Borrower as they mature; (xi) adjudication of bankruptcy or insolvency relative to Borrower; (xii) the entry of an order for relief or similar order with respect to Borrower in any proceeding pursuant to Title 11 of the United States Code entitled 'Bankruptcy' (the Bankruptcy Code) or any other Federal bankruptcy law; (xiii) the filing of any complaint, application or petition by or against Borrower initiating any matter in which Borrower is or may be granted any relief from the debts of Borrower pursuant to the Bankruptcy Code or any other insolvency statute or procedure; (xiv) the calling or sufferance of a meeting of creditors of Borrower; (xv) the meeting by Borrower with a formal or informal creditor's committee; (xvi) offering by or entered into by Borrower of any composition, extension or any other arrangement seeking relief or extension for the debts of Borrower, or the initiation of any other judicial or non-judicial action or agreement by, against or including Borrower that seeks or intends to accomplish a reorganization or arrangement with creditors; (xvii) the entry of any judgment against Borrower, which judgment is not satisfied or appealed from (with execution or similar process stayed) within 15 days of its entry; (xviii) the occurrence of any event or circumstance with respect to Borrower such that Lender shall believe in good faith that the prospect of payment of all or any part of the Obligations or the performance by Borrower under this Agreement or any other agreement between Lender and Borrower is impaired or there shall occur any material adverse change in the business or financial condition of Borrower, (xix) the entry of any court order that enjoins, restrains or in any way prevents Borrower from conducting all or any of its business affairs in the ordinary course of business; (xx) the occurrence of any uninsured loss, theft, damage or destruction to any material asset(s) of Borrower, (xxi) any act by or against, or relating to Borrower or Borrower's assets pursuant to which any creditor of Borrower seeks to reclaim or repossess or reclaims or repossesses all or a portion of Borrower's assets; (xxii) the termination of existence, dissolution or liquidation of Borrower or the ceasing to carry on actively any substantial part of Borrower's current business ; (xxiii) this Agreement shall, at any time after its execution and delivery and for any reason, cease to be in full force and effect or shall be contested by Borrower and void; or the validity or enforceability hereof shall be contested by Borrower or any Guarantor of Borrower denies it has any further liability or obligation hereunder; (xxiv) any Guarantor or person signing a support agreement in favor of Lender shall repudiate, purport to revoke or fail to perform his or her obligations under his guaranty or support agreement in favor of Lender or any corporate Guarantor shall cease to exist (xxv) any material change occurs in Borrower's ownership or organizational structure (acknowledging that any change in ownership will

Initial *EM*

5

06-15-'17 11:16 FROM-us coatings          +6019819583          T-966  P0008/0016 F-011

# BUSINESS LOAN AND SECURITY AGREEMENT

**Merchant Capital Source, LLC**

2120 Main St. Suite 220
Huntington Beach, CA 92648
866-969-7878



MERCHANT CAPITAL SOURCE

be deemed material when ownership is closely held; (xxvi) Borrower dies; if Borrower is a sole proprietorship, the owner dies; if Borrower is a trust, a trustor dies; if Borrower is a partnership, any general or managing partner dies; if Borrower is a corporation, any principal officer or 10% or greater shareholder dies; if Borrower is a limited liability company, any managing member dies; if Borrower is any other form of business entity, any person(s) directly or indirectly controlling 10% or more of the ownership interests of such entity dies.

28.    **RIGHTS AND REMEDIES UPON DEFAULT.** Subject to applicable law, if an Event of Default occurs under this Agreement, at any time thereafter, Lender may exercise any one or more of the following rights and remedies:

A.    Refrain from Disbursing Loan Proceeds: Lender may refrain from disbursing Loan proceeds to Borrower's Designated Checking Account.

B.    Debit Amounts Due From Borrower's Account: Lender may debit from Borrower's Designated Checking Account all Automatic Payment Plan payments that Lender was unable to collect and/or the amount of any other Obligations that Borrower failed to pay.

C. Accelerate Indebtedness: Lender may declare the entire Obligations immediately due and payable, without notice of any kind to Borrower.

D.    Assemble Collateral: Lender may require Borrower to deliver to Lender all or any portion of the Collateral and any and all certificates of title and other documents relating to the Collateral. Lender may require Borrower to assemble the Collateral and make it available to Lender at a place to be designated by Lender. Lender also shall have full power to enter, provided Lender does so without a breach of the peace or trespass, upon the property of Borrower to take possession of and remove the Collateral. If the Collateral contains other goods not covered by this Agreement at the time of repossession, Borrower agrees Lender may take such other goods, provided that Lender makes reasonable efforts to return them to Borrower after repossession.

E. Sell the Collateral: Lender shall have full power to sell, lease, transfer, or otherwise deal with the Collateral or proceeds thereof in Lender's own name or that of Borrower. Lender may sell the Collateral at public auction or private sale. Unless the Collateral threatens to decline speedily in value or is of a type customarily sold on a recognized market, Lender will give Borrower, and other persons as required by law, reasonable notice of the time and date of any public sale, or the time after which any private sale or any other disposition of the Collateral is to be made. However, no notice need be provided to any person who, after an Event of Default occurs, enters into and authenticates an agreement waiving that person's right to notification of sale. The requirements of reasonable notice shall be met if such notice is given at least 10 days before the time of the sale or disposition. All expenses relating to the disposition of the Collateral, including without limitation the expenses of retaking, holding, insuring, preparing for sale and selling the Collateral, shall become a part of the Obligations secured by this Agreement. To the extent not prohibited by applicable law all such expenses will become a part of the Obligations and, at Lender's option, will: (i) be payable on demand; (ii) be added to the balance of the Loan and be apportioned among and be payable with any installment payments to become due during either (a) the term of any applicable

insurance policy or (b) the remaining term of the Loan; or (iii) be treated as a balloon payment that will be due and payable at the Loan's maturity.

F.    Appoint Receiver: Lender shall have the right to have a receiver appointed to take possession of all or any part of the Collateral, with the power to protect and preserve the Collateral, to operate the Collateral preceding foreclosure or sale, and to collect the rents from the Collateral and apply the proceeds, over and above the cost of the receivership, against the Obligations. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Collateral exceeds the Obligations by a substantial amount, Employment by Lender shall not disqualify a person from serving as a receiver.

G.    Collect Revenues, Apply Accounts: Lender, either itself or through a receiver, may collect the payments, rents, income, and revenues from the Collateral. Lender may at any time in Lender's discretion transfer any Collateral into Lender's own name or that of Lender's nominee and receive the payments, rents, income and revenues therefrom and hold the same as security for the Obligations or apply it to payment of the Obligations in such order of preference as Lender may determine. Insofar as the Collateral consists of accounts, general intangibles, insurance policies, instruments, chattel paper, choses in action, or similar property, Lender may make demand on account debtors of Borrower, collect receipts for, settle, compromise, adjust, sue for, foreclose or realize on the Collateral as Lender may determine, whether or not any amount included within the Obligations is then due. For these purposes, Lender may, on behalf of and in the name of Borrower, receive, open and dispose of mail addressed to Borrower; change any address to which mail and payments are to be sent; and endorse notes, checks, drafts, money orders, documents of title, instruments and items pertaining to payment, shipment or storage of any Collateral. To facilitate collections, Lender may notify account debtors and obligors of Borrower to make payments directly to Lender.

H. Obtain Deficiency: If Lender chooses to sell any or all of the Collateral, Lender may obtain a judgment against Borrower for any deficiency remaining on the Obligations due to Lender after application of all amounts received from the exercise of the rights provided in this Agreement. Borrower shall be liable for a deficiency even if the transaction described in this subsection is a sale of accounts or chattel paper.

I.    Other Rights and Remedies: Lender shall have all the rights and remedies of a secured creditor under the provisions of the Uniform Commercial Code, as may be amended from time to time. In addition Lender shall have and may exercise any or all other rights and remedies it may have available at law, in equity or otherwise.

J.    Election of Remedies: Except as may be prohibited by applicable law, all of Lender's rights and remedies, whether evidenced by this Agreement any related documents or by any other writing, shall be cumulative and may be exercised singularly or concurrently. Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Borrower under the Agreement, after Borrower's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

29.    CONSENT TO JURISDICTION AND VENUE. Subject to Section 30 below, Borrower, Lender and each Guarantor (if any) agree that any action or proceeding to enforce or arising out of this Agreement may be enforced in any court of the State of California, or in the United States District Court for the Central District of California, and Borrower and each Guarantor waives personal service of process. Borrower,

Initial _EW_

6

06-15-'17 11:17 FROM-us coatings       +6019819583       T-966  P0009/0016 F-011

# BUSINESS LOAN AND
# SECURITY AGREEMENT

**Merchant Capital Source, LLC**

2120 Main St. Suite 220
Huntington Beach, CA 92648
866-969-7878



MERCHANT CAPITAL SOURCE

Lender and each Guarantor agree that venue is proper in such courts.

**30.    ARBITRATION. LENDER, BORROWER AND EACH GUARANTOR (IF ANY) (EACH A "PARTY") AGREE THAT ANY DISPUTE OR CLAIM IN LAW OR EQUITY ARISING BETWEEN THE PARTIES INCLUDING BUT NOT LIMITED TO DISPUTES ARISING OUT OF THIS AGREEMENT SHALL BE DECIDED THROUGH A NEUTRAL, BINDING ARBITRATION (THE "ARBITRATION") PURSUANT TO THE TERMS AND LIMITATIONS SET FORTH BELOW.**

A.    Application of this Agreement to Arbitrate: This agreement to arbitrate is intended to be broadly interpreted. It includes, but is not limited to: claims arising out of or relating to any aspect of the existing, prospective or past relationship(s) between the Parties, whether based in this Agreement or another contract, tort, statute, fraud, misrepresentation or any legal or equitable theory, and claims that may arise before or after the termination of this Agreement.

B.    Conduct of Arbitration: The Arbitration and any questions of arbitrability shall be governed by and construed in accordance with the laws of the State of California unless there is a conflict between California law and the Federal Arbitration Act ("FAA") in which case the FAA shall control. The Arbitration, unless the Parties mutually agree to a different locale, shall take place in the County of Orange, State of California. The arbitrator shall be a retired judge or justice, unless the Parties mutually agree to a different arbitrator. The Parties shall have the right to discovery in accordance with California Code of Civil Procedure, Section 1283.05. Judgment upon the award of the arbitrator may be entered by any court having jurisdiction. The Parties agree that any Party may bring claims against another Party only in each Party's own individual capacity and not as a plaintiff or class member in any purported class or similar representative proceeding. Further, unless all Parties agree, the arbitrator may not consolidate more than one person's or entity's claims, and may not otherwise preside over any form of a representative class proceeding.

C.    Waiver of Right to Jury Trial and Class Action Participation: Each Party agrees that, by agreeing to these arbitration provisions, said Party is waiving the right to trial by jury or to participate in a class action.

D.    Disclosures: The following disclosures are intended to further ensure that the Parties thoroughly understand the significance of agreeing to arbitrate any controversy, or claim, or issue in any controversy or claim which may arise between the Parties:

1.    ARBITRATION SHALL BE FINAL AND BINDING ON THE PARTIES.

2.    THE PARTIES HERETO ARE WAIVING THEIR RIGHT TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO TRIAL BY JURY AND THE RIGHT TO HAVE THEIR CLAIMS HEARD WITH OTHER SIMILARLY SITUATED PERSONS' CLAIMS IN A CLASS ACTION OR SIMILAR REPRESENTATIVE PROCEEDING.

3.    PREARBITRATION DISCOVERY IS GENERALLY MORE LIMITED THAN COURT PROCEEDINGS.

4.    THE ARBITRATOR'S AWARD IS NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OR LEGAL REASONING.

**31.    NO WAIVER BY LENDER.** No delay or omission on the part of Lender in exercising any rights under this Agreement, any related guaranty or applicable law shall operate as a waiver of such right or any other right. Waiver on any one occasion shall not be construed as a bar to or waiver of any right or remedy on any future occasion. All Lender's rights and remedies, whether evidenced hereby or by any other agreement, instrument or paper, shall be cumulative and may be exercised singularly or concurrently.

**32.    ASSIGNMENT.** This Agreement shall bind and inure to the benefit of the respective successors and assigns of each of the parties hereto; provided, however, that Borrower or any Guarantor may not assign

this Agreement or any rights or duties hereunder without Lender's prior written consent and any prohibited assignment shall be absolutely void. No consent to an assignment by Lender shall release Borrower or any Guarantor from its Obligations. Lender may assign this Agreement and its rights and duties hereunder and no consent or approval by Borrower or any Guarantor is required in connection with any such assignment. Lender reserves the right to sell, assign transfer, negotiate or grant participations in all or any part of, or any interest in Lender's rights and benefits hereunder. In connection with any assignment or participation, Lender may disclose all documents and information that Lender now or hereafter may have relating to Borrower, Borrower's business or any Guarantor. To the extent that Lender assigns its rights and obligations hereunder to another person, Lender thereafter shall be released from such assigned obligations to Borrower and any Guarantor and such assignment shall affect a novation between Borrower, any Guarantor and such other person.

**33.    INTERPRETATION.** Paragraph and section headings used in this Agreement are for convenience only, and shall not affect the construction of this Agreement. Neither this Agreement nor any uncertainty or ambiguity herein shall be construed or resolved against any party to this Agreement, whether under any rule of construction or otherwise. On the contrary, this Agreement has been reviewed by all parties and shall be construed and interpreted according to the ordinary meaning of the words used so as to fairly accomplish the purposes and intentions of all parties hereto.

**34.    SEVERABILITY.** If one or more provisions of this Agreement (or the application thereof) is determined invalid, illegal or unenforceable in any respect in any jurisdiction, the same shall not invalidate or render illegal or unenforceable such provision (or its application) in any other jurisdiction or any other provision of this Agreement (or its application).

**35.    NOTICES.** Except as otherwise provided in this Agreement, notice under this Agreement must be in writing. Notices will be deemed given when deposited in the U.S. mail, postage prepaid, first-class mail; when delivered in person; or when sent by registered mail; by certified mail; or by nationally recognized overnight courier. Notice to Borrower or any Guarantor will be sent to Borrower's or Guarantor's respectively last known address in Lender's records for this Loan. Notice to Lender must be sent to: 2120 Main St. Suite 220, Huntington Beach, CA 92648.

**36.    RECORD KEEPING AND AUDIT REQUIREMENTS.** Lender shall have no obligation to maintain any electronic records or any documents, schedules, invoices or any other paper delivered to Lender by Borrower in connection with this Agreement or any other agreement other than as required by law. Borrower will at all times keep accurate and complete records of Borrower's accounts and Collateral. At Lender's request, Borrower shall deliver to Lender: (i) schedules of accounts and general intangibles; and (ii) such other information regarding the Collateral as Lender shall request. Lender, or any of its agents, shall have the right to call at Borrower's place or places of business at intervals to be determined by Lender, and without hindrance or delay, to inspect, audit, check, and make extracts from any copies of the books, records, journals, orders, receipts or correspondence that relate to Borrower's accounts and Collateral or other transaction between the parties thereto and the general financial condition of Borrower and Lender may remove any of such records temporarily for the purpose of having copies made thereof. If Borrower was referred to Lender for this Loan by a third party (the "Referring Party"), then Borrower consents to Lender sharing certain reasonable information about Borrower with the Referring Party for purposes of the Referring Party verifying and/or auditing loans made through such Referring Party's referrals.

**37.    GOVERNING LAW.** Any claim, dispute or controversy (whether in contract, tort or otherwise) at any time arising from or relating to this Agreement is governed by, and this Agreement will be construed in

Initial _____

7

.06-15-'17 11:18 FROM-us coatings          +6019819583          T-966  P0010/0016 F-011

# BUSINESS LOAN AND SECURITY AGREEMENT

**Merchant Capital Source, LLC**

2120 Main St. Suite 220
Huntington Beach, CA 92648
866-969-7878



MERCHANT CAPITAL SOURCE

accordance with, applicable federal law and (to the extent not preempted by federal law) California law without regard to internal principles of conflict of laws. The legality enforceability and interpretation of this Agreement and the amounts contracted for, charged and reserved under this Agreement will be governed by such laws. Borrower understands and agrees that (i) Lender is located in California, (ii) Lender makes all credit decisions from Lender's office in California, (iii) the Loan is made in California (that is, no binding contract will be formed until Lender receives and accepts Borrower's signed Agreement in California) and (iv) Borrower's payments are not accepted until received by Lender in California.

30.      **WAIVER OF NOTICES AND OTHER TERMS.** Except for any notices provided for in this Agreement, Borrower and any person who has obligations pursuant to this Agreement (e.g., a Guarantor), to the extent not prohibited by applicable law hereby, waives demand, notice of nonpayment, notice of intention to accelerate, notice of acceleration, presentment, protest, notice of dishonor and notice of protest. To the extent permitted by applicable law, Borrower and any person who has obligations pursuant to this Agreement also agree that Lender is not required to file suit, show diligence in collection against Borrower or any person who has obligations pursuant to this Agreement, or proceed against any Collateral; Lender may, but will not be obligated to, substitute, exchange or release any Collateral; Lender may release any Collateral; or fail to realize upon or perfect Lender's security interest in any Collateral; Lender may, but will not be obligated to, sue one or more persons without joining or suing others; and Lender may modify, renew, or extend this Agreement (repeatedly and for any amount of time) without notice to or approval by any person who has obligations pursuant to this Agreement (other than the party with whom the modification, renewal or extension is made).

39.      **MONITORING, RECORDING AND ELECTRONIC COMMUNICATIONS.** Lender has the right, but not the obligation, to monitor and/or record telephone calls with Borrower, its owners, employees or agents and each Guarantor (if any). These calls may be monitored and/or recorded for evaluation by supervisors, training, compliance purposes, collections, quality control and/or for the underwriting process. Any call between Lender or its agents and representatives and Borrower, a representative of Borrower or any Guarantor may be monitored and/or recorded for these purposes. Borrower and each Guarantor each agrees that: (i) it has an established business relationship with Lender and may be contacted from time to time for any lawful reason, including for the collection of amounts owed to Lender and for offering of products or services (each a "Contact, collectively, the "Contacts"). Contacts are not considered unsolicited or inconvenient. Contact may be made: (i) using any cellular or other telephone number (including a ported landline telephone number) that Borrower, its representative or any Guarantor has provided or will provide to Lender; (ii) using any e-mail address Borrower, its representative or any Guarantor has provided or will provide to Lender; (iii) using text messages to any cellular telephone number that Borrower, its representative or any Guarantor has provided or will provide to Lender; or (iv) using an automated dialing and announcing or similar device, unless prohibited by law. The Contact authorizations set forth in this section are binding upon Borrower and each Guarantor. In order to ensure a high quality of service for Lender's customers, Lender may monitor and/or record telephone calls between Borrower and Lender's employees or agents. Borrower acknowledges that Lender may do so and agrees in advance to any/each monitoring or recording of telephone calls.

40.      **JURY TRIAL WAIVER.** To the extent not prohibited by applicable law, Borrower and Lender waive their right to a trial by jury of any claim or cause of action based upon, arising out of or related to the Agreement and all other documentation evidencing the Obligations, in any legal action or proceeding. Subject to Section 30, any such claim or cause of action shall be tried by court sitting without a jury.

41.      **CONFIDENTIALITY.** Neither Borrower nor any Guarantor may make, publish or otherwise disseminate in any manner a copy of this Agreement or any public statement or description of the terms of this Agreement.

42.      **Entire Agreement.** Any application the Borrower signed or otherwise submitted in connection with the Loan, Supplement, the Authorization Agreement for Direct Deposit (ACH Credit) and Direct Payments (ACH Debits), the Guarantor's Authorization Agreement for Direct Payments (ACH Debits) and any other addenda and documents required by Lender now or in the future connection with this Agreement and the Loan are hereby incorporated into and made a part of this Agreement. This Agreement is the entire agreement of the parties with respect to the subject matter hereof and supersedes any prior written or verbal communications or instruments relating thereto

43.      **COUNTERPARTS; FAX SIGNATURES.** This Agreement may be executed in one or more counterparts, each of which counterparts, shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument. For purposes of the execution of this Agreement, fax signatures shall be treated in all respects as original signatures.

44.      **CUSTOMER SERVICE CONTACT INFORMATION.** If Borrower  as questions or comments about the Loan, Borrower may contact Lender by (i) e-mail at gustamerservice@merchantcapitalsource.com, (ii) telephone at (866) 969-7878 or (iii) mail at 2120 Main Street Suite 220, Huntington Beach, CA 92648.

45.      **GRANT OF LICENSE TO USE THE MERCHANT CAPITAL PLAFORM.** Subject to Borrower's compliance with this Agreement and the Terms of Use for the Merchant Capital Platform, Lender grants Borrower a nonexclusive, revocable, nontransferable, non-sublicensable, limited right and royalty-free license to use the Merchant Capital Platform, effective solely during the term of the Loan and so long as an Event of Default has not occurred. The license granted to Borrower is personal, and no rights hereunder may be transferred by Borrower without the express written approval of Lender. Lender may terminate the license granted hereunder without notice at any time after an Event of Default has occurred.

46.      **USE OF PROCEEDS CERTIFICATION.** As referred to in Section 3, by signing below, Borrower certifies, acknowledges and understands that the proceeds from the requested Loan will be used solely for one or more of the following purposes only:



- To purchase insurance (but not self-insurance programs)
- To purchase services or equipment
- To purchase merchandise, inventory or specified goods
- To purchase improvements / construct facilities (but not to purchase real estate)
- To finance specified sales transactions, public works projects or educational services (e.g., training)

Initial _Sw_

8

06-15-'17 11:18 FROM-us coatings          +6019819583          T-966  P0011/0016 F-011

# BUSINESS LOAN AND SECURITY AGREEMENT

**Merchant Capital Source, LLC**

2120 Main St. Suite 220
Huntington Beach, CA 92648
866-969-7878



MERCHANT CAPITAL SOURCE

**47. BORROWER CERTIFICATION AND SIGNATURE.** By signing below or authorizing the person signing below to sign on its behalf, Borrower certifies that Borrower has received a copy of this Agreement and that Borrower has read, understood and agreed to be bound by its terms. The person signing below certifies that the person is signing on behalf of Borrower in the capacity indicated below the signer's name and that such signer is authorized to execute this Agreement on behalf of or the in stated relation to Borrower.

*Earl Washington*
Signature

*President*
Title

*Earl Washington*
Earl Washington

*6/13/2017*
Date

**48. LENDER SIGNATURE.** This Agreement has been received and accepted by Lender in California after being signed by Borrower and any Guarantor(s)

*AL 81*
Signature

*Managing Member*
Title

Alan Slutzky
Print Name

*6.112/17.*
Date

Initial *EW*

9

06-15-'17 11:19 FROM-us coatings            +6019819583            T-966  P0012/0016 F-011

## BUSINESS LOAN AND
## SECURITY AGREEMENT

**Merchant Capital Source, LLC**

2120 Main St. Suite 220
Huntington Beach, CA 92648
866-969-7878



MERCHANT CAPITAL SOURCE

**PERSONAL GUARANTY.** The undersigned (each a "Guarantor"), jointly and severally (if more than one), absolutely and unconditionally guarantee the prompt payment to Lender, including its successors and assignees, of any and all Obligations incurred by Borrower pursuant to the Agreement executed by Borrower in favor of Lender. Each Guarantor further agrees to repay the Obligations on demand without requiring Lender first to enforce payment against Borrower. "Obligations" is used herein in its most comprehensive sense and includes any and all advances, debts, obligations and liabilities of Borrower to Lender, or any of them, heretofore, now or hereafter made, incurred or created, whether voluntary or involuntary, absolute or contingent, liquidated or unliquidated, determined or undetermined, arising under the Agreement. This is a guarantee of payment and not of collection. This is an absolute, unconditional, primary, and continuing obligation and will remain in full force and effect until the first to occur of the following: (i) all of the Obligations have been indefeasibly paid in full, and Lender has terminated this Personal Guaranty or (ii) 30 days after the date on which written notice of revocation is actually received and accepted by Lender. No revocation will affect: (i) the then existing liabilities of the revoking Guarantor under this Personal Guaranty; (ii) Obligations created, contracted, assumed, acquired or incurred prior to the effective date of such revocation; (iii) Obligations created, contracted, assumed, acquired or incurred after the effective date of such revocation pursuant to any agreement entered into or commitment obtained prior to the effective date of such revocation; or (iv) any Obligations then or thereafter arising under the agreements or instruments then in effect and then evidencing the Obligations. Each Guarantor waives all notices to which the Guarantor might otherwise be entitled by law, and also waives all defenses, legal or equitable otherwise available to the Guarantor. This Personal Guaranty shall be construed in accordance with the laws of the State of California, and shall inure to the benefit of Lender, its successors and assigns. To the extent not prohibited by applicable law each of the undersigned Guarantors waives its right to a trial by jury of any claim or cause of action based upon, arising out of or related to this guaranty, the Agreement and all other documentation evidencing the Obligations, in any legal action or proceeding. Any such claim or cause of action shall be subject to the jurisdiction and venue provisions in Section 29 of the Agreement and the agreement to arbitrate set forth in Section 30 of the Agreement. All payments, advances, charges, costs and expenses, including reasonable attorneys' fees, made or incurred by Lender in the enforcement of this Personal Guaranty or in the collection of any of the Obligations, shall be paid by Guarantor immediately upon demand. Lender may debit from the Guarantor Bank Account all amounts that Guarantor owes pursuant to this Personal Guaranty in accordance with Guarantor's Authorization Agreement for Direct Payments (ACH Debits). To the extent that Guarantor owes any amounts to Lender pursuant to this Personal Guaranty, Guarantor hereby irrevocably makes, constitutes, and appoints Lender (and any of officers, employees, or agents designated by Lender) as Guarantor's true and lawful attorney, with power to freeze or obtain full access to the Guarantor Bank Account. Guarantor's bank may rely on this section as written authorization of Guarantor to provide any information requested by Lender regarding the Guarantor Bank Account. Guarantor's bank is hereby irrevocably authorized and directed by Guarantor to follow any instruction of Lender without inquiry as to Lender's right or authority to give such instructions. Guarantor agrees not to interfere with Lender's instructions to Guarantor's bank or the bank's compliance with this Personal Guaranty or request any modification to Lender's instructions without Lender's prior written consent.

Guarantor:

_Erol Washington_
Signature

_Earl Washington_
Earl Washington

_President_
Title

_6/13/2017_
Date

Initial _EW_

10

06-15-'17 11:19 FROM-us coatings          +6019819583          T-966  P0013/0016 F-011

# BUSINESS LOAN AND SECURITY AGREEMENT

**Merchant Capital Source, LLC**

2120 Main St. Suite 220
Huntington Beach, CA 92648
866-969-7878



MERCHANT CAPITAL SOURCE

AUTHORIZATION AGREEMENT FOR DIRECT DEPOSIT (ACH CREDIT) AND DIRECT PAYMENTS (ACH DEBITS)
US Coating

Specialties and

Supplies LLC

Earl Washington

125 West Mayes St.
Jackson, MS

This Authorization Agreement for Direct Deposit (ACH Credit) and Direct Payments (ACH Debits) is part of (and incorporated by reference into) the Business Loan and Security Agreement. Borrower should keep this important legal document for Borrower's records. Lender's Automatic Payment Plan is required for Loan approval.

Disbursement of Loan Proceeds. By signing below, Borrower authorizes Lender to disburse the Loan proceeds less the amount of any applicable fees upon Loan approval by initiating an ACH credit to the checking account designated below (or a substitute checking account Borrower later identifies and is acceptable to Lender) (hereinafter referred to as the "Designated Checking Account") in the Disbursement Amount set forth in the accompanying Supplement. This authorization is to remain in full force and effect until Lender has received written notification from Borrower of its termination in such time and in such manner as to afford Lender and Borrower's depository bank a reasonable opportunity to act on it.

Automatic Payments by ACH Debits: By signing below, Borrower enrolls in Lender's Automatic Payment Plan and authorizes Lender and/or Lender's representative to collect payments required under the terms of Borrower's Business Loan and Security Agreement by initiating ACH debit entries to the Designated Checking Account in the amount and on the dates provided in the Payment Schedule set forth in the accompanying Supplement. Borrower authorizes Lender to start initiating ACH debits on the first business day after Lender disburses the Disbursement Amount to Borrower and continue initiating ACH debits each Business Day thereafter. "Business Day" means any Monday through Friday, except Federal Reserve holidays. Borrower authorizes Lender to increase the amount of any scheduled ACH debit entry or assess multiple ACH debits for the amount of any previously scheduled payment(s) that was not paid as provided in the Payment Schedule and any unpaid fees and charges. Furthermore Borrower authorizes Lender to collect via ACH any payments that are required pursuant to Section 28 or other provisions in the Agreement. This authorization is to remain in full force and effect until Lender has received written notification from Borrower of its termination in such time and in such manner as to afford Lender and Borrower's depository bank a reasonable opportunity to act on it. Lender may suspend or terminate Borrower's enrollment in the Automatic Payment Plan immediately if Borrower fails to keep Borrower's Designated Checking Account in good standing or if there are insufficient funds in Borrower's Designated Checking Account to process any payment. If Borrower revokes the authorization or Lender suspends or terminates Borrower's enrollment in the Automatic Payment Plan, Borrower still will be responsible for making timely payments pursuant to the alternative payment methods described in the Business Loan and Security Agreement.

Business Purpose Account: By signing below, Borrower attests that the Designated Checking Account was established for business purposes and not primarily for personal, family or household purposes.

Account Changes: Borrower agrees to notify Lender promptly if there are changes to the account and routing numbers of the Designated Checking Account.

Miscellaneous: Lender is not responsible for any fees charged by Borrower's bank as the result of credits or debits initiated under this agreement. The origination of ACH transactions to Borrower's Designated Checking Account must comply with the provisions of U.S. Law and the NACHA Operating Rules.

| Bank Name: | BancorpSouth | |
| Branch Address: | 525 E. Capitol Street | |
| City: | Jackson | |
| State: | MS | |
| Routing Number: | ▇▇▇▇▇▇ | |
| Account Number: | ▇▇▇▇▇▇ | |

Initial 

11

.06-15-'17 11:20 FROM-us coatings          +6019819583          T-966  P0014/0016 F-011

# BUSINESS LOAN AND SECURITY AGREEMENT

**Merchant Capital Source, LLC**

2120 Main St. Suite 220
Huntington Beach, CA 92648
866-969-7878



MERCHANT CAPITAL SOURCE

_Earl Washington_                    _President_                    6/13/2017
**Borrower Signature**               **Title**                     **Date**

### PLEASE ATTACH VOIDED CHECK

**GUARANTOR'S AUTHORIZATION AGREEMENT FOR DIRECT PAYMENTS (ACH DEBITS)**
US Coating

Specialties and

Supplies LLC

Earl

Washington

125 West Mayes St
Jackson, MS

This Guarantor's Authorization Agreement for Direct Payments (ACH Debits) is part of (and incorporated by reference into) the Business Loan and Security Agreement. Guarantor should keep this important legal document for Guarantor's records.

**Automatic Payments by ACH Debits:** By signing below, Guarantor authorizes Lender and/or Lender's representative at Lender's and/or Lender's representative's sole discretion to collect any amounts that Guarantor may owe Lender pursuant to the Personal Guaranty by immediately initiating one or more ACH debit entries to the demand deposit account identified in this Guarantor's Authorization Agreement for Direct Payments (ACH Debits) ("Guarantor Bank Account"). This authorization is to remain in full force and effect until Lender has received written notification from Guarantor of Guarantor's termination in such time and in such manner as to afford Lender and Guarantor's depository bank a reasonable opportunity to act on it.

**Account Changes:** Guarantor agrees to notify Lender promptly if there are changes to the account and routing numbers of the Guarantor Bank Account.

**Miscellaneous:** Lender is not responsible for any fees charged by Guarantor's bank as the result of debits initiated under this agreement. The origination of ACH transactions to the Guarantor Bank Account must comply with the provisions of U.S. Law and the NACHA Operating Rules.

| | |
|---|---|
| Bank Name:  BancorpSouth | |
| Branch Address: 525 E. Capitol Street | |
| City: Jackson | |
| State: MS. | |
| Routing Number: ▬▬▬ | |
| Account Number: ▬▬ | |

_Earl Washington_
Initial _EW_

12

06-15-'17 11:21 FROM-us coatings          +6019819583          T-966  P0016/0016 F-011

# BUSINESS LOAN AND SECURITY AGREEMENT

**Merchant Capital Source, LLC**

2120 Main St. Suite 220
Huntington Beach, CA 92648
866-969-7878



MERCHANT CAPITAL SOURCE

Guarantor Signature

*Earl Washington*

Date: 6/13/2017

### PLEASE ATTACH VOIDED CHECK
### ADDENDUM TO BUSINESS LOAN AND SECURITY AGREEMENT

The following addendum ("Addendum") modifies the Business Loan and Security Agreement ("Agreement") between Merchant Capital Source, LLC ("Lender") and US Coating Specialties and Supplies LLC dba US Coating Specialties and Supplies  ("Borrower"). All capitalized terms not defined in this Addendum will have the meanings set forth in the Agreement.  Except as expressly modified below, the Agreement will continue in full force and effect.

The following Section 49 is added to the Agreement:

49.    **SETTLEMENT AND SIMILAR SERVICES.** Borrower agrees not to enter into any agreement with a third party that (i) offers to settle, restructure, manage, reduce, negotiate or mitigate Borrower's obligations under the Agreement or (ii) encourages Merchant to breach the terms of the Agreement (hereinafter a "Settlement Company"). Borrower agrees to notify Lender within 24 hours of Borrower's receipt of any solicitation from any Settlement Company offering such services.  Borrower shall include with the notice to Lender the name and contact information of the Settlement Company and a copy of any written solicitation materials provided by the Settlement Company to Borrower. **If Borrower enters into an agreement with a Settlement Company or otherwise violates this section of the Agreement, Borrower agrees to pay Lender a Settlement Company Charge as liquidated damages that are 10% of the outstanding balance of the Loan, but not less than $1,000 nor greater than $5,000.** Borrower acknowledges and agrees that (i) Borrower entering into an agreement or otherwise violating this section of the Agreement may result in Lender incurring damages in terms of additional expense in servicing the Loan and loss to Lender of the use of the money due and (ii) the Settlement Company Charge set forth in this section is a reasonable estimate of Lender's damages for Borrower's violation of this section of the Agreement.

**IN WITNESS WHEREOF,** Lender and Borrower have caused this Addendum to be executed by their respective duly authorized representatives as of the date shown below.

| Lender | Borrower |
|---|---|
| Signature: | Signature: *Earl Washington* |
| Print Name: **Alan Slutzky** Managing Member | Print Name: Earl Washington |
| Print Title: | Print Title: PRESIDENT |
| Date: 6/17/17 | Date: 6/13/2017 |

Initial *Earl*

13

## *2017-00962537, MERCHANT CAPITAL SOURCE, LLC. VS. US COATING SPECIALTIES AND SUPPLIES LLC*

CA Superior - Orange

Orange County

**This case was retrieved on 12/11/2019**

## Header

**Case Number:** *2017-00962537*
**Date Filed:** 12/20/2017
**Date Full Case Retrieved:** 12/11/2019
**Status:** Unknown
**Misc:** (12) OTHER COLLECTIONS; CIVIL - UNLIMITED

## Summary

**Uniform Case Number:** 30-2017-00962537-CU-CL-CJC

## Participants

| Litigants | Attorneys |
|---|---|
| MERCHANT CAPITAL SOURCE, LLC. **PLAINTIFF** | |
| EARL WASHINGTON **DEFENDANT** | |
| US COATING SPECIALTIES AND SUPPLIES LL **DEFENDANT** | |

## Additional Attorneys

| Attorney Name | Start Date | End Date |
|---|---|---|
| COLLECTION AT LAW, INC. A PROFESSIONAL | 2017-12-20 | |

## Proceedings

| Date | # | Proceeding Text | Details |
|---|---|---|---|
| 02/25/2019 | 23 | WRIT OF EXECUTION RETURNED - UNSATISFIED FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 02/25/2019 | |
| 05/17/2018 | 22 | PAYMENT RECEIVED BY ONELEGAL FOR 141 - WRIT IN THE AMOUNT OF 25.00, TRANSACTION NUMBER 12351486 AND RECEIPT NUMBER 12175203. | |
| 05/15/2018 | 21 | WRIT (ISSUED 5/17/18) RECEIVED ON 05/15/2018. | |
| 05/17/2018 | 20 | E-FILING TRANSACTION 1499723 RECEIVED ON 05/15/2018 04:30:00 PM. | |

**EXHIBIT "2"**

Case 3:25-cv-00290-CWR-ASH    Document 1-1    Filed 04/24/25    Page 24 of 78
Case: 25CO1:25-cv-00906    Document #: 2    Filed: 03/25/2025    Page 22 of 66
Page 2 of 3

2017-00962537, MERCHANT CAPITAL SOURCE, LLC. VS. US COATING SPECIALTIES AND SUPPLIES LLC

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| 03/13/2018 | 18 | CASE DISPOSED WITH DISPOSITION OF DEFAULT JUDGMENT BY CLERK | |
| 03/13/2018 | 17 | COMPLAINT DISPOSED WITH DISPOSITION OF DEFAULT JUDGMENT BY CLERK. | |
| 03/13/2018 | 16 | THE COURT ENTERS JUDGMENT AS TO COMPLAINT. | |
| 03/08/2018 | 15 | REQUEST FOR DISMISSAL OF DOES FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 03/08/2018 | |
| 03/08/2018 | 14 | JUDGMENT (FILED & ENTERED ON 03/13/18) RECEIVED ON 03/08/2018. | |
| 03/08/2018 | 13 | DECLARATION IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 03/08/2018 | |
| 03/08/2018 | 12 | REQUEST FOR CLERK'S DEFAULT JUDGMENT FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 03/08/2018 | |
| 03/13/2018 | 11 | E-FILING TRANSACTION 2648182 RECEIVED ON 03/08/2018 01:16:24 PM. | |
| 02/20/2018 | 10 | PROOF OF SERVICE OF SUMMONS FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 02/20/2018 | |
| 02/20/2018 | 9 | PROOF OF SERVICE OF SUMMONS FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 02/20/2018 | |
| 02/20/2018 | 8 | E-FILING TRANSACTION 1470434 RECEIVED ON 02/20/2018 10:13:48 AM. | |
| 01/12/2018 | 7 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 04/09/2018 AT 08:30:00 AM IN C23 AT CENTRAL JUSTICE CENTER. | |
| 12/20/2017 | 6 | CASE ASSIGNED TO JUDICIAL OFFICER HUNT, DEREK ON 12/20/2017. | |
| 12/20/2017 | 5 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER IN THE AMOUNT OF 435.00, TRANSACTION NUMBER 12271168 AND RECEIPT NUMBER 12094897. | |
| 12/20/2017 | 4 | SUMMONS ISSUED AND FILED FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 12/20/2017 | |
| 12/20/2017 | 3 | CIVIL CASE COVER SHEET FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 12/20/2017 | |
| 12/20/2017 | 2 | COMPLAINT FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 12/20/2017 | |

2017-00962537, MERCHANT CAPITAL SOURCE, LLC. VS. US COATING SPECIALTIES AND SUPPLIES LLC

| Date | # | Proceeding Text | Details |
|------|---|----------------|---------|
| 12/20/2017 | 1 | E-FILING TRANSACTION 2623367 RECEIVED ON 12/20/2017 11:47:45 AM. | |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

End of Document

EJ-150

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>After recording, return to:<br>Angela A. Velen, SBN 217292<br>Collection at Law<br>3835 E. Thousand Oaks Blvd., Suite R349<br>Westlake Village, CA 91362<br>TEL. NO.: 818-716-7630　　　　Fax No. *(optional):* 818-716-7775<br>EMAIL ADDRESS *(optional):*<br>☒ ATTORNEY FOR　☒ ORIGINAL JUDGEMENT CREDITOR　☐ ASSIGNEE OF RECORD | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Orange**<br>STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST<br>MAILING ADDRESS: SAME<br>CITY AND ZIP CODE: SANTA ANA, CA  92701<br>BRANCH NAME: SANTA ANA COURTHOUSE | *FOR RECORDER'S USE ONLY* |

| | |
|---|---|
| PLAINTIFF/PETITIONER: MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company<br>DEFENDANT/RESPONDENT: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER *(name and address):*<br><br>ORANGE COUNTY SHERIFF<br><br>909 N. MAIN STREET  #2<br>SANTA ANA, CA 92701 |
| **NOTICE OF LEVY**<br><br>under Writ of  ☒ **Execution (Money Judgement)**<br><br>☐ **Sale** | LEVYING OFFICER FILE NO.: |
| | COURT CASE NO.:<br>30-2017-00962537-CU-CL-CJC |

**TO THE PERSON NOTIFIED** *(name):* JP Morgan Chase , 225 N Tustin St, Orange, CA 92867

1. The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:
   a. Judgment debtor *(name):* US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES, TAX ID/SSN: 64-0889471
   b. The property to be levied upon is described:
   > ☐ in the accompanying writ of possession or writ of sale.
   > ☒ as follows: **US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES; LEVY ALL ACCOUNTS, INCLUDING BUT NOT LIMITED TO ACCOUNT 786271756; 613075939, AS WELL AS, ALL CHECKING, SAVINGS, SAFE DEPOSIT BOX, MONEY MARKET ACCOUNTS**

2. The judgement is for *(check one):*
   ☐ wages owed.　　☐ child/spousal support.　　☒ other.

3. The amount necessary to satisfy the judgment creditor's judgment writ is:
   | | | |
   |---|---|---|
   | a. Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130) | $ | **63,477.94** |
   | b. Levy fee | $ | 50.00 |
   | c. Sheriff's disbursement fee | $ | 15.00 |
   | d. Recoverable costs | $ | 0.00 |
   | e. Total *(a through d)* | $ | 63,542.94 |
   | f. Daily interest from line 19a of writ (form EJ-130) | $ | 10.83 |

4. You are notified as
   a. ☐ a judgment debtor.
   b. ☒ a person other than the judgment debtor *(state capacity in which person is notified):*
   A BANKING INSTITUTION HOLDING FUNDS IN THE JUDGMENT DEBTORS NAME

   *(Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on page two.)*

Notice of Levy was
☒ mailed on *(date):*
☐ delivered on *(date):*

☐ posted on *(date):*
☐ filed on *(date):*
☐ recorded on *(date):*

Date:

_____
(TYPE OR PRINT NAME)

►_____
(SIGNATURE)
☐ Levying officer　☒ Registered process server

Page 1 of 2

**NOTICE OF LEVY**
(Enforcement of Judgment)

Code of Civil Procedure, § 699.540

**EXHIBIT "3"**

EJ-150

| SHORT TITLE:<br>MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company V. US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>30-2017-00962537-CU-CL-CJC |
|---|---|---|

## – INFORMATION FOR JUDGMENT DEBTOR –

1. The levying officer is required to take custody of the property described in item 1 in your possession or under your control.

2. There are automatic exemptions that financial institutions should apply to a deposit account before providing funds to the levying officer. See below for more information.

3. You may claim any available exemption for your property. A list of exemptions can be found on form EJ-155. **If you wish to claim an exemption for personal property, you must do so within 15 days after this notice was delivered to you or 20 days after this notice was mailed to you** by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. The date of filing is calculated as the date the claim is received by the levying officer, or the date of the postmark if the claim is mailed and assigned a tracking number by the U.S. Postal Service or another common carrier. **If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**

4. You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.

5. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.

6. If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.

7. All sales at an execution sale are final; there is no right of redemption.

## – INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR –

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.

2. If you are a financial institution, you are required to apply applicable exemptions to deposit accounts. See below.

3. You must complete the accompanying Memorandum of Garnishee within 10 days.

4. If you claim ownership or the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property under sections 720.010–720.800 of the Code of Civil Procedure.

5. **Make checks payable to the levying officer shown on page 1.**

## – INFORMATION ABOUT DEPOSIT ACCOUNTS –

1. If the levy is not to satisfy a judgment for wages owed, child or spousal support, or liability to the state government, financial institutions must automatically exempt money in a deposit account up to a certain dollar amount, under section 704.220 of the Code of Civil Procedure, with no claim of exemption required. See form EJ-156 for the exemption amount.

2. Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits under section 704.080. (See form EJ-156 for the exemption amounts.) Generally, the financial institution should apply the larger set of exemptions that apply to an account. See section 704.220(b).

3. If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may file an application in the superior court identified on the front of this form for an order as to which account the exemption should apply. (See section 704.220(e).) To get such an order, file an Ex Parte Application for Order on Deposit Account Exemption (form EJ-157) as soon as possible. (See EJ-157-INFO for instructions.) If the judgment debtor has more than one account in a financial institution, that institution may decide how and to which account to apply the exemption, unless it is served with a court order directing how to apply the exemption.

EJ-150 [Rev. September 1, 2020]
**NOTICE OF LEVY**
(Enforcement of Judgment)

EJ-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | |
|---|---|
| After recording, return to: | |
| Angela A. Velen, SBN 217292 | |
| Collection at Law | |
| 3835 E. Thousand Oaks Blvd., Suite R349 | |
| Westlake Village, CA 91362 | |
| TEL NO.: 818-716-7630          Fax No. *(optional)*: 818-716-7775 | |
| EMAIL ADDRESS *(optional)*: | |
| ☒ ATTORNEY FOR     ☒ ORIGINAL JUDGEMENT CREDITOR     ☐ ASSIGNEE OF RECORD | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange**
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: SANTA ANA COURTHOUSE

| | FOR RECORDER'S USE ONLY |
|---|---|

PLAINTIFF/PETITIONER: MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company
DEFENDANT/RESPONDENT: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES

| | LEVYING OFFICER *(name and address)*: |
|---|---|
| **NOTICE OF LEVY** | ORANGE COUNTY SHERIFF |
| under Writ of    ☒ Execution (Money Judgement) | 909 N. MAIN STREET #2 |
| | SANTA ANA, CA 92701 |
| ☐ Sale | LEVYING OFFICER FILE NO.: |
| | COURT CASE NO.: 30-2017-00962537-CU-CL-CJC |

**TO THE PERSON NOTIFIED** *(name)*: JP Morgan Chase , 225 N Tustin St, Orange, CA 92867

1.  The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:
    a. Judgment debtor *(name)*; US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES, TAX ID/SSN: 64-0889471
    b. The property to be levied upon is described:
    ☐ in the accompanying writ of possession or writ of sale.
    ☒ as follows: **US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES; LEVY ALL ACCOUNTS, INCLUDING BUT NOT LIMITED TO ACCOUNT 786271756; 613075939, AS WELL AS, ALL CHECKING, SAVINGS, SAFE DEPOSIT BOX, MONEY MARKET ACCOUNTS**

2.  The judgement is for *(check one)*:
    ☐ wages owed.     ☐ child/spousal support.     ☒ other.

3.  The amount necessary to satisfy the judgment creditor's judgment writ is:
    a. Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130).................. $    63,477.94
    b. Levy fee.................................................................................................................. $         50.00
    c. Sheriff's disbursement fee........................................................................................ $         15.00
    d. Recoverable costs..................................................................................................... $          0.00
    e. Total *(a through d)*................................................................................................... $    63,542.94
    f. Daily interest from line 19a of writ (form EJ-130).......................................................... $         10.83

4.  You are notified as
    a. ☐ a judgment debtor.
    b. ☒ a person other than the judgment debtor *(state capacity in which person is notified)*:
       A BANKING INSTITUTION HOLDING FUNDS IN THE JUDGMENT DEBTORS NAME

---

*(Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on page two.)*

Notice of Levy was
☒ mailed on *(date)*:
☐ delivered on *(date)*:
☐ posted on *(date)*:
☐ filed on *(date)*:
☐ recorded on *(date)*:

Date:

_____
*(TYPE OR PRINT NAME)*

▶ _____
*(SIGNATURE)*
☐ Levying officer     ☒ Registered process server

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
EJ-150 [Rev. September 1, 2020]

**NOTICE OF LEVY**
**(Enforcement of Judgment)**

Code of Civil Procedure, § 699.540

EJ-150

| SHORT TITLE:<br>MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company V. US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>30-2017-00962537-CU-CL-CJC |
|---|---|---|

## – INFORMATION FOR JUDGMENT DEBTOR –

1.  The levying officer is required to take custody of the property described in item 1 in your possession or under your control.

2.  There are automatic exemptions that financial institutions should apply to a deposit account before providing funds to the levying officer. See below for more information.

3.  You may claim any available exemption for your property. A list of exemptions can be found on form EJ-155. **If you wish to claim an exemption for personal property, you must do so within 15 days after this notice was delivered to you or 20 days after this notice was mailed to you** by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. The date of filing is calculated as the date the claim is received by the levying officer, or the date of the postmark if the claim is mailed and assigned a tracking number by the U.S. Postal Service or another common carrier. **If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**

4.  You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.

5.  You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.

6.  If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.

7.  All sales at an execution sale are final; there is no right of redemption.

## – INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR –

1.  If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.

2.  If you are a financial institution, you are required to apply applicable exemptions to deposit accounts. See below.

3.  You must complete the accompanying Memorandum of Garnishee within 10 days.

4.  If you claim ownership or the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property under sections 720.010–720.800 of the Code of Civil Procedure.

5.  **Make checks payable to the levying officer shown on page 1.**

## – INFORMATION ABOUT DEPOSIT ACCOUNTS –

1.  If the levy is not to satisfy a judgment for wages owed, child or spousal support, or liability to the state government, financial institutions must automatically exempt money in a deposit account up to a certain dollar amount, under section 704.220 of the Code of Civil Procedure, with no claim of exemption required. See form EJ-156 for the exemption amount.

2.  Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits under section 704.080. (See form EJ-156 for the exemption amounts.) Generally, the financial institution should apply the larger set of exemptions that apply to an account. See section 704.220(b).

3.  If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may file an application in the superior court identified on the front of this form for an order as to which account the exemption should apply. (See section 704.220(e).) To get such an order, file an Ex Parte Application for Order on Deposit Account Exemption (form EJ-157) as soon as possible. (See EJ-157-INFO for instructions.) If the judgment debtor has more than one account in a financial institution, that institution may decide how and to which account to apply the exemption, unless it is served with a court order directing how to apply the exemption.

EJ-150 [Rev. September 1, 2020]

**NOTICE OF LEVY**
(Enforcement of Judgment)

EJ-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | FOR RECORDER'S USE ONLY |
|---|---|
| After recording, return to:<br>Angela A. Velen, SBN 217292<br>Collection at Law<br>3835 E. Thousand Oaks Blvd., Suite R349<br>Westlake Village, CA 91362<br>TEL NO.: 818-716-7630        Fax No. (optional): 818-716-7775<br>EMAIL ADDRESS (optional):<br>☒ ATTORNEY FOR    ☒ ORIGINAL JUDGEMENT CREDITOR    ☐ ASSIGNEE OF RECORD | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Orange**
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: SANTA ANA COURTHOUSE

| PLAINTIFF/PETITIONER: MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company<br>DEFENDANT/RESPONDENT: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER (name and address):<br><br>ORANGE COUNTY SHERIFF<br><br>909 N. MAIN STREET  #2<br>SANTA ANA, CA 92701 |
|---|---|
| **NOTICE OF LEVY**<br>under Writ of  ☒ Execution (Money Judgement)<br>                    ☐ Sale | LEVYING OFFICER FILE NO.:<br><br>COURT CASE NO.:<br>30-2017-00962537-CU-CL-CJC |

**TO THE PERSON NOTIFIED** (name): JP Morgan Chase , 225 N Tustin St, Orange, CA 92867

1. The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:
   a. Judgment debtor (name): US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES, TAX ID/SSN: 64-0889471
   b. The property to be levied upon is described:
       ☐ in the accompanying writ of possession or writ of sale.
       ☒ as follows: **US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES; LEVY ALL ACCOUNTS, INCLUDING BUT NOT LIMITED TO ACCOUNT 786271756; 613075939, AS WELL AS, ALL CHECKING, SAVINGS, SAFE DEPOSIT BOX, MONEY MARKET ACCOUNTS**

2. The judgement is for (check one):
   ☐ wages owed.        ☐ child/spousal support.        ☒ other.

3. The amount necessary to satisfy the judgment creditor's judgment writ is:
   | | | |
   |---|---|---|
   | a. Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130)..................... | $ | 63,477.94 |
   | b. Levy fee................................................................................................................ | $ | 50.00 |
   | c. Sheriff's disbursement fee........................................................................................ | $ | 15.00 |
   | d. Recoverable costs.................................................................................................... | $ | 0.00 |
   | e. Total (a through d)................................................................................................... | $ | 63,542.94 |
   | f. Daily interest from line 19a of writ (form EJ-130)........................................................ | $ | 10.83 |

4. You are notified as
   a. ☐ a judgment debtor.
   b. ☒ a person other than the judgment debtor (state capacity in which person is notified):
       A BANKING INSTITUTION HOLDING FUNDS IN THE JUDGMENT DEBTORS NAME

*(Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on page two.)*

Notice of Levy was
☒ mailed on (date):
☐ delivered on (date):

☐ posted on (date):
☐ filed on (date):
☐ recorded on (date):

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE)
☐ Levying officer    ☒ Registered process server

Page 1 of 2

**NOTICE OF LEVY**
(Enforcement of Judgment)

Code of Civil Procedure, § 699.540

EJ-150

| SHORT TITLE:<br>MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company V. US<br>COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company<br>dba US COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>30-2017-00962537-CU-<br>CL-CJC |
|---|---|---|

## – INFORMATION FOR JUDGMENT DEBTOR –

1. The levying officer is required to take custody of the property described in item 1 in your possession or under your control.

2. There are automatic exemptions that financial institutions should apply to a deposit account before providing funds to the levying officer. See below for more information.

3. You may claim any available exemption for your property. A list of exemptions can be found on form EJ-155. **If you wish to claim an exemption for personal property, you must do so within 15 days after this notice was delivered to you or 20 days after this notice was mailed to you** by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. The date of filing is calculated as the date the claim is received by the levying officer, or the date of the postmark if the claim is mailed and assigned a tracking number by the U.S. Postal Service or another common carrier. **If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**

4. You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.

5. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.

6. If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.

7. All sales at an execution sale are final; there is no right of redemption.

## – INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR –

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.

2. If you are a financial institution, you are required to apply applicable exemptions to deposit accounts. See below.

3. You must complete the accompanying Memorandum of Garnishee within 10 days.

4. If you claim ownership or the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property under sections 720.010–720.800 of the Code of Civil Procedure.

5. **Make checks payable to the levying officer shown on page 1.**

## – INFORMATION ABOUT DEPOSIT ACCOUNTS –

1. If the levy is not to satisfy a judgment for wages owed, child or spousal support, or liability to the state government, financial institutions must automatically exempt money in a deposit account up to a certain dollar amount, under section 704.220 of the Code of Civil Procedure, with no claim of exemption required. See form EJ-156 for the exemption amount.

2. Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits under section 704.080. (See form EJ-156 for the exemption amounts.) Generally, the financial institution should apply the larger set of exemptions that apply to an account. See section 704.220(b).

3. If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may file an application in the superior court identified on the front of this form for an order as to which account the exemption should apply. (See section 704.220(e).) To get such an order, file an Ex Parte Application for Order on Deposit Account Exemption (form EJ-157) as soon as possible. (See EJ-157-INFO for instructions.) If the judgment debtor has more than one account in a financial institution, that institution may decide how and to which account to apply the exemption, unless it is served with a court order directing how to apply the exemption.

EJ-150 [Rev. September 1, 2020]

**NOTICE OF LEVY**
(Enforcement of Judgment)

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and Address):*<br>Angela A. Velen, S.B.N. 217292<br>Collection at Law<br>3835 E. Thousand Oaks Blvd., Suite R349<br>Westlake Village, CA 91362<br>TELEPHONE NO.: 818-716-7630    FAX NO.: 818-716-7775<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):* MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company | **LEVYING OFFICER** *(Name and Address):*<br>ORANGE COUNTY SHERIFF<br>909 N. MAIN STREET #2<br>SANTA ANA, CA 92701 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: SANTA ANA COURTHOUSE

| | |
|---|---|
| PLAINTIFF/PETITIONER: MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company<br><br>DEFENDANT/RESPONDENT: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES | **LEVYING OFFICER FILE NO.:** |

| | |
|---|---|
| **MEMORANDUM OF GARNISHEE**<br>(Attachment —Enforcement of Judgment) | **COURT CASE NO.:**<br>30-2017-00962537-CU-CL-CJC |

| | |
|---|---|
| **NOTICE TO PERSON SERVED WITH WRIT AND NOTICE OF LEVY OR NOTICE OF ATTACHMENT: This memorandum must be completed and mailed or delivered to the levying officer within 10 days after service on you of the writ and notice of levy or attachment unless you have fully complied with the levy. Failure to complete and return this memorandum may render you liable for the costs and attorney fees incurred in obtaining the required information.**<br>**– RETURN ALL COPIES OF THIS MEMORANDUM TO THE LEVYING OFFICER –** | **This memorandum does *not* apply to garnishment of earnings.** |

1.  a.  Garnishee *(name)*: JP Morgan Chase
    b.  Address: 225 N Tustin St, Orange, CA 92867

2.  Judgement Debtor (name): US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES

3.  ☐  *(Check if applicable.)* The garnishee holds neither any property nor any obligation in favor of the judgement debtor.

4.  If you will not deliver to the levying officer any property levied upon, describe the property and the reason for not delivering it:

5.  **For writ of execution only** Describe any property of the judgment debtor not levied upon that is in your possession or under your control:

*(Continued on reverse)*

AT-167/EJ-152

| SHORT TITLE:<br>MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company V. US<br>COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability<br>Company dba US COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>30-2017-00962537-CU-<br>CL-CJC |
| --- | --- | --- |

6.  If you owe money to the judgment debtor which you will not pay to the levying officer, describe the amount and terms of the obligation and the reason for not paying it to the levying officer:

7.  Describe the amount and terms of any obligation owed to the judgment debtor that is levied upon but is not yet due and payable:

8.  **For writ of execution only** Describe the amount and terms of any obligation owed to the judgment debtor that is not levied upon:

9.  Describe any claims and rights of other persons to the property or obligation levied upon that are known to you and the names and addresses of the other persons:

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____                    _____
        (TYPE OR PRINT NAME)                                (SIGNATURE)

| If you need more space to provide the information required by this memorandum, you may attach additional pages. |
| --- |
| ☐ Total number of pages attached: |

AT-167/EJ-152

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and Address): | LEVYING OFFICER (Name and Address): |
|---|---|
| Angela A. Velen, S.B.N. 217292<br>Collection at Law<br>3835 E. Thousand Oaks Blvd., Suite R349<br>Westlake Village, CA 91362<br>TELEPHONE NO.: 818-716-7630    FAX NO.: 818-716-7775<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):    MERCHANT CAPITAL SOURCE, LLC., a California Limited<br>Liability Company | ORANGE COUNTY SHERIFF<br>909 N. MAIN STREET #2<br>SANTA ANA, CA 92701 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange

| | |
|---|---|
| STREET ADDRESS:    700 CIVIC CENTER DRIVE WEST<br>MAILING ADDRESS:    SAME<br>CITY AND ZIP CODE:    SANTA ANA, CA 92701<br>BRANCH NAME:    SANTA ANA COURTHOUSE | |

| | LEVYING OFFICER FILE NO.: |
|---|---|
| PLAINTIFF/PETITIONER: MERCHANT CAPITAL SOURCE, LLC., a California<br>Limited Liability Company<br><br>US COATING SPECIALTIES AND SUPPLIES LLC., a<br>DEFENDANT/RESPONDENT: Mississippi Limited Liability Company dba US<br>COATING SPECIALTIES AND SUPPLIES | |

| MEMORANDUM OF GARNISHEE<br>(Attachment —Enforcement of Judgment) | COURT CASE NO.:<br>30-2017-00962537-CU-CL-CJC |
|---|---|

| NOTICE TO PERSON SERVED WITH WRIT AND NOTICE OF LEVY OR NOTICE OF ATTACHMENT: This memorandum must be completed and mailed or delivered to the levying officer within 10 days after service on you of the writ and notice of levy or attachment unless you have fully complied with the levy. Failure to complete and return this memorandum may render you liable for the costs and attorney fees incurred in obtaining the required information.<br>– RETURN ALL COPIES OF THIS MEMORANDUM TO THE LEVYING OFFICER – | **This memorandum does *not* apply to garnishment of earnings.** |
|---|---|

1.  a.   Garnishee *(name)*: JP Morgan Chase
    b.   Address: 225 N Tustin St, Orange, CA 92867

2.  Judgement Debtor (name): US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES

3.  ☐ *(Check if applicable.)* The garnishee holds neither any property nor any obligation in favor of the judgement debtor.

4.  If you will not deliver to the levying officer any property levied upon, describe the property and the reason for not delivering it:

5.  **For writ of execution only** Describe any property of the judgment debtor not levied upon that is in your possession or under your control:

*(Continued on reverse)*

AT-167/EJ-152

| SHORT TITLE:<br>MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company V. US<br>COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability<br>Company dba US COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>30-2017-00962537-CU-<br>CL-CJC |
|---|---|---|

6.   If you owe money to the judgment debtor which you will not pay to the levying officer, describe the amount and terms of the obligation and the reason for not paying it to the levying officer:

7.   Describe the amount and terms of any obligation owed to the judgment debtor that is levied upon but is not yet due and payable:

8.   **For writ of execution only** Describe the amount and terms of any obligation owed to the judgment debtor that is not levied upon:

9.   Describe any claims and rights of other persons to the property or obligation levied upon that are known to you and the names and addresses of the other persons:

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        ▶    _____
        *(TYPE OR PRINT NAME)*                                    *(SIGNATURE)*

| If you need more space to provide the information required by this memorandum, you may attach additional pages. |
|---|
| ☐ Total number of pages attached: |

AT-167/EJ-152

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and Address):<br>Angela A. Velen, S.B.N. 217292<br>Collection at Law<br>3835 E. Thousand Oaks Blvd., Suite R349<br>Westlake Village, CA 91362<br>  TELEPHONE NO.: 818-716-7630     FAX NO.: 818-716-7775<br>  E-MAIL ADDRESS:<br>  ATTORNEY FOR (Name): MERCHANT CAPITAL SOURCE, LLC., a California Limited<br>  Liability Company | LEVYING OFFICER (Name and Address):<br>ORANGE COUNTY SHERIFF<br>909 N. MAIN STREET #2<br>SANTA ANA, CA 92701 |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange<br>  STREET ADDRESS:  700 CIVIC CENTER DRIVE WEST<br>  MAILING ADDRESS:  SAME<br>  CITY AND ZIP CODE:  SANTA ANA, CA 92701<br>  BRANCH NAME:  SANTA ANA COURTHOUSE | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: MERCHANT CAPITAL SOURCE, LLC., a California<br>Limited Liability Company<br><br>DEFENDANT/RESPONDENT: US COATING SPECIALTIES AND SUPPLIES LLC., a<br>Mississippi Limited Liability Company dba US<br>COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER FILE NO.: |

| | |
|---|---|
| **MEMORANDUM OF GARNISHEE**<br>(Attachment —Enforcement of Judgment) | COURT CASE NO.:<br>30-2017-00962537-CU-CL-CJC |

| | |
|---|---|
| NOTICE TO PERSON SERVED WITH WRIT AND NOTICE OF LEVY OR NOTICE OF<br>ATTACHMENT: This memorandum must be completed and mailed or delivered to the<br>levying officer within 10 days after service on you of the writ and notice of levy or<br>attachment unless you have fully complied with the levy. Failure to complete and<br>return this memorandum may render you liable for the costs and attorney fees<br>incurred in obtaining the required information.<br>– RETURN ALL COPIES OF THIS MEMORANDUM TO THE LEVYING OFFICER – | This memorandum does *not*<br>apply to garnishment of<br>earnings. |

1. a. Garnishee *(name)*: JP Morgan Chase
   b. Address: 225 N Tustin St, Orange, CA 92867

2. Judgement Debtor (name): US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES

3. ☐ *(Check if applicable.)* The garnishee holds neither any property nor any obligation in favor of the judgement debtor.

4. If you will not deliver to the levying officer any property levied upon, describe the property and the reason for not delivering it:

5. **For writ of execution only** Describe any property of the judgment debtor not levied upon that is in your possession or under your control:

*(Continued on reverse)*

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>AT-167/EJ-152 [Rev. September 1, 2022] | **MEMORANDUM OF GARNISHEE**<br>(Attachment — Enforcement of Judgment) | Code Civ. Proc., §§ 488.610,<br>701.030 |

AT-167/EJ-152

| SHORT TITLE:<br>MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company V. US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>30-2017-00962537-CU-CL-CJC |
| --- | --- | --- |

6.  If you owe money to the judgment debtor which you will not pay to the levying officer, describe the amount and terms of the obligation and the reason for not paying it to the levying officer:

7.  Describe the amount and terms of any obligation owed to the judgment debtor that is levied upon but is not yet due and payable:

8.  **For writ of execution only** Describe the amount and terms of any obligation owed to the judgment debtor that is not levied upon:

9.  Describe any claims and rights of other persons to the property or obligation levied upon that are known to you and the names and addresses of the other persons:

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____        _____
(TYPE OR PRINT NAME)                          (SIGNATURE)

| If you need more space to provide the information required by this memorandum, you may attach additional pages. |
| --- |
| ☐ Total number of pages attached: |

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO. 217292 | FOR COURT USE ONLY |
|---|---|
| NAME: Angela A. Velen<br>FIRM NAME: Collection at Law<br>STREET ADDRESS: 3835 E. Thousand Oaks Blvd., Suite R349<br>CITY, STATE ZIP: Westlake Village, CA 91362<br>TELEPHONE NO.: 818-716-7630    FAX NO.: 818-716-7775<br>EMAIL ADDRESS:<br>ATTORNEY FOR (name): MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability<br>Company<br>☒ ORIGINAL JUDGMENT CREDITOR    ☐ ASSIGNEE OF RECORD | Pursuant to California Government<br>Code § 68150(f), the Clerk of the<br>Court hereby certifies this document<br>accurately reflects the official court<br>record. The electronic signature and<br>seal on this document have the<br>same validity and legal force and<br>effect as an original clerk's<br>signature and court seal. California<br>Government Code § 68150(g). |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange | |
|---|---|
| STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST<br>MAILING ADDRESS: SAME<br>CITY AND ZIP CODE: SANTA ANA, CA 92701<br>BRANCH NAME: SANTA ANA COURTHOUSE | |

| PLAINTIFF/PETITIONER: MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability<br>Company<br>DEFENDANT/RESPONDENT: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi<br>Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES | CASE NUMBER:<br>30-2017-00962537-CU-CL-CJC |
|---|---|

| WRIT OF | ☒ EXECUTION (Money Judgment)<br>☐ POSSESSION OF    ☐ Personal Property<br>☐ SALE    ☐ Real Property | ☐ Limited Civil Case<br>(including Small Claims)<br>☒ Unlimited Civil Case<br>(including Family and Probate) |
|---|---|---|

1. **To the Sheriff or Marshal of the County of:** ORANGE
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company
   is the    ☒ original judgment creditor    ☐ assignee of record    whose address is shown on this form above the court's name.

4. **Judgment debtor** *(name, type of legal entity if not a natural person, and last known address):*

   US COATING SPECIALTIES AND SUPPLIES LLC.,
   a Mississippi Limited Liability Company dba US
   COATING SPECIALTIES AND SUPPLIES
   125 West Mayes Street
   Jackson, MS 39213

   ☒ Additional judgment debtors on next page

5. **Judgment entered on** *(date):* 3/13/2018

6. ☐ Judgment renewed on *(dates):*

7. **Notice of sale** under this writ
   a. ☒ has not been requested.
   b. ☐ has been requested *(see next page).*

8. ☐ Joint debtor information on next page.

9. ☐ Writ of Possession/Writ of Sale information on next page.

10. ☐ This writ is issued on a sister-state judgment.

For Items 11-17, see form MC-012 and form MC-013-INFO

| | | |
|---|---|---|
| 11. Total judgment *(as entered or renewed)* | $ | 39,559.01 |
| 12. Costs after judgment *(CCP 685.090)* | $ | 0.00 |
| 13. Subtotal *(add 11 and 12)* | $ | 39,559.01 |
| 14. Credits to principal *(after credit to interest)* | $ | 0.00 |
| 15. Principal remaining due *(subtract 14 from 13)* | $ | 39,559.01 |
| 16. Accrued interest remaining due per CCP<br>685.050(b) *(not on GC 6103.5 fees)* | $ | 23,878.93 |
| 17. Fee for issuance of writ | $ | 40.00 |
| 18. **Total** *(add 15, 16, and 17)* | $ | 63,477.94 |

19. Levying officer:
   a. Add daily interest from date of writ *(at the legal rate on 15) (not on GC 6103.5 fees)* .............. $ 10.83
   b. Pay directly to court costs included in 11 and 17 *(GC 6103.5, 68637; CCP 699.520(i))* .............. $ 0.00

20. ☐ The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

David H. Yamasaki, Clerk of the Court
Date: 11/07/2024    Clerk, by *M. Luna*    M. Luna , Deputy

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Page 1 of 3

EJ-130

| Plaintiff/Petitioner: MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company<br>Defendant/Respondent: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited<br>Liability Company dba US COATING SPECIALTIES AND SUPPLIES | CASE NUMBER:<br>30-2017-00962537-CU-CL-CJC |
| --- | --- |

21.  ☒ Additional judgment debtor (name, type of legal entity if not a natural person, and last known address):

    EARL WASHINGTON, an individual
    125 West Mayes Street
    Jackson, MS 39213

22.  **The judgement is for** (check one):

    a.  ☐ wages owed.

    b.  ☐ child support or spousal support.

    c.  ☒ other.

23.  ☐ Notice of sale has been requested by (name and address):

24.  ☐ Joint debtor was declared bound by the judgment (CCP 989–994)

    a.  on (date):            a.  on (date):
    b.  name, type of legal entity if not a natural person, and    b.  name, type of legal entity if not a natural person, and
        last known address of joint debtor:            last known address of joint debtor:

    c.  ☐ Additional costs against certain joint debtors are itemized:  ☐ below  ☐ on Attachment 24c

25.  ☐ (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:

    a.  ☐ Possession of real property: The complaint was filed on (date):
        (Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)

      (1)  ☐ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46. The judgment includes
          all tenants, subtenants, named claimants, and other occupants of the premises.

      (2)  ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.

      (3)  ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the
          judgment may file a Claim of Right to Possession at any time up to and including the time the levying officer returns
          to effect eviction, regardless of whether a Prejudgment Claim of Right to Possession was served.) (See CCP 415.46
          and 1174.3(a)(2).)

      (4)  If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the Prejudgment Claim of Right to Possession was
        not served in compliance with CCP 415.46 (item 25a(2)), answer the following:

        (a)  The daily rental value on the date the complaint was filed was $
        (b)  The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates (specify):

*Item 25 continued on next page*

EJ-130 [Rev. September 1, 2020]           **WRIT OF EXECUTION**           Page 2 of 3

**EJ-130**

| | |
|---|---|
| Plaintiff/Petitioner: MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company<br>Defendant/Respondent: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited<br>Liability Company dba US COATING SPECIALTIES AND SUPPLIES | CASE NUMBER:<br>30-2017-00962537-CU-CL-CJC |

25. b. ☐ Possession of personal property.
             ☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.
  c. ☐ Sale of personal property.
  d. ☐ Sale of real property.
  e. The property is described: ☐ below    ☐ on Attachment 25e

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

---

EJ-130 [Rev. September 1, 2020]            **WRIT OF EXECUTION**            Page 3 of 3

**Attachments:**    image001.png
Writ of Execution.pdf
California Docket.pdf
image002.png
Chase Account.pdf
image003.png
image004.png
MS Docket.pdf
2023 Taxes (Inc.) Redacted.pdf
Notice of Levy.pdf

---

**From:** Jason Dare <jdare@bislawyers.com>
**Sent:** Tuesday, January 7, 2025 4:46 PM
**To:** Angela A. Velen <angela@collectionatlaw.com>; chrishtian.netterville@chase.com; tomas.sanchez@jpmorgan.com
**Cc:** Stephen Stack <sstack@bislawyers.com>
**Subject:** US COATING SPECIALTIES & SUPPLIES INC.

Since December 23, 2024, my Firm and I have attempted to notify Chase Bank and Angela Velen, Esq. that collection efforts against "U.S. COATING SPECIALTIES & SUPPLIES **INC**" are improper. Please allow this email to serve as notice that this Corporation has retained me to file suit against Chase Bank, Merchant Capital, and Collection at Law, Inc. in the Circuit Court of Hinds County, MS for return of the funds improperly levied from its Chase Bank account and for tort damages suffered to its business.

Pursuant to the attached California docket, MERCHANT CAPITAL SOURCE, LLC obtained a judgment against "US COATING SPECIALTIES AND SUPPLIES, **LLC**" and Earl Washington on or around 03/13/2018. A Writ of Execution was entered by the California court on 05/15/2018, with the total judgment being for **$39,584.01**. The unsigned and undated Notice of Levy received by Chase Bank clearly identifies the Debtor as:

of a judgment as follows.
a. Judgment debtor *(name):* US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US
COATING SPECIALTIES AND SUPPLIES, TAX ID/SSN: 64-0889471

This Notice of Levy also nearly doubles the judgment amount to
a. Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130).................... $       63,477.94

The Chase Bank account at issue belongs to a separate and distinct corporation, with a separate and distinct tax ID number:

ACCOUNT NO.
613075939
ACCOUNT TITLE (DBA(s) on the following page(s) if applicable)
U. S. COATING SPECIALTIES & SUPPLIES INC

BUSINESS ADDRESS
125 W MAYES ST

JACKSON, MS 39213-6212
TAXPAYER ID NO.                    PRODUCT TYPE
20-8547866                          Chase Business Complete Checl

And nothing in either the California cause of action or the Mississippi cause of action authorizes Chase Bank or any of the parties to forego corporate formalities and/or obtain money from a wholly separate legal

entity. My attempts to have these funds returned to their proper owner have fallen on deaf ears, and accordingly, my client is left with little choice but to seek relief from the Courts.

**Jason E. Dare**



**C:** (601) 573-7580   **D:** (601) 987-5307
**E:** jdare@bislawyers.com

-
Paragon Two, 578 Highland Colony Parkway, Ste. 100, Ridgeland, MS 39157
P.O. Box 14028, Jackson, MS 39236-4028
www.bislawyers.com

EJ-130

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO.: 217292<br>NAME: Angela A. Velen<br>FIRM NAME: Collection at Law<br>STREET ADDRESS: 3835 E. Thousand Oaks Blvd., Suite R349<br>CITY, STATE ZIP: Westlake Village, CA 91362<br>TELEPHONE NO.: 818-716-7630    FAX NO.: 818-716-7775<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): Merchant Capital Source, LLC., a California Limited Liability Company<br>☒ ORIGINAL JUDGMENT CREDITOR    ☐ ASSIGNEE OF RECORD | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

| | |
|---|---|
| Plaintiff: Merchant Capital Source, LLC., a California Limited Liability Company<br>Defendant: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES | CASE NUMBER:<br>30-2017-00962537-CU-CL-CJC |

| | | |
|---|---|---|
| ☒ **EXECUTION** (Money Judgment) | | ☐ **Limited Civil Case** |
| **WRIT OF**  ☐ POSSESSION OF  ☐ Personal Property | | (including Small Claims) |
| ☐ SALE  ☐ Real Property | | ☒ **Unlimited Civil Case**<br>(including Family and Probate) |

1. **To the Sheriff or Marshal of the County of: Los Angeles**
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. **(Name):** Merchant Capital Source, LLC., a California Limited Liability Company
   is the   ☒ original judgment creditor   ☐ assignee of record   whose address is shown on this form above the court's name.

4. **Judgment debtor** (name, type of legal entity if not a natural person, and last known address):

   9. ☐ See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
   10. ☐ This writ is issued on a sister-state judgment.

   **For Items 11-17, see form MC-012 and form MC-013-INFO**

| | | | |
|---|---|---|---|
| US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES 125 West Mayes Street Jackson, MS 39213 | 11. Total judgment (as entered or renewed) | $ | 39,559.01 |
| | 12. Costs after judgment (CCP 685.090) | $ | 0.00 |
| | 13. Subtotal (add 11 and 12) | $ | 39,559.01 |
| ☒ Additional judgment debtors on next page | 14. Credits to principal (after credit to interest) | $ | 0.00 |
| | 15. Principal remaining due (subtract 14 from 13) | $ | 39,559.01 |
| 5. **Judgment entered** on (date): 3/13/2018 | 16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) | $ | 0.00 |
| | 17. Fee for issuance of writ | $ | 25.00 |
| 6. ☐ Judgment renewed on (dates): | 18. **Total** (add 15, 16, and 17) | $ | 39,584.01 |
| | 19. **Levying officer:** | | |
| 7. **Notice of sale** under this writ<br>a. ☒ has not been requested.<br>b. ☐ has been requested (see next page). | a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees)............................. $ | | 10.83 |
| 8. ☐ Joint debtor information on next page. | b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) ............................. $ | | 0.00 |
| [SEAL] | 20. ☐ The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20. | | A. DANG |
| | David H. Yamasaki, Clerk of the Court | | |
| Issued on (date): 5/17/18 | Clerk, by _____ | | , Deputy |
| **NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.** | | | Page 1 of 3 |

EJ-130

| Plaintiff: Merchant Capital Source, LLC., a California Limited Liability Company<br>Defendant: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited<br>Liability Company dba US COATING SPECIALTIES AND SUPPLIES | CASE NUMBER:<br>30-2017-00962537-CU-CL-CJC |
| --- | --- |

21. ☒ Additional judgment debtor (name, type of legal entity
    if not a natural person, and last known address):

    EARL WASHINGTON, an individual

    125 West Mayes Street

    Jackson, MS 39213

22. ☐ Notice of sale has been requested by (name and address):

23. ☐ Joint debtor was declared bound by the judgment (CCP 989–994)
    a.  on (date):                                          a.  on (date):
    b.  name, type of legal entity if not a natural person, and   b.  name, type of legal entity if not a natural person, and
        last known address of joint debtor:                      last known address of joint debtor:

    c.  ☐ Additional costs against certain joint debtors are itemized:      ☐ Below    ☐ On Attachment 23c

24. ☐ (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:
    a.  ☐ Possession of real property: The complaint was filed on (date):
        (Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)

        (1)    ☐ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46. The judgment includes
               all tenants, subtenants, named claimants, and other occupants of the premises.

        (2)    ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.

        (3)    ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the
               judgment may file a Claim of Right to Possession at any time up to and including the time the levying officer returns
               to effect eviction, regardless of whether a Prejudgment Claim of Right to Possession was served.) (See CCP 415.46
               and 1174.3(a)(2).)

        (4) If the unlawful detainer resulted from a foreclosure (item 24a(3)), or if the Prejudgment Claim of Right to Possession was
            not served in compliance with CCP 415.46 (item 24a(2)), answer the following:

            (a)    The daily rental value on the date the complaint was filed was $
            (b)    The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates (specify):

    b.  ☐ Possession of personal property.
           ☐ If delivery cannot be had, then for the value (itemize in 24e) specified in the judgment or supplemental order.
    c.  ☐ Sale of personal property.
    d.  ☐ Sale of real property.
    e.  The property is described:    ☐ Below    ☐ On Attachment 24e

**EJ-130**

| | |
|---|---|
| Plaintiff: Merchant Capital Source, LLC., a California Limited Liability Company<br>Defendant: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited<br>Liability Company dba US COATING SPECIALTIES AND SUPPLIES | CASE NUMBER:<br>30-2017-00962537-CU-CL-CJC |

### NOTICE TO PERSON SERVED

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

## *2017-00962537, MERCHANT CAPITAL SOURCE, LLC. VS. US COATING SPECIALTIES AND SUPPLIES LLC*

CA Superior - Orange

Orange County

**This case was retrieved on 12/11/2019**

## Header

**Case Number: *2017-00962537***
**Date Filed:** 12/20/2017
**Date Full Case Retrieved:** 12/11/2019
**Status:** Unknown
**Misc:** (12) OTHER COLLECTIONS; CIVIL - UNLIMITED

## Summary

**Uniform Case Number**: 30-2017-00962537-CU-CL-CJC

## Participants

| Litigants | Attorneys |
|---|---|
| MERCHANT CAPITAL SOURCE, LLC. **PLAINTIFF** | |
| EARL  WASHINGTON **DEFENDANT** | |
| US COATING SPECIALTIES AND SUPPLIES LL **DEFENDANT** | |

## Additional Attorneys

| Attorney Name | Start Date | End Date |
|---|---|---|
| COLLECTION AT LAW, INC. A PROFESSIONAL | 2017-12-20 | |

## Proceedings

| Date | # | Proceeding Text | Details |
|---|---|---|---|
| 02/25/2019 | 23 | WRIT OF EXECUTION RETURNED - UNSATISFIED FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 02/25/2019 | |
| 05/17/2018 | 22 | PAYMENT RECEIVED BY ONELEGAL FOR 141 - WRIT IN THE AMOUNT OF 25.00, TRANSACTION NUMBER 12351486 AND RECEIPT NUMBER 12175203. | |
| 05/15/2018 | 21 | WRIT (ISSUED 5/17/18) RECEIVED ON 05/15/2018. | |
| 05/17/2018 | 20 | E-FILING TRANSACTION 1499723 RECEIVED ON 05/15/2018 04:30:00 PM. | |

Case 3:25-cv-00290-CWR-ASH    Document 1-1    Filed 04/24/25    Page 47 of 78
Case: 25CO1:25-cv-00906    Document #: 2    Filed: 03/25/2025    Page 45 of 66
Page 2 of 3

2017-00962537, MERCHANT CAPITAL SOURCE, LLC. VS. US COATING SPECIALTIES AND SUPPLIES LLC

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| 03/13/2018 | 18 | CASE DISPOSED WITH DISPOSITION OF DEFAULT JUDGMENT BY CLERK | |
| 03/13/2018 | 17 | COMPLAINT DISPOSED WITH DISPOSITION OF DEFAULT JUDGMENT BY CLERK. | |
| 03/13/2018 | 16 | THE COURT ENTERS JUDGMENT AS TO COMPLAINT. | |
| 03/08/2018 | 15 | REQUEST FOR DISMISSAL OF DOES FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 03/08/2018 | |
| 03/08/2018 | 14 | JUDGMENT (FILED & ENTERED ON 03/13/18) RECEIVED ON 03/08/2018. | |
| 03/08/2018 | 13 | DECLARATION IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 03/08/2018 | |
| 03/08/2018 | 12 | REQUEST FOR CLERK'S DEFAULT JUDGMENT FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 03/08/2018 | |
| 03/13/2018 | 11 | E-FILING TRANSACTION 2648182 RECEIVED ON 03/08/2018 01:16:24 PM. | |
| 02/20/2018 | 10 | PROOF OF SERVICE OF SUMMONS FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 02/20/2018 | |
| 02/20/2018 | 9 | PROOF OF SERVICE OF SUMMONS FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 02/20/2018 | |
| 02/20/2018 | 8 | E-FILING TRANSACTION 1470434 RECEIVED ON 02/20/2018 10:13:48 AM. | |
| 01/12/2018 | 7 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 04/09/2018 AT 08:30:00 AM IN C23 AT CENTRAL JUSTICE CENTER. | |
| 12/20/2017 | 6 | CASE ASSIGNED TO JUDICIAL OFFICER HUNT, DEREK ON 12/20/2017. | |
| 12/20/2017 | 5 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER IN THE AMOUNT OF 435.00, TRANSACTION NUMBER 12271168 AND RECEIPT NUMBER 12094897. | |
| 12/20/2017 | 4 | SUMMONS ISSUED AND FILED FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 12/20/2017 | |
| 12/20/2017 | 3 | CIVIL CASE COVER SHEET FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 12/20/2017 | |
| 12/20/2017 | 2 | COMPLAINT FILED BY MERCHANT CAPITAL SOURCE, LLC. ON 12/20/2017 | |

Case 3:25-cv-00290-CWR-ASH     Document 1-1     Filed 04/24/25     Page 48 of 78
Case: 25CO1:25-cv-00906     Document #: 2     Filed: 03/25/2025     Page 46 of 66
Page 3 of 3

2017-00962537, MERCHANT CAPITAL SOURCE, LLC. VS. US COATING SPECIALTIES AND SUPPLIES
LLC

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| 12/20/2017 | 1 | E-FILING TRANSACTION 2623367 RECEIVED ON 12/20/2017 11:47:45 AM. | |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

End of Document



## BUSINESS DEPOSITORY CERTIFICATE (Corporation)

**CHASE** ⬡

_X_ NEW _____ CHANGE

ACCOUNT NO.
613075939
ACCOUNT TITLE (DBA(s) on the following page(s) if applicable)
U. S. COATING SPECIALTIES & SUPPLIES INC

BANK NAME/NUMBER
JPMorgan Chase Bank, N.A. ( 552 )
BRANCH NAME AND NO.
Jackson - 385622
DATE
07/03/2024
PREPARED BY
RENEE DUBERVILLE

BUSINESS ADDRESS
125 W MAYES ST

PHONE NO.
(769) 209-6053

JACKSON, MS 39213-6212
TAXPAYER ID NO.
20-8847698

PRODUCT TYPE
Chase Business Complete Checking

Legal Name of Organization:    U. S. COATING SPECIALTIES & SUPPLIES INC

State of Organization: _____ MS _____

(the "Organization")

The individual(s) signing this Certificate hereby certifies to JPMorgan Chase Bank, N.A. (the "Bank") as follows:

- the Organization is a corporation of the type identified above, duly organized under the laws of the state of organization listed above;
- the individual signing this Certificate is the Secretary, Assistant Secretary, Acting Secretary, or President, as listed below, of the Organization; and
- the Organization has authorized all actions and agreements described in this Certificate in accordance with all requirements of law and of Organization's organizational documents and bylaws, if any, and the authorizations are now in full force and effect.

**Account Opening and Contractual Authorization**
Any of the people listed below ("Authorized Persons"), acting alone, may:
- Open or close one or more accounts with the Bank at any time, subject to the Bank's deposit account agreement;
- Act on behalf of the Organization in any matter involving any of the Organization's deposit accounts at the Bank;
- Sign all agreements or other documents relating to any depository accounts or other business of the Organization. These agreements and other documents include but are not limited to funds transfer agreements, agreements for automated clearinghouse services, agreements for online services, and safe deposit agreements.

**Deposit and Withdrawal Authorization**
Each Authorized Person may deposit or withdraw the Organization's funds. Each Authorized Person may sign any and all checks, drafts, and orders drawn against any account of the Organization at the Bank, and may give instructions for account transactions without a signature, such as those initiated via electronic debit, payment, wire transfer, or other withdrawal of funds by computer, electronic or other means. The Bank is authorized to pay any checks or other transactions authorized by the Organization, even if doing so causes or increases an overdraft. Each Authorized Person may endorse for cash, collection, deposit, or negotiation any checks, drafts, notes, bills of exchange, or certificates of deposit, and order the payment or transfer of money between accounts at the Bank and other banks. Endorsements "for deposit" may be written or stamped. The Bank may accept any instrument for deposit to any depository account of the Organization without endorsement or may supply the endorsement of the Organization. The Bank is authorized to pay all checks, drafts, and orders when signed, endorsed, or authorized by any Authorized Person without inquiry as to the circumstances of issue or disposition of the proceeds and regardless of to whom such instruments are payable or endorsed, including those payable to or endorsed to the Authorized Person.

| Print Name | Title | Facsimile Signatures |
|---|---|---|
| EARL WASHINGTON | Shareholder | |
| | | |
| | | |
| | | |
| | | |

SIGNER(S) TO BE ADDED LATER.

**Facsimile Signature Authorization**
The Bank is authorized and directed to pay checks bearing any form of facsimile or computer-generated signature. If the Organization either uses or provides a signature card authorizing any facsimile or computer-generated signature, the Organization will be solely responsible for any check bearing a similar signature.

**Further Authorizations**
_The Secretary, Assistant Secretary, Acting Secretary or President of the Organization, acting alone, is authorized to certify to the Bank the name, title, specimen signature and signature of any additional Authorized Person, or to instruct the Bank to remove any Authorized Person. The Bank may rely on this Certificate until it receives express written notice of a change or revocation._

FOR THE PRECEDING PURPOSES, the undersigned has signed his/her name(s) on the date indicated above.

Exemption from FATCA reporting code (if any) _____ [According to the IRS Form W-9 instructions, if you are only submitting this form for an account you hold in the United States, you may leave this field blank.]

_CERTIFICATION_
**The undersigned certifies under penalties of perjury that (1) the Organization's Taxpayer Identification Number shown above is correct, and (2) the Organization is not subject to backup withholding because: (a) the Organization is exempt from backup withholding, or (b) the Organization has not been notified by the Internal Revenue Service (IRS) that it is subject to backup withholding as a result of failure to report all interest or dividends, or (c) the IRS has notified the Organization that it is no longer subject to backup withholding, and (3) the Organization is a U.S. citizen or other U.S. person (as defined in the Form W-9 instructions), and (4) the FATCA code(s) entered on this form (if any) indicating that the Organization is exempt from FATCA reporting is correct.**

If the IRS has notified the Organization that it is subject to backup withholding due to underreporting interest or dividends on its tax return, cross out item 2 above.

**The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.**

Signature: _____    Date: 07/03/2024

Title:    Shareholder

Printed Name:    EARL WASHINGTON



DISTRIBUTION: 1) National Account Services 2) Customer
Page 1 of 2

JPMorgan Chase Bank, N.A. Member FDIC

M1207-03-CS (11/20)

# Mississippi Electronic Courts
## Seventh Circuit Court District (Hinds County Court - Jackson)
## CIVIL DOCKET FOR CASE #: 25CO1:19-cv-04530-LCS

MERCHANT CAPITAL SOURCE, LLC v. US COATING
SPECIAL & SUPPLIES LLC
Assigned to: Larita M Cooper-Stokes

**Upcoming Settings:**

None Found

Date Filed: 11/13/2019
Date Terminated: 11/13/2019
Total Case Age: 0
Jury Demand: None
Nature of Suit: Foreign Judgment (10)

---

**Plaintiff**

**MERCHANT CAPITAL SOURCE, LLC**      represented by    **MERCHANT CAPITAL SOURCE, LLC**
PRO SE

**John Andrew Hammond**
Young Wells Williams P.A.
P. O. Box 6005
RIDGELAND, MS 39158
601-948-6100
Fax: 601-355-6136
Email: ahammond@youngwells.com
*TERMINATED: 01/03/2025*
*LEAD ATTORNEY*

**Stephen E. Gardner**
YoungWilliams P.A.
Post Office Box 6005
RIDGELAND, MS 39158
601-948-6100
Fax: 601-355-6136
Email: steve.gardner@youngwells.com
*TERMINATED: 01/03/2025*

V.

**Defendant**

**US COATING SPECIAL & SUPPLIES
LLC**

V.

**Garnishee**

**BANCORPSOUTH**      represented by    **BANCORPSOUTH**
PRO SE

**Garnishee**

Case 3:25-cv-00290-CWR-ASH    Document 1-1    Filed 04/24/25    Page 51 of 78
1/7/25, 1:32 PM    Case: 25CO1:25-cv-00906    Document #: 2    Filed: 03/25/2025    Page 49 of 66
Seventh Circuit Court District-Docket Report

**BANKPLUS**                                    represented by **BANKPLUS**
                                                               PRO SE

**Garnishee**

**HOPE CREDIT UNION**                           represented by **Tyler D Jordan**
                                                               MANNING GROSS + MASSENBURG
                                                               LLP
                                                               404 Fontaine Place, Suite 104
                                                               RIDGELAND, MS 39157
                                                               769-867-8029
                                                               Fax: 601-448-6945
                                                               Email: tjordan@mgmlaw.com
                                                               *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 11/13/2019 | 2 | NOTICE OF FILING OF FOREIGN JUDGMENT against US COATING SPECIAL & SUPPLIES LLC, filed by MERCHANT CAPITAL SOURCE, LLC. CLERK MAILED A COPY TO THE US COATING PO BOX 11809 JACKSON MS 39283 (Attachments: # 1 Civil Cover Sheet,) (KK) (Entered: 11/13/2019) |
| 11/13/2019 | 3 | JUDGMENT (KK) (Entered: 11/13/2019) |
| 02/12/2020 | 5 | APPLICATION/SUGGESTION for Writ of Garnishment against BANCORPSOUTH, filed by MERCHANT CAPITAL SOURCE, LLC. (MG) (Entered: 02/12/2020) |
| 02/12/2020 | 6 | WRIT OF GARNISHMENT issued on 2/11/20 as to BANCORPSOUTH. (MG) (Entered: 02/12/2020) |
| 03/05/2020 | 7 | ANSWER to Writ of Garnishment by BANCORPSOUTH. (KK) (Entered: 03/05/2020) |
| 09/28/2020 | 9 | APPLICATION/SUGGESTION for Writ of Garnishment against BANKPLUS, filed by MERCHANT CAPITAL SOURCE, LLC. (DKW) (Entered: 09/28/2020) |
| 09/28/2020 | 10 | WRIT OF GARNISHMENT issued on 09/28/2020 as to BANKPLUS. (DKW) (Entered: 09/28/2020) |
| 10/09/2020 | 11 | ANSWER to Writ of Garnishment by BANKPLUS. (MG) (Entered: 10/09/2020) |
| 06/08/2021 | 12 | APPLICATION/SUGGESTION for Writ of Garnishment against US COATING SPECIAL & SUPPLIES LLC, filed by MERCHANT CAPITAL SOURCE, LLC. (KB) (Entered: 06/08/2021) |
| 06/08/2021 | 13 | WRIT OF GARNISHMENT issued on 6/8/21 as to HOPE CREDIT UNION. (KB) (Entered: 06/08/2021) |
| 10/28/2021 | 15 | WRIT of GARNISHMENT Returned EXECUTED as to HOPE CREDIT UNION. (Gardner, Stephen) (Entered: 10/28/2021) |
| 10/28/2021 | 16 | ANSWER to Writ of Garnishment by HOPE CREDIT UNION. (Gardner, Stephen) (Entered: 10/28/2021) |
| 01/19/2022 | 17 | MOTION to Deem Garnishee-Defendant's Answer Untrue and For Order Against Garnishee-Defendant by Plaintiff MERCHANT CAPITAL SOURCE, LLC (Attachments: # 1 Exhibit June Account Statement,) (Hammond, John) (Entered: 01/19/2022) |
| 05/10/2022 | 18 | NOTICE of Hearing re 17 MOTION to Deem Garnishee-Defendant's Answer Untrue and For Order Against Garnishee-Defendant by MERCHANT CAPITAL SOURCE, LLC |

Case 3:25-cv-00290-CWR-ASH   Document 1-1   Filed 04/24/25   Page 52 of 78
Case: 25CO1:25-cv-00906   Document #: 2   Filed: 03/25/25   Page 50 of 66
1/7/25, 1:32 PM                         Seventh Circuit Court District-Docket Report

| | | (Hammond, John) (Entered: 05/10/2022) |
|---|---|---|
| 06/15/2022 | 19 | RESPONSE to re 17 MOTION to Deem Garnishee-Defendant's Answer Untrue and For Order Against Garnishee-Defendant by HOPE CREDIT UNION. (Attachments: # 1 Exhibit A, # 2 Exhibit B,) (Jordan, Tyler) (Entered: 06/15/2022) |
| 06/29/2022 | 20 | NOTICE of Hearing re 17 MOTION to Deem Garnishee-Defendant's Answer Untrue and For Order Against Garnishee-Defendant by MERCHANT CAPITAL SOURCE, LLC (Hammond, John) (Entered: 06/29/2022) |
| 06/29/2022 | 21 | REPLY to Response to Motion re 19 Response by MERCHANT CAPITAL SOURCE, LLC. (Hammond, John) (Entered: 06/29/2022) |
| 09/15/2022 | 22 | NOTICE of Hearing re 17 MOTION to Deem Garnishee-Defendant's Answer Untrue and For Order Against Garnishee-Defendant by MERCHANT CAPITAL SOURCE, LLC (Hammond, John) (Entered: 09/15/2022) |
| 11/09/2022 | 23 | ORDER denying 17 Motion. Signed by Larita M Cooper-Stokes on 11/09/2022. (DKW) (Entered: 11/09/2022) |
| 12/31/2024 | 24 | MOTION to Withdraw as Attorney by Plaintiff MERCHANT CAPITAL SOURCE, LLC (Hammond, John) (Entered: 12/31/2024) |
| 01/03/2025 | 25 | ORDER granting 24 Motion to Withdraw as Attorney. Attorney Stephen E. Gardner and John Andrew Hammond terminated. Signed by Pieter Teeuwissen on 1/3/25. (KB) (Entered: 01/03/2025) |

<table>
<tr><td colspan="4" align="center"><strong>MEC Service Center</strong></td></tr>
<tr><td colspan="4" align="center"><strong>Transaction Receipt</strong></td></tr>
<tr><td colspan="4" align="center">01/07/2025 13:32:29</td></tr>
<tr><td colspan="4" align="center"><strong>You will be charged $0.20 per page to view or print documents.</strong></td></tr>
<tr><td><strong>MEC Login:</strong></td><td>jd100973M</td><td><strong>Client Code:</strong></td><td></td></tr>
<tr><td><strong>Description:</strong></td><td>Docket Report</td><td><strong>Search Criteria:</strong></td><td>25CO1:19-cv-04530-LCS</td></tr>
<tr><td><strong>Billable Pages:</strong></td><td>2</td><td><strong>Cost:</strong></td><td>0.40</td></tr>
</table>

# Form 1120

U.S. Corporation Income Tax Return

OMB No. 1545-0123

For calendar year 2023 or tax year beginning _____ , 2023, ending _____ , 20 ___

Department of the Treasury
Internal Revenue Service

Go to www.irs.gov/Form1120 for instructions and the latest information.

**2023**

| A Check if: | | Name | B Employer identification number |
|---|---|---|---|
| 1a Consolidated return (attach Form 851) | TYPE OR PRINT | US COATING SPECIALTIES AND SUPPLIES | 20-8847696 |
| b Life/nonlife consolidated return | | Number, street, and room or suite no. If a P.O. box, see instructions. | C Date incorporated |
| 2 Personal holding co. (attach Sch. PH) | | | 10-01-2006 |
| 3 Personal service corp. (see instructions) | | 125 W MAYES STREET | D Total assets (see instructions) |
| 4 Schedule M-3 attached | | City or town, state or province, country and ZIP or foreign postal code | $ |
| | | Jackson                    MS          39213 | |

E Check if: (1) ☐ Initial return (2) ☐ Final return (3) ☐ Name change (4) ☐ Address change

| | | | | |
|---|---|---|---|---|
| **Income** | 1a | Gross receipts or sales | 1a | |
| | b | Returns and allowances | 1b | |
| | c | Balance. Subtract line 1b from line 1a | | 1c |
| | 2 | Cost of goods sold (attach Form 1125-A) | | 2 |
| | 3 | Gross profit. Subtract line 2 from line 1c | | 3 |
| | 4 | Dividends and inclusions (Schedule C, line 23) | | 4 |
| | 5 | Interest | | 5 |
| | 6 | Gross rents | | 6 |
| | 7 | Gross royalties | | 7 |
| | 8 | Capital gain net income (attach Schedule D (Form 1120)) | | 8 |
| | 9 | Net gain or (loss) from Form 4797, Part II, line 17 (attach Form 4797) | | 9 |
| | 10 | Other income (see instructions - attach statement) | | 10 |
| | 11 | **Total income.** Add lines 3 through 10 | | 11 |
| **Deductions (See instructions for limitations on deductions.)** | 12 | Compensation of officers (see instructions - attach Form 1125-E) | | 12 |
| | 13 | Salaries and wages (less employment credits) | | 13 |
| | 14 | Repairs and maintenance | | 14 |
| | 15 | Bad debts | | 15 |
| | 16 | Rents | | 16 |
| | 17 | Taxes and licenses    Wis. Tax/Lic | | 17 |
| | 18 | Interest (see instructions) | | 18 |
| | 19 | Charitable contributions | | 19 |
| | 20 | Depreciation from Form 4562 not claimed on Form 1125-A or elsewhere on return (attach Form 4562) | | 20 |
| | 21 | Depletion | | 21 |
| | 22 | Advertising | | 22 |
| | 23 | Pension, profit-sharing, etc., plans | | 23 |
| | 24 | Employee benefit programs | | 24 |
| | 25 | Energy efficient commercial buildings deduction (attach Form 7205) | | 25 |
| | 26 | Other deductions (attach statement)    Statement #5 | | 26 |
| | 27 | **Total deductions.** Add lines 12 through 26 | | 27 |
| | 28 | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | | 28 |
| | 29a | Net operating loss deduction (see instructions) | 29a | |
| | b | Special deductions (Schedule C, line 24) | 29b | |
| | c | Add lines 29a and 29b | | 29c |
| **Tax, Refundable Credits, & Payments** | 30 | Taxable income. Subtract line 29c from line 28. See instructions | | 30 |
| | 31 | Total tax (Schedule J, Part I, line 11) | | 31 |
| | 32 | Reserved for future use | | 32 |
| | 33 | Total payments and credits (Schedule J, Part III, line 23) | | 33 |
| | 34 | Estimated tax penalty. See instructions. Check if Form 2220 is attached ☐ | | 34 |
| | 35 | Amount owed. If line 33 is smaller than the total of lines 31 and 34, enter amount owed | | 35 |
| | 36 | Overpayment. If line 33 is larger than the total of lines 31 and 34, enter amount overpaid | | 36 |
| | 37 | Enter amount from line 36 you want: Credited to 2024 estimated tax _____ Refunded | | 37 |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| EARL WASHINGTON | | MANAGER | May the IRS discuss this return with the preparer shown below? See instructions. ☒ Yes ☐ No |
|---|---|---|---|
| Signature of officer | Date 11-07-24 | Title Pres-dent | |

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| BURNETTE BROWN SMITH | | 11-07-2024 | | P00522743 |
| Firm's name    B & B Enterprises of Jackson Inc | | | Firm's EIN | 26-4772187 |
| Firm's address    5040 Clinton Blvd | | | Phone no. | |
| Jackson MS 39209 | | | (601) 922-7297 | |

For Paperwork Reduction Act Notice, see separate instructions.

BEA

Form **1120** (2023)

DRAFT COPY

EJ-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | |
|---|---|
| After recording, return to: | |

Angela A. Velen, SBN 217292
Collection at Law
3835 E. Thousand Oaks Blvd., Suite R349
Westlake Village, CA 91362
TEL NO.: 818-716-7630          Fax No. (optional): 818-716-7775
EMAIL ADDRESS (optional):
☒ ATTORNEY FOR   ☒ ORIGINAL JUDGEMENT CREDITOR   ☐ ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Orange**
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SANTA ANA, CA  92701
BRANCH NAME: SANTA ANA COURTHOUSE

*FOR RECORDER'S USE ONLY*

PLAINTIFF/PETITIONER: MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company
DEFENDANT/RESPONDENT: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES

LEVYING OFFICER (name and address):

ORANGE COUNTY SHERIFF

909 N. MAIN STREET  #2
SANTA ANA, CA
92701

### NOTICE OF LEVY

under Writ of    ☒ Execution (Money Judgement)

☐ Sale

LEVYING OFFICER FILE NO.:

COURT CASE NO.:
30-2017-00962537-CU-CL-CJC

**TO THE PERSON NOTIFIED** (name): JP Morgan Chase , 225 N Tustin St, Orange, CA 92867

1.  The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:
    a. Judgment debtor (name): US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES, TAX ID/SSN: 64-0889471
    b. The property to be levied upon is described:
    ☐ in the accompanying writ of possession or writ of sale.
    ☒ as follows: **US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES; LEVY ALL ACCOUNTS, INCLUDING BUT NOT LIMITED TO ACCOUNT 786271756; 613075939, AS WELL AS, ALL CHECKING, SAVINGS, SAFE DEPOSIT BOX, MONEY MARKET ACCOUNTS**

2.  The judgement is for (check one):
    ☐ wages owed.    ☐ child/spousal support.    ☒ other.

3.  The amount necessary to satisfy the judgment creditor's judgment writ is:
    | | | |
    |---|---|---|
    | a. Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130) | $ | **63,477.94** |
    | b. Levy fee | $ | 50.00 |
    | c. Sheriff's disbursement fee | $ | 15.00 |
    | d. Recoverable costs | $ | 0.00 |
    | e. Total (a through d) | $ | 63,542.94 |
    | f. Daily interest from line 19a of writ (form EJ-130) | $ | 10.83 |

4.  You are notified as
    a. ☐ a judgment debtor.
    b. ☒ a person other than the judgment debtor (state capacity in which person is notified):
       A BANKING INSTITUTION HOLDING FUNDS IN THE JUDGMENT DEBTORS NAME

*(Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on page two.)*

Notice of Levy was
☒ mailed on (date):          ☐ posted on (date):
☐ delivered on (date):          ☐ filed on (date):
                                ☐ recorded on (date):

Date:

_____            ►_____
(TYPE OR PRINT NAME)                         ☐ Levying officer    ☒ Registered process server
                                                                    (SIGNATURE)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
EJ-150 [Rev. September 1, 2020]

**NOTICE OF LEVY**
**(Enforcement of Judgment)**

Code of Civil Procedure, § 699.540

EJ-150

| SHORT TITLE:<br>MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company V. US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>30-2017-00962537-CU-CL-CJC |
| --- | --- | --- |

## – INFORMATION FOR JUDGMENT DEBTOR –

1. The levying officer is required to take custody of the property described in item 1 in your possession or under your control.

2. There are automatic exemptions that financial institutions should apply to a deposit account before providing funds to the levying officer. See below for more information.

3. You may claim any available exemption for your property. A list of exemptions can be found on form EJ-155. **If you wish to claim an exemption for personal property, you must do so within 15 days after this notice was delivered to you or 20 days after this notice was mailed to you** by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. The date of filing is calculated as the date the claim is received by the levying officer, or the date of the postmark if the claim is mailed and assigned a tracking number by the U.S. Postal Service or another common carrier. **If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**

4. You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.

5. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.

6. If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.

7. All sales at an execution sale are final; there is no right of redemption.

## – INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR –

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.

2. If you are a financial institution, you are required to apply applicable exemptions to deposit accounts. See below.

3. You must complete the accompanying Memorandum of Garnishee within 10 days.

4. If you claim ownership or the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property under sections 720.010–720.800 of the Code of Civil Procedure.

5. **Make checks payable to the levying officer shown on page 1.**

## – INFORMATION ABOUT DEPOSIT ACCOUNTS –

1. If the levy is not to satisfy a judgment for wages owed, child or spousal support, or liability to the state government, financial institutions must automatically exempt money in a deposit account up to a certain dollar amount, under section 704.220 of the Code of Civil Procedure, with no claim of exemption required. See form EJ-156 for the exemption amount.

2. Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits under section 704.080. (See form EJ-156 for the exemption amounts.) Generally, the financial institution should apply the larger set of exemptions that apply to an account. See section 704.220(b).

3. If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may file an application in the superior court identified on the front of this form for an order as to which account the exemption should apply. (See section 704.220(e).) To get such an order, file an Ex Parte Application for Order on Deposit Account Exemption (form EJ-157) as soon as possible. (See EJ-157-INFO for instructions.) If the judgment debtor has more than one account in a financial institution, that institution may decide how and to which account to apply the exemption, unless it is served with a court order directing how to apply the exemption.

EJ-150 [Rev. September 1, 2020]

**NOTICE OF LEVY**
(Enforcement of Judgment)

EJ-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | |
|---|---|
| After recording, return to:<br>**Angela A. Velen**, SBN 217292<br>Collection at Law<br>3835 E. Thousand Oaks Blvd., Suite R349<br>Westlake Village, CA 91362<br>TEL NO.: 818-716-7630        Fax No. (optional): 818-716-7775<br>EMAIL ADDRESS (optional):<br>☒ ATTORNEY   ☒ ORIGINAL JUDGEMENT   ☐ ASSIGNEE<br>   FOR         CREDITOR            OF RECORD | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange**<br>STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST<br>MAILING ADDRESS: SAME<br>CITY AND ZIP CODE: SANTA ANA, CA  92701<br>BRANCH NAME: SANTA ANA COURTHOUSE | *FOR RECORDER'S USE ONLY* |

| PLAINTIFF/PETITIONER: MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company<br>DEFENDANT/RESPONDENT: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER (name and address):<br><br>ORANGE COUNTY SHERIFF<br><br>909 N. MAIN STREET  #2<br>SANTA ANA, CA<br>92701 |
|---|---|
| **NOTICE OF LEVY**<br><br>under Writ of   ☒ Execution (Money Judgement)<br><br>☐ Sale | LEVYING OFFICER FILE NO.: |
| | COURT CASE NO.:<br>30-2017-00962537-CU-CL-CJC |

**TO THE PERSON NOTIFIED** (name): JP Morgan Chase , 225 N Tustin St, Orange, CA 92867

1.  The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:
    a. Judgment debtor (name): US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES, TAX ID/SSN: 64-0889471
    b. The property to be levied upon is described:
    ☐ in the accompanying writ of possession or writ of sale.
    ☒ as follows: **US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES; LEVY ALL ACCOUNTS, INCLUDING BUT NOT LIMITED TO ACCOUNT 786271756; 613075939, AS WELL AS, ALL CHECKING, SAVINGS, SAFE DEPOSIT BOX, MONEY MARKET ACCOUNTS**

2.  The judgement is for (check one):
    ☐ wages owed.   ☐ child/spousal support.   ☒ other.

3.  The amount necessary to satisfy the judgment creditor's judgment writ is:
    a. Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130)................... $   63,477.94
    b. Levy fee................................................................................................. $   50.00
    c. Sheriff's disbursement fee........................................................................ $   15.00
    d. Recoverable costs.................................................................................... $   0.00
    e. Total (a through d)................................................................................... $   63,542.94
    f. Daily interest from line 19a of writ (form EJ-130)........................................... $   10.83

4.  You are notified as
    a.  ☐  a judgment debtor.
    b.  ☒  a person other than the judgment debtor (state capacity in which person is notified):
           A BANKING INSTITUTION HOLDING FUNDS IN THE JUDGMENT DEBTORS NAME

*(Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on page two.)*

Notice of Levy was
☒ mailed on (date):                          ☐ posted on (date):
☐ delivered on (date):                       ☐ filed on (date):
                                             ☐ recorded on (date):

Date:

_____              ►_____
(TYPE OR PRINT NAME)                          (SIGNATURE)
                                             ☐ Levying officer   ☒ Registered process server

Page 1 of 2

| Form Approved for Optional Use<br>Judicial Council of California<br>EJ-150 [Rev. September 1, 2020] | **NOTICE OF LEVY**<br>(Enforcement of Judgment) | Code of Civil Procedure, § 699.540 |

EJ-150

| SHORT TITLE:<br>MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company V. US<br>COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company<br>dba US COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>30-2017-00962537-CU-<br>CL-CJC |
| --- | --- | --- |

## – INFORMATION FOR JUDGMENT DEBTOR –

1. The levying officer is required to take custody of the property described in item 1 in your possession or under your control.

2. There are automatic exemptions that financial institutions should apply to a deposit account before providing funds to the levying officer. See below for more information.

3. You may claim any available exemption for your property. A list of exemptions can be found on form EJ-155. **If you wish to claim an exemption for personal property, you must do so within 15 days after this notice was delivered to you or 20 days after this notice was mailed to you** by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. The date of filing is calculated as the date the claim is received by the levying officer, or the date of the postmark if the claim is mailed and assigned a tracking number by the U.S. Postal Service or another common carrier. **If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**

4. You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.

5. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.

6. If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.

7. All sales at an execution sale are final; there is no right of redemption.

## – INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR –

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.

2. If you are a financial institution, you are required to apply applicable exemptions to deposit accounts. See below.

3. You must complete the accompanying Memorandum of Garnishee within 10 days.

4. If you claim ownership or the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property under sections 720.010–720.800 of the Code of Civil Procedure.

5. **Make checks payable to the levying officer shown on page 1.**

## – INFORMATION ABOUT DEPOSIT ACCOUNTS –

1. If the levy is not to satisfy a judgment for wages owed, child or spousal support, or liability to the state government, financial institutions must automatically exempt money in a deposit account up to a certain dollar amount, under section 704.220 of the Code of Civil Procedure, with no claim of exemption required. See form EJ-156 for the exemption amount.

2. Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits under section 704.080. (See form EJ-156 for the exemption amounts.) Generally, the financial institution should apply the larger set of exemptions that apply to an account. See section 704.220(b).

3. If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may file an application in the superior court identified on the front of this form for an order as to which account the exemption should apply. (See section 704.220(e).) To get such an order, file an Ex Parte Application for Order on Deposit Account Exemption (form EJ-157) as soon as possible. (See EJ-157-INFO for instructions.) If the judgment debtor has more than one account in a financial institution, that institution may decide how and to which account to apply the exemption, unless it is served with a court order directing how to apply the exemption.

Page 2 of 2

**NOTICE OF LEVY**
(Enforcement of Judgment)

EJ-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | |
|---|---|
| After recording, return to:<br>Angela A. Velen, SBN 217292<br>Collection at Law<br>3835 E. Thousand Oaks Blvd., Suite R349<br>Westlake Village, CA 91362<br>TEL NO.: 818-716-7630     Fax No. *(optional):* 818-716-7775<br>EMAIL ADDRESS *(optional):*<br>☒ ATTORNEY FOR  ☒ ORIGINAL JUDGEMENT CREDITOR  ☐ ASSIGNEE OF RECORD | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Orange**<br>STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST<br>MAILING ADDRESS: SAME<br>CITY AND ZIP CODE: SANTA ANA, CA 92701<br>BRANCH NAME: SANTA ANA COURTHOUSE | *FOR RECORDER'S USE ONLY* |

| PLAINTIFF/PETITIONER: MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company<br>DEFENDANT/RESPONDENT: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER *(name and address):*<br><br>ORANGE COUNTY SHERIFF<br><br>909 N. MAIN STREET #2<br>SANTA ANA, CA<br>92701 |
|---|---|
| **NOTICE OF LEVY**<br><br>under Writ of  ☒ **Execution (Money Judgement)**<br><br>☐ **Sale** | LEVYING OFFICER FILE NO.: |
| | COURT CASE NO.:<br>30-2017-00962537-CU-CL-CJC |

**TO THE PERSON NOTIFIED** *(name):* JP Morgan Chase , 225 N Tustin St, Orange, CA 92867

1. The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:
   a. Judgment debtor *(name):* US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES, TAX ID/SSN: 64-0889471
   b. The property to be levied upon is described:
   - ☐ in the accompanying writ of possession or writ of sale.
   - ☒ as follows: **US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES; LEVY ALL ACCOUNTS, INCLUDING BUT NOT LIMITED TO ACCOUNT 786271756; 613075939, AS WELL AS, ALL CHECKING, SAVINGS, SAFE DEPOSIT BOX, MONEY MARKET ACCOUNTS**

2. The judgement is for *(check one):*
   ☐ wages owed.   ☐ child/spousal support.   ☒ other.

3. The amount necessary to satisfy the judgment creditor's judgment writ is:
   a. Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130) ............. $  63,477.94
   b. Levy fee ......................................................................................................... $  50.00
   c. Sheriff's disbursement fee .............................................................................. $  15.00
   d. Recoverable costs ......................................................................................... $  0.00
   e. Total *(a through d)* ....................................................................................... $  63,542.94
   f. Daily interest from line 19a of writ (form EJ-130) ............................................. $  10.83

4. You are notified as
   a. ☐ a judgment debtor.
   b. ☒ a person other than the judgment debtor *(state capacity in which person is notified):*
       A BANKING INSTITUTION HOLDING FUNDS IN THE JUDGMENT DEBTORS NAME

*(Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on page two.)*

Notice of Levy was
☒ mailed on *(date):*
☐ delivered on *(date):*

☐ posted on *(date):*
☐ filed on *(date):*
☐ recorded on *(date):*

Date: _____

_____
(TYPE OR PRINT NAME)

▸ _____
(SIGNATURE)
☐ Levying officer   ☒ Registered process server

Page 1 of 2

**NOTICE OF LEVY**
**(Enforcement of Judgment)**

Code of Civil Procedure, § 699.540

EJ-150

| SHORT TITLE:<br>MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company V. US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>30-2017-00962537-CU-CL-CJC |
| --- | --- | --- |

## – INFORMATION FOR JUDGMENT DEBTOR –

1. The levying officer is required to take custody of the property described in item 1 in your possession or under your control.

2. There are automatic exemptions that financial institutions should apply to a deposit account before providing funds to the levying officer. See below for more information.

3. You may claim any available exemption for your property. A list of exemptions can be found on form EJ-155. **If you wish to claim an exemption for personal property, you must do so within 15 days after this notice was delivered to you or 20 days after this notice was mailed to you** by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. The date of filing is calculated as the date the claim is received by the levying officer, or the date of the postmark if the claim is mailed and assigned a tracking number by the U.S. Postal Service or another common carrier. **If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**

4. You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.

5. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.

6. If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.

7. All sales at an execution sale are final; there is no right of redemption.

## – INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR –

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.

2. If you are a financial institution, you are required to apply applicable exemptions to deposit accounts. See below.

3. You must complete the accompanying Memorandum of Garnishee within 10 days.

4. If you claim ownership or the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property under sections 720.010–720.800 of the Code of Civil Procedure.

5. **Make checks payable to the levying officer shown on page 1.**

## – INFORMATION ABOUT DEPOSIT ACCOUNTS –

1. If the levy is not to satisfy a judgment for wages owed, child or spousal support, or liability to the state government, financial institutions must automatically exempt money in a deposit account up to a certain dollar amount, under section 704.220 of the Code of Civil Procedure, with no claim of exemption required. See form EJ-156 for the exemption amount.

2. Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits under section 704.080. (See form EJ-156 for the exemption amounts.) Generally, the financial institution should apply the larger set of exemptions that apply to an account. See section 704.220(b).

3. If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may file an application in the superior court identified on the front of this form for an order as to which account the exemption should apply. (See section 704.220(c).) To get such an order, file an Ex Parte Application for Order on Deposit Account Exemption (form EJ-157) as soon as possible. (See EJ-157-INFO for instructions.) If the judgment debtor has more than one account in a financial institution, that institution may decide how and to which account to apply the exemption, unless it is served with a court order directing how to apply the exemption.

**NOTICE OF LEVY**
(Enforcement of Judgment)

AT-167/EJ-152

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and Address):* | LEVYING OFFICER *(Name and Address):* |
|---|---|
| Angela A. Velen, S.B.N. 217292<br>Collection at Law<br>3835 E. Thousand Oaks Blvd., Suite R349<br>Westlake Village, CA 91362<br>TELEPHONE NO.: 818-716-7630    FAX NO.: 818-716-7775<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):* MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company | ORANGE COUNTY SHERIFF<br>909 N. MAIN STREET #2<br>SANTA ANA, CA 92701 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange

STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: SANTA ANA COURTHOUSE

| | | LEVYING OFFICER FILE NO.: |
|---|---|---|
| PLAINTIFF/PETITIONER: | MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company | |
| DEFENDANT/RESPONDENT: | US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES | |

| **MEMORANDUM OF GARNISHEE**<br>(Attachment —Enforcement of Judgment) | COURT CASE NO.:<br>30-2017-00962537-CU-CL-CJC |
|---|---|

| NOTICE TO PERSON SERVED WITH WRIT AND NOTICE OF LEVY OR NOTICE OF ATTACHMENT: This memorandum must be completed and mailed or delivered to the levying officer within 10 days after service on you of the writ and notice of levy or attachment unless you have fully complied with the levy. Failure to complete and return this memorandum may render you liable for the costs and attorney fees incurred in obtaining the required information.<br>– RETURN ALL COPIES OF THIS MEMORANDUM TO THE LEVYING OFFICER – | **This memorandum does *not* apply to garnishment of earnings.** |
|---|---|

1.  a.  Garnishee *(name):* JP Morgan Chase
    b.  Address: 225 N Tustin St, Orange, CA 92867

2.  Judgement Debtor (name): US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES

3.  ☐ *(Check if applicable.)* The garnishee holds neither any property nor any obligation in favor of the judgement debtor.

4.  If you will not deliver to the levying officer any property levied upon, describe the property and the reason for not delivering it:

5.  **For writ of execution only** Describe any property of the judgment debtor not levied upon that is in your possession or under your control:

*(Continued on reverse)*

**MEMORANDUM OF GARNISHEE**
(Attachment — Enforcement of Judgment)

Code Civ. Proc., §§ 488.610, 701.030

AT-167/EJ-152

| SHORT TITLE: MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company V. US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER FILE NO.: | COURT CASE NO.: 30-2017-00982537-CU-CL-CJC |
|---|---|---|

6. If you owe money to the judgment debtor which you will not pay to the levying officer, describe the amount and terms of the obligation and the reason for not paying it to the levying officer:

7. Describe the amount and terms of any obligation owed to the judgment debtor that is levied upon but is not yet due and payable:

8. **For writ of execution only** Describe the amount and terms of any obligation owed to the judgment debtor that is not levied upon:

9. Describe any claims and rights of other persons to the property or obligation levied upon that are known to you and the names and addresses of the other persons:

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE)

| **If you need more space to provide the information required by this memorandum, you may attach additional pages.** |
|---|
| ☐ Total number of pages attached: |

Case 3:25-cv-00290-CWR-ASH    Document 1-1    Filed 04/24/25    Page 62 of 78
Case: 25CO1:25-cv-00906    Document #: 2    Filed: 03/25/2025    Page 60 of 66
**AT-167/EJ-152**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and Address):* | LEVYING OFFICER *(Name and Address):* |
|---|---|
| Angela A. Velen, S.B.N. 217292<br>Collection at Law<br>3835 E. Thousand Oaks Blvd., Suite R349<br>Westlake Village, CA 91362<br>TELEPHONE NO.: 818-716-7630    FAX NO.: 818-716-7775<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):*  MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company | ORANGE COUNTY SHERIFF<br>909 N. MAIN STREET #2<br>SANTA ANA, CA 92701 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange

| | |
|---|---|
| STREET ADDRESS:    700 CIVIC CENTER DRIVE WEST<br>MAILING ADDRESS:    SAME<br>CITY AND ZIP CODE:    SANTA ANA, CA  92701<br>BRANCH NAME:    SANTA ANA COURTHOUSE | |

| | |
|---|---|
| PLAINTIFF/PETITIONER:  MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company | LEVYING OFFICER FILE NO.: |
| DEFENDANT/RESPONDENT: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES | |

| | |
|---|---|
| **MEMORANDUM OF GARNISHEE**<br>(Attachment —Enforcement of Judgment) | COURT CASE NO.:<br>30-2017-00962537-CU-CL-CJC |

| | |
|---|---|
| **NOTICE TO PERSON SERVED WITH WRIT AND NOTICE OF LEVY OR NOTICE OF ATTACHMENT: This memorandum must be completed and mailed or delivered to the levying officer within 10 days after service on you of the writ and notice of levy or attachment unless you have fully complied with the levy. Failure to complete and return this memorandum may render you liable for the costs and attorney fees incurred in obtaining the required information.**<br>**-- RETURN ALL COPIES OF THIS MEMORANDUM TO THE LEVYING OFFICER --** | **This memorandum does *not* apply to garnishment of earnings.** |

1.  a.  Garnishee *(name)*: JP Morgan Chase
    b.  Address: 225 N Tustin St, Orange, CA 92867

2.  Judgement Debtor (name): US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES

3.  ☐  *(Check if applicable.)* The garnishee holds neither any property nor any obligation in favor of the judgement debtor.

4.  If you will not deliver to the levying officer any property levied upon, describe the property and the reason for not delivering it:

5.  **For writ of execution only** Describe any property of the judgment debtor not levied upon that is in your possession or under your control:

*(Continued on reverse)*

**MEMORANDUM OF GARNISHEE**<br>(Attachment — Enforcement of Judgment)  Code Civ. Proc., §§ 488.610,<br>701.030

AT-167/EJ-152

| SHORT TITLE:<br>MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company V. US<br>COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability<br>Company dba US COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>30-2017-00962537-CU-<br>CL-CJC |
|---|---|---|

6.  If you owe money to the judgment debtor which you will not pay to the levying officer, describe the amount and terms of the obligation and the reason for not paying it to the levying officer:

7.  Describe the amount and terms of any obligation owed to the judgment debtor that is levied upon but is not yet due and payable:

8.  **For writ of execution only** Describe the amount and terms of any obligation owed to the judgment debtor that is not levied upon:

9.  Describe any claims and rights of other persons to the property or obligation levied upon that are known to you and the names and addresses of the other persons:

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____          _____
            (TYPE OR PRINT NAME)                                              (SIGNATURE)

| If you need more space to provide the information required by this memorandum, you may attach additional pages. |
|---|
| ☐ Total number of pages attached: |

Case 3:25-cv-00290-CWR-ASH    Document 1-1    Filed 04/24/25    Page 64 of 78
Case: 25CO1:25-cv-00906    Document #: 2    Filed: 03/25/2025    Page 62 of 66

AT-167/EJ-152

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and Address)*: | LEVYING OFFICER *(Name and Address)*: |
|---|---|
| Angela A. Velen, S.B.N. 217292<br>Collection at Law<br>3835 E. Thousand Oaks Blvd., Suite R349<br>Westlake Village, CA 91362<br>TELEPHONE NO.: 818-716-7630    FAX NO.: 818-716-7775<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name)*: MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company | ORANGE COUNTY SHERIFF<br>909 N. MAIN STREET #2<br>SANTA ANA, CA 92701 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange

STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: SANTA ANA COURTHOUSE

| PLAINTIFF/PETITIONER: MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company<br><br>DEFENDANT/RESPONDENT: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER FILE NO.: |
|---|---|
| **MEMORANDUM OF GARNISHEE**<br>(Attachment —Enforcement of Judgment) | COURT CASE NO.:<br>30-2017-00962537-CU-CL-CJC |

| NOTICE TO PERSON SERVED WITH WRIT AND NOTICE OF LEVY OR NOTICE OF ATTACHMENT: This memorandum must be completed and mailed or delivered to the levying officer within 10 days after service on you of the writ and notice of levy or attachment unless you have fully complied with the levy. Failure to complete and return this memorandum may render you liable for the costs and attorney fees incurred in obtaining the required information.<br>– RETURN ALL COPIES OF THIS MEMORANDUM TO THE LEVYING OFFICER – | **This memorandum does *not* apply to garnishment of earnings.** |
|---|---|

1. a. Garnishee *(name)*: JP Morgan Chase
   b. Address: 225 N Tustin St, Orange, CA 92867

2. Judgement Debtor (name): US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES

3. ☐ *(Check if applicable.)* The garnishee holds neither any property nor any obligation in favor of the judgement debtor.

4. If you will not deliver to the levying officer any property levied upon, describe the property and the reason for not delivering it:

5. **For writ of execution only** Describe any property of the judgment debtor not levied upon that is in your possession or under your control:

*(Continued on reverse)*

**MEMORANDUM OF GARNISHEE**
(Attachment — Enforcement of Judgment)

Code Civ. Proc., §§ 488.610, 701.030

AT-167/EJ-152

| SHORT TITLE: MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company V. US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES | LEVYING OFFICER FILE NO.: | COURT CASE NO.: 30-2017-00962537-CU-CL-CJC |
| --- | --- | --- |

6.  If you owe money to the judgment debtor which you will not pay to the levying officer, describe the amount and terms of the obligation and the reason for not paying it to the levying officer:

7.  Describe the amount and terms of any obligation owed to the judgment debtor that is levied upon but is not yet due and payable:

8.  **For writ of execution only** Describe the amount and terms of any obligation owed to the judgment debtor that is not levied upon:

9.  Describe any claims and rights of other persons to the property or obligation levied upon that are known to you and the names and addresses of the other persons:

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ►  _____
         *(TYPE OR PRINT NAME)*                                    *(SIGNATURE)*

| If you need more space to provide the information required by this memorandum, you may attach additional pages. |
| --- |
| ☐ Total number of pages attached: |

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 217292 | FOR COURT USE ONLY |
|---|---|---|

NAME: Angela A. Velen
FIRM NAME: Collection at Law
STREET ADDRESS: 3835 E. Thousand Oaks Blvd., Suite R349
CITY, STATE ZIP: Westlake Village, CA 91362
TELEPHONE NO.: 818-716-7630    FAX NO.: 818-716-7775
EMAIL ADDRESS:
ATTORNEY FOR (name): MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company

☒ ORIGINAL JUDGMENT CREDITOR    ☐ ASSIGNEE OF RECORD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SANTA ANA, CA  92701
BRANCH NAME: SANTA ANA COURTHOUSE

**Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).**

PLAINTIFF/PETITIONER: MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company

DEFENDANT/RESPONDENT: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES

CASE NUMBER: 30-2017-00962537-CU-CL-CJC

| **WRIT OF** | ☒ EXECUTION (Money Judgment) | ☐ Limited Civil Case (including Small Claims) |
|---|---|---|
| | ☐ POSSESSION OF | ☐ Personal Property | ☒ Unlimited Civil Case (including Family and Probate) |
| | ☐ SALE | ☐ Real Property | |

1. **To the Sheriff or Marshal of the County of:** ORANGE
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company
   is the   ☒ original judgment creditor   ☐ assignee of record   whose address is shown on this form above the court's name.

4. **Judgment debtor** (name, type of legal entity if not a natural person, and last known address):

   US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited Liability Company dba US COATING SPECIALTIES AND SUPPLIES
   125 West Mayes Street
   Jackson, MS 39213

   ☒ Additional judgment debtors on next page

5. **Judgment entered on** (date): 3/13/2018

6. ☐ **Judgment renewed on** (dates):

7. **Notice of sale** under this writ
   a. ☒ has not been requested.
   b. ☐ has been requested (see next page).

8. ☐ Joint debtor information on next page.

9. ☐ Writ of Possession/Writ of Sale information on next page.

10. ☐ This writ is issued on a sister-state judgment.

**For items 11-17, see form MC-012 and form MC-013-INFO**

| | | | |
|---|---|---|---|
| 11. Total judgment (as entered or renewed) | $ | 39,559.01 |
| 12. Costs after judgment (CCP 685.090) | $ | 0.00 |
| 13. Subtotal (add 11 and 12) | $ | 39,559.01 |
| 14. Credits to principal (after credit to interest) | $ | 0.00 |
| 15. Principal remaining due (subtract 14 from 13) | $ | 39,559.01 |
| 16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) | $ | 23,878.93 |
| 17. Fee for issuance of writ | $ | 40.00 |
| 18. Total (add 15, 16, and 17) | $ | 63,477.94 |

19. Levying officer:
   a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) ............................... $   10.83
   b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(j)) ............................... $   0.00

20. ☐ The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

David H. Yamasaki, Clerk of the Court

Date: 11/07/2024    Clerk, by   M. Luna   M. Luna, Deputy

**NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.**

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. September 1, 2020]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

**EJ-130**

| | |
|---|---|
| Plaintiff/Petitioner: MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company<br>Defendant/Respondent: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited<br>Liability Company dba US COATING SPECIALTIES AND SUPPLIES | CASE NUMBER:<br>30-2017-00962537-CU-CL-CJC |

21. ☒ Additional judgment debtor (name, type of legal entity if not a natural person, and last known address):

⌐ EARL WASHINGTON, an individual ⌐          ⌐          ⌐
  125 West Mayes Street
  Jackson, MS 39213
 ⌐          ⌐          ⌐          ⌐

22.    **The judgement is for** (check one):

   a. ☐ wages owed.

   b. ☐ child support or spousal support.

   c. ☒ other.

23. ☐ Notice of sale has been requested by (name and address):

24. ☐ Joint debtor was declared bound by the judgment (CCP 989–994)
   a.  on (date):                                          a.  on (date):
   b.  name, type of legal entity if not a natural person, and      b.  name, type of legal entity if not a natural person, and
       last known address of joint debtor:                         last known address of joint debtor:

   c. ☐ Additional costs against certain joint debtors are itemized:    ☐ below    ☐ on Attachment 24c

25. ☐ (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:
   a. ☐ Possession of real property: The complaint was filed on (date):
       (Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)

      (1) ☐ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46. The judgment includes
             all tenants, subtenants, named claimants, and other occupants of the premises.

      (2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.

      (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the
             judgment may file a Claim of Right to Possession at any time up to and including the time the levying officer returns
             to effect eviction, regardless of whether a Prejudgment Claim of Right to Possession was served.) (See CCP 415.46
             and 1174.3(a)(2).)

      (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the Prejudgment Claim of Right to Possession was
          not served in compliance with CCP 415.46 (item 25a(2)), answer the following:

          (a)  The daily rental value on the date the complaint was filed was $
          (b)  The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates (specify):

*Item 25 continued on next page*

EJ-130 [Rev. September 1, 2020]                    **WRIT OF EXECUTION**                              Page 2 of 3

**EJ-130**

| | |
|---|---|
| Plaintiff/Petitioner: MERCHANT CAPITAL SOURCE, LLC., a California Limited Liability Company<br>Defendant/Respondent: US COATING SPECIALTIES AND SUPPLIES LLC., a Mississippi Limited<br>Liability Company dba US COATING SPECIALTIES AND SUPPLIES | CASE NUMBER:<br>30-2017-00962537-CU-CL-CJC |

25. b. ☐ Possession of personal property.

☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.

c. ☐ Sale of personal property.

d. ☐ Sale of real property.

e. The property is described: ☐ below    ☐ on Attachment 25e

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

---

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| Court Identification Docket # | | | Case Year | Docket Number |
|---|---|---|---|---|
| **2 5** County # | **1** Judicial District | **CO** Court ID (CH, CI, CO) | **2 0 2 5** | **9 0 6** |

**0 3 2 5 2 5**
Month   Date   Year

Local Docket ID

Mississippi Supreme Court   Form AOC/01
Administrative Office of Courts   (Rev 2020)

This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the **COUNTY** ___ Court of **HINDS** ___ County — ___ Judicial District

## Origin of Suit (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

## Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

**Individual** ___
Last Name ___ First Name ___ Maiden Name, if applicable ___ M.I. ___ Jr/Sr/III/IV

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency ___

**Business** U. S. Coating Specialities and Supplies, Inc.
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A ___

**Address of Plaintiff** 125 West Maves Street, Jackson, MS  39213

**Attorney (Name & Address)** Jason Dare, P.O. Box 14028, Jackson MS  39236   **MS Bar No.** 100973

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: ___

## Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

**Individual** ___
Last Name ___ First Name ___ Maiden Name, if applicable ___ M.I. ___ Jr/Sr/III/IV

_X_ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency ___

**Business** JPMorgan Chase Bank
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A ___

**Attorney (Name & Address) - If Known** ___   **MS Bar No.** ___

---

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

## Nature of Suit (Place an "X" in one box only)

**Domestic Relations**
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce:Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other ___

**Appeals**
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other ___

**Business/Commercial**
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other ___

**Probate**
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Joint Conservatorship & Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Alcohol/Drug Commitment (involuntary)

**Children/Minors - Non-Domestic**
- [ ] Alcohol/Drug Commitment (Voluntary)
- [ ] Other ___
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other ___

**Civil Rights**
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other ___

**Contract**
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other ___

**Statutes/Rules**
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other ___

**Real Property**
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other ___

**Torts**
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [ ] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [X] Other Conversion

In the COUNTY ☑ Court of HINDS ☑ County, Mississippi

_____ Judicial District, City of _____

Docket No._____ - _____  _____        Docket No. If Filed
    File Yr         Chronological No.        Clerk's Local ID        Prior to 1/1/94_____

## DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages
## IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

Individual: _____  _____  ( _____ )  _____ _____
          Last Name          First Name      Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** Merchant Capital Source, LLC
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____  *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #3:**

Individual: _____  _____  ( _____ )  _____ _____
          Last Name          First Name      Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** Collection at Law
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____  *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #4:**

Individual: _____  _____  ( _____ )  _____ _____
          Last Name          First Name      Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____  *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

U.S. COATING SPECIALTIES AND SUPPLIES, INC.                    PLAINTIFF

vs.                                    CAUSE NO. _____ 25-906 _____

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION; MERCHANT CAPITAL
SOURCE, LLC; COLLECTION AT LAW,
INC.                                                          DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI

TO:   JPMorgan Chase Bank, National Association
      By and through its Registered Agent:
      CT Corporation System
      645 Lakeland East Dr., Suite 101
      Flowood, MS  39232

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to the attorney for the Plaintiff, Jason E. Dare, Biggs, Ingram & Solop, PLLC, Paragon Two, 578 Highland Colony Parkway, Suite 100, Ridgeland, MS 39157; Post Office Box 14028, Jackson, Mississippi 39236-4028.

Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED UNDER MY HAND AND THE SEAL of said Court, this 25 day of March, 2025.

COURT CLERK

By: _Karla Bailey, DC_

ZACK WALLACE, CIRCUIT CLERK

## PROOF OF SERVICE – SUMMONS AND COMPLAINT
## JPMorgan Chase Bank, National Association

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

_____    **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

_____    **PERSONAL SERVICE.** I personally delivered copies to _____ on the _____day of _____, 2025, where I found said person in _____ County of the State of Mississippi.

_____    **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies of the summons and complaint to _____ within _____ County, Mississippi. I served the summons and complaint on the \_\_\_\_\_ day of _____, 2025, at the usual place of abode of said \_\_\_\_ _____, by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served, above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the \_\_\_\_\_ day of _____, 2025, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____    **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

_____
Process Server

STATE OF MISSISSIPPI
COUNTY OF HINDS

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts as set forth in the foregoing "Proof of Service- Summons and Complaint" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the \_\_\_\_\_ day of _____, 2025.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:_____

IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

U.S. COATING SPECIALTIES AND SUPPLIES, INC.                    PLAINTIFF

vs.                                    CAUSE NO. _____ 25-906 _____

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION; MERCHANT CAPITAL
SOURCE, LLC; COLLECTION AT LAW,
INC.                                                          DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    Collection at Law, Inc.
       By and through its Agent, Richard M. Rosenthal
       26500 W. Agoura Rd., Suite 211
       Calabasas, CA  91302
       or any Officer or Managing/General Agent

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to the attorney for the Plaintiff, Jason E. Dare, Biggs, Ingram & Solop, PLLC, Paragon Two, 578 Highland Colony Parkway, Suite 100, Ridgeland, MS 39157; Post Office Box 14028, Jackson, Mississippi 39236-4028.

Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED UNDER MY HAND AND THE SEAL of said Court, this __25__ day of March, 2025.

COURT CLERK

By: _____

ZACK WALLACE, CIRCUIT CLERK

## PROOF OF SERVICE – SUMMONS AND COMPLAINT
## Collection at Law, Inc.

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

_____    **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

_____    **PERSONAL SERVICE.** I personally delivered copies to _____ on the _____day of _____, 2025, where I found said person in _____ County of the State of Mississippi.

_____    **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies of the summons and complaint to _____ within _____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2025, at the usual place of abode of said ____ _____, by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served, above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2025, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____    **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

_____
Process Server

STATE OF MISSISSIPPI
COUNTY OF HINDS

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts as set forth in the foregoing "Proof of Service-Summons and Complaint" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _____ day of _____, 2025.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:_____

IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

U.S. COATING SPECIALTIES AND SUPPLIES, INC.                    PLAINTIFF

vs.                                   CAUSE NO. _____25-906_____

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION; MERCHANT CAPITAL
SOURCE, LLC; COLLECTION AT LAW,
INC.                                                          DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    Merchant Capital Source, LLC
       By and through its Officer or Managing/General Agent
       695 Town Center Drive, Suite 1200
       Costa Mesa, CA  92626

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to the attorney for the Plaintiff, Jason E. Dare, Biggs, Ingram & Solop, PLLC, Paragon Two, 578 Highland Colony Parkway, Suite 100, Ridgeland, MS 39157; Post Office Box 14028, Jackson, Mississippi 39236-4028.

Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED UNDER MY HAND AND THE SEAL of said Court, this _25_ day of March, 2025.

COURT CLERK

By: _Karla Bailey_ DC

ZACK WALLACE, CIRCUIT CLERK

## PROOF OF SERVICE – SUMMONS AND COMPLAINT
### Merchant Capital Source, LLC

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

_____    **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

_____    **PERSONAL SERVICE.** I personally delivered copies to _____ on the _____day of _____, 2025, where I found said person in _____ County of the State of Mississippi.

_____    **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies of the summons and complaint to _____ within _____ County, Mississippi. I served the summons and complaint on the \_\_\_\_\_ day of _____, 2025, at the usual place of abode of said \_\_\_\_\_ _____, by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served, above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the \_\_\_\_\_ day of _____, 2025, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____    **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

_____
Process Server

STATE OF MISSISSIPPI
COUNTY OF HINDS

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts as set forth in the foregoing "Proof of Service-Summons and Complaint" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the \_\_\_\_\_ day of _____, 2025.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:_____

IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

U.S. COATING SPECIALTIES AND SUPPLIES, INC.                    PLAINTIFF

vs.                                    CAUSE NO. ____25-906____

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION; MERCHANT CAPITAL
SOURCE, LLC; COLLECTION AT LAW,
INC.
                                                            DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    JPMorgan Chase Bank, National Association
       By and through its Registered Agent:
       CT Corporation System
       645 Lakeland East Dr., Suite 101
       Flowood, MS  39232

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to the attorney for the Plaintiff, Jason E. Dare, Biggs, Ingram & Solop, PLLC, Paragon Two, 578 Highland Colony Parkway, Suite 100, Ridgeland, MS 39157; Post Office Box 14028, Jackson, Mississippi 39236-4028.

Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED UNDER MY HAND AND THE SEAL of said Court, this _25_ day of March, 2025.

                    ZACK WALLACE, CIRCUIT CLERK
                    COURT CLERK

                    By: _Karla Bailey, pr_

**PROOF OF SERVICE – SUMMONS AND COMPLAINT**
**JPMorgan Chase Bank, National Association**

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

\_\_\_\_\_    **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

✓    **PERSONAL SERVICE.** I personally delivered copies to _Matt Thibodeaux_ on the _25th_ day of _March_____, 2025, where I found said person in _Rankin____ County of the State of Mississippi.

\_\_\_\_\_    **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies of the summons and complaint to _____ within _____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2025, at the usual place of abode of said _____ _____, by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served, above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2025, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

\_\_\_\_\_    **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

_____
Process Server

STATE OF MISSISSIPPI
COUNTY OF HINDS

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Chris Stutts_____ who being first by me duly sworn states on oath that the matters and facts as set forth in the foregoing "Proof of Service- Summons and Complaint" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _26th_ day of _March_____, 2025.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: _____

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 6277
VALERIE K. ALDRIDGE
Commission Expires
Oct. 16, 2027
RANKIN COUNTY