IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**U.S. COATING SPECIALTIES AND SUPPLIES, INC.,**
*Plaintiff,*

*v.*

**JPMORGAN CHASE BANK, N.A., et al.,**
*Defendants.*

CAUSE NO. 3:25-CV-290-CWR-ASH

**ORDER**

Before the Court is a motion for judgment on the pleadings filed by Defendant JPMorgan Chase Bank, N.A. ("Chase"), as well as two motions to dismiss and a motion to compel arbitration by Defendants Merchant Capital Source, LLC ("MCS") and Collection at Law, Inc. ("CAL"). Docket Nos. 11, 28, 30, and 32. For the reasons discussed below, Chase's motion for judgment on the pleadings, Docket No. 11, is granted; MCS and CAL's motion to dismiss for lack of personal jurisdiction, Docket No. 28, is granted; and MCS and CAL's motion to dismiss for failure to state a claim, Docket No. 30, and motion to compel arbitration, Docket No. 32, are denied as moot.

## I. Factual and Procedural History[1]

MCS entered into a business loan and security agreement with U.S. Coating Specialties and Supplies, LLC ("U.S. Coating, LLC") around June 13, 2017. Pursuant to that

[1] As noted below, this Court "must accept the well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022).

agreement, monies were exchanged through U.S. Coating, LLC's bank account with BancorpSouth in Mississippi. Less than a year later, MCS obtained a judgment against U.S. Coating, LLC and Earl Washington (an individual) in the Superior Court of California for Orange County. On November 13, 2019, MCS filed a notice of foreign judgment against U.S. Coating, LLC and Earl Washington in the County Court of Hinds County, Mississippi, First Judicial District.

In an effort to collect on its judgment, MCS thereafter served a notice of levy on Chase. That notice identified the debtors as U.S. Coating, LLC and Earl Washington, entities which are legally separate and distinct from Plaintiff U.S. Coating Specialties and Supplies, Inc. ("U.S. Coating, Inc."). But the notice identified a Chase bank account that was held exclusively by Plaintiff U.S. Coating, Inc. as subject to garnishment.

Chase froze Plaintiff U.S. Coating, Inc.'s bank account in Mississippi and denied Plaintiff access to its funds. Plaintiff notified Chase, MCS, and CAL about the error in corporate identity and later sent a follow-up email detailing the issue and providing proof of the separate corporate identities. Defendants have yet to return more than $63,000 improperly taken from Plaintiff's Chase bank account. As a result, Plaintiff has been unable to carry out its course of business.

Asserting various Mississippi tort claims and a violation of the Fair Debt Collection Practices Act (the "FDCPA"), *see* 15 U.S.C. § 1692k, Plaintiff filed suit against Defendants Chase, MCS, and CAL on March 25, 2025, in the County Court of Hinds County, Mississippi, First Judicial District. Chase timely removed the action to this Court, *see* Docket No. 1, and MCS and CAL later joined in that removal, *see* Docket Nos. 15 and 16. Let us address that first.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court has "the duty to examine the basis for [its] subject matter jurisdiction, doing so on [its] own motion if necessary." *Lewis v. Hunt*, 492 F.3d 565, 568 (5th Cir. 2007) (citation omitted). The notice of removal asserts that the Court has both federal question and diversity jurisdiction over this action. *See* Docket No. 1 at 2-3. On the former, the notice points to the FDCPA claim asserted in the *ad damnum* clause of Plaintiff's complaint. *Id.* On the latter, the notice posits that complete diversity of citizenship exists between Plaintiff (a citizen of Mississippi) and Defendants (citizens of Ohio and California), and that the amount of controversy exceeds $75,000. *Id.* at 3.

As to the Court's federal question jurisdiction, the Court agrees that Plaintiff's prayer for relief under the FDCPA presents a federal question that imparts to the Court subject matter jurisdiction. *See* 15 U.S.C. § 1692k(d). But the complaint asks that "judgment be entered against *Merchant Capital and Collection at Law*"—that is, MCS and CAL—"for violation of the Fair Debt Collection Practices Act." Complaint at 9 (emphasis added). It does not, on its face, assert that *Chase* violated that federal statute. In this way, the request is unique; Plaintiff's other demands speak of the "Defendants" generally. *See id.* Nevertheless, the supplemental jurisdiction statute authorizes the Court to, in its discretion, exercise supplemental jurisdiction over Plaintiff's other state-law claims, including as advanced against Chase, because those claims "form part of the same case or controversy." 28 U.S.C. § 1367(a). That said, "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated." *Watson v. City of Allen*, 821 F.3d 634, 642 (5th Cir. 2016). As discussed *infra* pp. 6-10, the Court will grant MCS

and CAL's motion to dismiss for lack of personal jurisdiction, which will, in turn, eliminate the only federal-law claim in this action. But the Court need not decide whether to retain supplemental jurisdiction over the remaining, exclusively state-law claims against Chase because the Court is also persuaded that it has diversity jurisdiction over all of Plaintiff's claims.

Although Plaintiff seeks "approximately $63,447.94" in compensatory damages, *see* Complaint at 6, 9 (asking the Court to enter a judgment requiring "transfer[] to Plaintiff [of] the funds wrongfully taken by the Defendants"), which is less than the $75,000 jurisdictional amount, the complaint also demands unspecified punitive damages, *id.* at 9 (seeking "punitive damages in an amount sufficient to punish the Defendants' . . . conduct"). Where that is so, this Court looks "rigorously at the complaint's factual allegations to determine whether the combination of compensatory and [unspecified] punitive damages could truly support a recovery above $75,000." *Evans v. Red Shield Admin., Inc.*, No. 3:18-CV-464-CWR-FKB, 2018 WL 4288724, at *1 (S.D. Miss. Aug. 17, 2018) (collecting cases). Here, the size of Plaintiff's compensatory damages demand is such that an award of punitive damages in a constitutionally permissible "single digit ratio" to the requested compensatory damages "could easily exceed the [] jurisdictional minimum." *See White v. Allstate Ins. Co.*, No. 1:17-CV-350-HSO-JCG, 2018 WL 2244721, at *4 (S.D. Miss. May 16, 2018) (citation omitted). Assured of our jurisdiction, we return to the facts.

Chase filed a motion for judgment on the pleadings on May 22, 2025. Docket No. 11. On August 13, 2025, MCS and CAL filed a motion to dismiss for lack of jurisdiction, or, alternatively, to dismiss for failure to state a claim or to compel arbitration. Docket No. 28. The next day, MCS and CAL filed the same motion separately as, first, a motion to dismiss

for failure to state a claim, Docket No. 30, and, second, a motion to compel arbitration, Docket No. 32.

## II. Legal Standard

### A. Personal Jurisdiction

The Federal Rules of Civil Procedure authorize a court to dismiss an action when the court lacks personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). The party asserting jurisdiction

> bears the burden of establishing that a defendant has the requisite minimum contacts with the forum state to justify the court's jurisdiction. Where, as here, the court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, that burden requires only that the nonmovant make a *prima facie* showing.

*Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 495 (5th Cir. 2022) (internal quotation marks and citations omitted). "In making its determination, the district court may consider the contents of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002) (citation omitted). When reviewing a motion to dismiss for lack of personal jurisdiction, "the court must accept as true the nonmover's allegations and resolve all factual disputes in its favor." *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999).

### B. Judgment on the Pleadings

A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan*

*Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 12(c).

The standard for deciding a motion for judgment on the pleadings is the same as the standard used to decide a Rule 12(b)(6) motion to dismiss. *See Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022). "The court must accept the well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Id.* The plaintiff need not provide "detailed factual allegations," but must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

## III. Discussion

### A. Personal Jurisdiction

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute creates personal jurisdiction; and (2) the court's exercise of personal jurisdiction comports with the due process guarantees of the United States Constitution. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (diversity jurisdiction); *Pearson v. Shriners Hosps. for Child., Inc.*, 133 F.4th 433, 442 (5th Cir.) (federal question jurisdiction), *cert. denied*, 146 S. Ct. 329 (2025).

Mississippi's long-arm statute:

> permits the exercise of personal jurisdiction over nonresident persons and business entities: (1) that have made a contract with a Mississippi resident that is to be performed in whole or in part by any party in Mississippi; (2) that have committed a tort in Mississippi; and/or (3) who do business or perform any character of work or service in Mississippi.

*Unified Brands, Inc. v. Teders*, 868 F. Supp. 2d 572, 577 (S.D. Miss. 2012) (citing Miss. Code Ann. § 13-3-57). That is, Mississippi's long-arm statute contains three prongs: the contract prong,

the tort prong, and the doing business prong. *See Adara Networks Inc. v. Langston*, 301 So. 3d 618, 622-24 (Miss. 2020) (en banc). A nonresident's actions need only satisfy one prong to meet the requirements of personal jurisdiction. *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 894 (5th Cir. 2024) (citing *Adara Networks*, 301 So. 3d at 623).

Plaintiff asserts that this statute affords the Court personal jurisdiction over Defendants MCS and CAL by way of all three prongs. Docket No. 1-1 ("Complaint") at 4-5; Docket No. 38 at 1-3. Defendants MCS and CAL argue that none of the statute's prongs bestow jurisdiction upon the Court. Docket No. 29 at 5-8. The Court agrees with Defendants.

As an initial matter, Plaintiff has not identified a contract with CAL, so Plaintiff's claim on the contract prong as to CAL fails as a matter of law. Although Plaintiff has offered an agreement with MCS, *see* Complaint at 5, Plaintiff has not demonstrated that the contract was "to be performed in whole or in part by any party in this state." Miss. Code Ann. § 13-3-57. The contract prong does not, therefore, confer jurisdiction on the Court.

Under the tort prong, "personal jurisdiction is proper if any element of the tort (or any part of any element) takes place in Mississippi." *Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997). A tort is complete when and where the actual injury occurs, not where the consequences that result from the injury occur. *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753-54 (5th Cir. 1996).

Plaintiff has not alleged that MCS or CAL committed a tort in Mississippi, although it is "Plaintiff's responsibility to do so." *5P Exequy Holding, LLC v. S. Miss. Cemetery Props., LLC*, 587 F. Supp. 3d 501, 507 (S.D. Miss. 2021). Plaintiff states only that:

> MCS and CAL's actions in levying [] and garnishing funds held by U.S. Coating, INC. when it had no judgment against that entity had consequences and effects within the state of Mississippi . . . namely, U.S. Coating, INC.'s

> business was disrupted, and it was unable to meet its contractual obligations within this state. Both U.S. Coating, Inc. and LLC are Mississippi entities, and it was reasonably foreseeable that MCS and CAL's actions would have those effects.

Docket No. 38 at 2-3 (second alteration in original).

In essence, Plaintiff's in-Mississippi allegations pertain only to the financial injury Plaintiff claims to have suffered. That will not suffice. Even where a plaintiff "experienc[es] financial injury in Mississippi," the plaintiff "may not rely on the location of the resulting *consequence* of the tort to establish personal jurisdiction." *5P Exequy Holding*, 587 F. Supp. 3d at 507 (citation omitted). Plaintiff thus also fails to establish personal jurisdiction under the tort prong.

The doing business prong authorizes the Court's exercise of personal jurisdiction if "(1) the nonresident purposefully do[es] some act or consummate[s] a transaction in Mississippi, and (2) the assumption of jurisdiction by Mississippi [does] not offend traditional notions of fair play and substantial justice." *Id.*[2]

Plaintiff has not established that CAL does business in Mississippi. As a result, the doing business prong cannot, as a matter of law, provide the Court with personal jurisdiction over CAL. Plaintiff has, however, shown that MCS conducted business in the State. *See* Docket No. 38 at 3. As MCS seems to concede, it previously entered into an agreement with Kolbs Dry Cleaners, a Mississippi entity. *Id.*; *see* Docket No. 44 at 4 (acknowledging without denying a "transaction with Kolbs Dry Cleaners"). This allegation may fulfill the doing

[2] In their Reply, Defendants assert that there is an additional element that determines whether a nonresident is subject to jurisdiction under the doing business prong. Docket No. 44 at 4. That element, which required that the cause of action "arise from or be connected with the act or transaction," is no longer good law. *See Gross v. Chevrolet Country, Inc.*, 655 So. 2d 873, 877-78 (Miss. 1995) (en banc). "As it stands now, the long-arm statute, by its plain terms, applies to any person or corporation performing any character of work in this state." *Estate of Jones v. Phillips ex rel. Phillips*, 992 So. 2d 1131, 1139 (Miss. 2008).

business prong's first demand. But the transaction is not, absent more, sufficient to satisfy the second element of the doing business prong.

Whether MCS is "subject to the 'doing business' prong . . . depends upon whether [its] contacts with Mississippi were 'continuing' and 'substantial.'" *Internet Doorway, Inc. v. Parks*, 138 F. Supp. 2d 773, 778 (S.D. Miss. 2001). But MCS's contacts with Mississippi, at least as put forth by Plaintiff, were neither continuing nor substantial. And Defendants have established that MCS and CAL have their principal places of business in California; have not been licensed by the State of Mississippi; have no agent for service of process in Mississippi; do not maintain an office, other business establishment, or employees within Mississippi; do not receive mail or advertise in Mississippi; do not own, operate, lease, or control real property in Mississippi; do not perform any work of any type or nature in Mississippi; do not maintain any bank accounts or telephone listings in Mississippi; and have not applied for and/or received any permits to perform business in and/or from Mississippi. Declaration of Collection at Law, Inc. in Support of Motion to Dismiss for Lack of Jurisdiction, Docket No. 28 at 5-6 (Ex. A); Declaration of Merchant Capital Source, LLC in Support of Motion to Dismiss for Lack of Jurisdiction, Docket No. 28 at 8-9 (Ex. B). On these facts, the doing business prong does not supply the Court with jurisdiction. *See Etienne v. Wartsila N.A., Inc.*, 667 F. Supp. 3d 235, 247-48 (S.D. Miss. 2023) ("[Plaintiff] had the burden to prove [Defendant] is 'engaged in various acts here for the purpose of realizing a pecuniary benefit or otherwise accomplishing an object[,]' such as selling to Mississippians online, soliciting residents, holding meetings in Mississippi, registering an agent for service of process, or obtaining a license to do business in Mississippi." (quoting *Adara Networks*, 301 So. 3d at 625)); *see also Lubin v. Delta Airlines, Inc.*, No. 3:14-CV-648-CWR-FKB, 2015 WL 4611759, at *3 (S.D. Miss.

July 31, 2015) (enumerating facts which, if present, might demonstrate that a party's "presence in Mississippi [] is so continuing and substantial in nature" that it can be "regard[ed] . . . as doing business here").

Because the Court does not have personal jurisdiction over either MCS or CAL,[3] their motion to dismiss for lack of personal jurisdiction, Docket No. 28, will be granted.[4]

**B. Judgment on the Pleadings**

Chase, the only defendant remaining after the Court's grant of MCS and CAL's motion to dismiss, does not contest the Court's exercise of personal jurisdiction. Instead, Chase submits that all of Plaintiff's claims under Mississippi law are not only "facially implausible," but also "barred by the full-faith-and-credit clause." Docket No. 11 at 1. The Court will first attend to Defendant's full faith and credit argument, then take up the state-law claims that remain against Chase,[5] and thereafter address Plaintiff's requests for injunctive relief and leave to amend.

1. Full Faith and Credit

Chase contends that Plaintiff, through this action, "seeks to collaterally attack the California judgment" and the "California collection efforts to satisfy that judgment." Docket

---

[3] Because the Court concludes that dismissal is proper for failure to satisfy the Mississippi long-arm statute, the Court declines to address whether the exercise of personal jurisdiction over this dispute would comport with the guarantees of due process.

[4] As noted *supra* pp. 4-5, after filing their first motion to dismiss for lack of jurisdiction, or, alternatively, to dismiss for failure to state a claim or to compel arbitration, Docket No. 28, Defendants MCS and CAL filed two additional motions, styled on the docket as a standalone motion to dismiss for failure to state a claim, Docket No. 30, and a standalone motion to compel arbitration, Docket No. 32. The content of those filings is, however, identical to that filed at Docket No. 28. The same can be said of the various memoranda of law. *Compare* Docket No. 29, *with* Docket No. 31, *with* Docket No. 33. Accordingly, this Court will grant the motion filed at Docket No. 28 and deny as moot the motions filed at Docket Nos. 30 and 32.

[5] As noted *supra* pp. 3-4, the Court's grant of MCS and CAL's motion to dismiss for lack of personal jurisdiction does away with Plaintiff's FDCPA claim, which was asserted only against MCS and CAL.

No. 12 at 13; *see also* Answer, Docket No. 2 at 5 (third and fourth defenses). Chase accuses Plaintiff of "belatedly contest[ing] th[e] California judicial proceedings through various and sundry Mississippi tort[] claims." Docket No. 12 at 14. That effort, Chase submits, is "barred by full-faith-and-credit clause." Docket No. 11 at 1; *see* Docket No. 12 at 14.

Chase's resort to the Full Faith and Credit Clause, *see, e.g.*, Docket No. 12 at 13 (citing quoting U.S. Const. art. IV, § 1), is improper. That Clause—which "states[ that] 'Full Faith and Credit shall be given *in each State* to the . . . judicial Proceedings of every *other State*,'" *Davis v. Chase Home Fin., L.L.C.*, 597 F. App'x 249, 252 (5th Cir. 2015) (per curiam) (emphases added) (quoting U.S. Const. art. IV, § 1)—is not operative upon this Court. This Court is "governed by the full faith and credit *statute*," *Adar v. Smith*, 639 F.3d 146, 154 n.4 (5th Cir. 2011) (en banc), which "*expands* the Full Faith and Credit Clause and requires *federal* courts to give full faith and credit to state court proceedings," *Davis*, 597 F. App'x at 252 (emphases added); *see* 28 U.S.C. § 1738 (the Full Faith and Credit Act). Chase does not invoke that statute.

In its reply to Plaintiff's opposition to its motion for judgment on the pleadings, Chase does argue that Plaintiff's "remedy from the California collection proceedings was to seek relief in California." Docket No. 26 at 6. According to Chase, "Plaintiff could and should have timely challenged the collection proceedings in California." *Id.* at 5-6. Because Plaintiff "failed to take advantage of that right," Chase says, its "gambit is prohibited by the Full Faith and Credit Clause." *Id.* at 6.

That argument sounds in preclusion, and federal courts are, under the Full Faith and Credit Act, "require[d] . . . to give the same preclusive effect to state court judgments that those judgments would receive in the courts of the state from which the judgments emerged." *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 903 (5th Cir. 2011); *accord Parsons Steel, Inc. v. First*

*Ala. Bank*, 474 U.S. 518, 523 (1986). It is true that Plaintiff's complaint asserts that the notice of levy "tortiously, fraudulently, maliciously, intentionally and/or improperly identifies Plaintiff, U.S. Coating INC's Mississippi bank account with Chase as a proper account upon which levy might be taken." Complaint at 5. And in responding to Chase's full faith and credit arguments, Plaintiff does insist that "the levy to which [Chase] responded was . . . improperly issued by a California court to seize funds in a Mississippi account." Docket No. 21 at 1; *see also* Docket No. 22 at 5 (claiming that the levy was "issued by a California court with no jurisdiction over Mississippi funds").[6] At first blush, these arguments do appear to challenge the validity of at least some aspect of the state court proceeding and have at least the potential to implicate issues of preclusion. But as already discussed, *see supra* p. 11, Chase does not invoke the Full Faith and Credit Act. Nor does Chase identify, for example, the prerequisites for operation of *res judicata* under California law, as the Full Faith and Credit Act would require the Court to consider. *Cf. Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 396 (5th Cir. 2001). In the absence of that briefing,[7] the

---

[6] At the same time, Plaintiff simultaneously avers that it is not "attacking the judgment" entered against it and concedes that the judgment is "entitled to full faith and credit" under at least some circumstances. *See* Docket No. 22 at 5 n.2.

[7] Chase does point (Docket No. 12 at 12-13) to the Second Circuit's decision in *Harvey v. Fresquez*, 479 F. App'x 360 (2d Cir. 2012), where that court called on "full faith and credit" to affirm a federal district court's decision related to a garnishment action. *See id.* at 362. In that case, the defendants-appellees obtained a default judgment against the plaintiff-appellant in a Texas state court. *Id.* Thereafter, defendants-appellees also obtained a judgment of garnishment against plaintiff-appellant's employer. *Id.* After the garnishment order was served on his employer, plaintiff-appellant sought preliminary injunctive relief from a New York state court. *Id.* The employer removed the case, and the federal district court ultimately denied plaintiff-appellant's request for a preliminary injunction and stayed the action "pending the disposition of challenges to the default judgment in Texas." *Id.* The Second Circuit affirmed: "[T]the district court did not abuse its discretion in denying the preliminary injunction sought by [plaintiff-appellant] and staying proceedings because the Texas judgments are entitled to full faith and credit. The default judgment is presumptively valid until reversed or set aside." *Id.* That brief, unpublished Second Circuit decision has only persuasive force. More importantly, its fairly spare conclusion that the plaintiff-appellant's "challenges to the Texas judgments [were] more appropriately directed at [] Texas courts" does not assist this Court in understanding the preclusive effect that the judgment, writ, and levy at issue here would

Court will, at this juncture, reject Chase's full faith and credit argument. *Cf. Margolin v. Nat'l Ass'n of Immigr. Judges*, 608 U.S. 339, 342 (2026) ("[P]oints not argued will not be considered[.]" (quoting *United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J., concurring in judgment))); *accord Megalomedia Inc. v. Phila. Indem. Ins. Co.*, --- F.4th ---, 2026 WL 2683018, at *7 (5th Cir. 2026) (citing *Margolin*, 608 U.S. at 342); *see also Atkins v. Hooper*, 979 F.3d 1035, 1053 (5th Cir. 2020) (Costa, J., dissenting in part) (quoting, in the context of waiver on appeal, *Burke*, 504 U.S. at 246).

2. <u>Conversion</u>

Chase maintains that Plaintiff's conversion claim is "legally implausible" because a "claim for conversion only lies with respect to goods." Docket No. 12 at 7. The Mississippi Supreme Court has rejected the argument that conversion is, as a matter of law, "not actionable as to funds deposited in a bank account." *McGee v. Comprehensive Radiology Servs., PLLC*, 340 So. 3d 328, 333-34 (Miss. 2022). That said, the tort "cannot be used to recover a mere debt." *Id.* at 330. "[W]here there is no obligation to *return identical money*, but only a relationship of debtor and creditor, an action for conversion of the funds representing the indebtedness will not lie against the debtor." *Id.* at 334 (citation omitted). Accordingly, and as Mississippi federal courts have long held, *see Morris Schneider Wittstadt, LLC v. Beau Rivage Resorts, Inc.*, No. 1:15-CV-403-LG-RHW, 2016 WL 1254387, at *3 (S.D. Miss. Mar. 29, 2016) (collecting cases), money generally is not susceptible to conversion in Mississippi unless the funds are "earmarked or otherwise identifiable." *See, e.g.*, *Wiemer v. Rubino*, No. 1:16-CV-99-

have, if any, in the eyes of California courts. Nor do Chase's passing citations (Docket No. 12 at 12-13) to the Fifth Circuit's 1933 decision in *Armour Fertilizer Works v. Sanders*, 63 F.2d 902 (5th Cir. 1933), *aff'd sub nom. Sanders v. Armour Fertilizer Works*, 54 S. Ct. 677, *reh'g denied*, 54 S. Ct. 855 (1934). That case concerned an interpleader proceeding, *id.* at 909-10, which this action is not.

LG-RHW, 2019 WL 187873, at *5 (S.D. Miss. Jan. 14, 2019); *accord Greco Inv. Grp., LLC v. Nationwide Mut. Ins. Co.*, No. 3:25-CV-336-HTW-LGI, 2026 WL 2679644, at *3 (S.D. Miss. Sept. 23, 2026) (citing *McGee*, 340 So. 3d at 330); Docket No. 12 at 7.

Viewing the allegations in the light most favorable to it, Plaintiff did not plead that the relevant funds were "earmarked or otherwise identifiable" or that Chase was obligated to return to Plaintiff "identical money." Plaintiff confesses as much: it acknowledges that its "account apparently was not earmarked in any way" and admits that the "deposit by a customer with [its] banker is one of *loan*," Docket No. 22 at 6 n.4 (emphasis added and citation omitted)—that is, forms a "relationship of debtor and creditor," *McGee*, 340 So. 3d at 334 (citation omitted).

In light of Plaintiff's concessions, the Court finds that amendment would be futile. Dismissal with prejudice is appropriate.[8] *See, e.g.*, *Meeks v. DeBouse*, No. 24-10431, 2024 WL 4457846, at *1 (5th Cir. 2024) (per curiam) ("Dismissal may be appropriate without an opportunity to amend . . . where amendment is futile because . . . 'the legal theory upon which a complaint relies is indisputably meritless.'" (quoting *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994)), *cert. denied*, 145 S. Ct. 2799 (2025).

3. Tortious Interference

Plaintiff advances two tortious interference claims: (1) tortious interference with contracts and (2) tortious interference with business relations. *See* Complaint at 8. In its motion for judgment on the pleadings, Chase contends that Plaintiff has failed to identify any

---

[8] Having found dismissal proper on these grounds, the Court pretermits the question of whether Plaintiff alleged a wrongful act as required to maintain an action for conversion in Mississippi. *See Jim Pegram Farms v. JPMorgan Chase Bank, N.A.*, No. 3:21-CV-196-DMB-RP, 2022 WL 4088079, at *3 (S.D. Miss. Sept. 6, 2022).

contractual or business relations that "Chase supposedly interfered with." Docket No. 12 at 10. In its response, Plaintiff avers that, "without access to its funds, Plaintiff could not pay certain contractual agreements it had . . . and its business was disrupted." Docket No. 22 at 6-7.

Plaintiff does not respond by pointing to allegations that identify any particular contractual agreement or business relationship. Instead, Plaintiff emphasizes that "Mississippi is a notice pleading state." *Id.* at 6 (citation omitted). But because this action was removed to federal court, *see* Docket Nos. 1, 15, and 16, "federal pleading standards control." *Collins v. O'Donnell*, No. 3:23-CV-210-KHJ-MTP, 2024 WL 2420620, at *1 (S.D. Miss. May 23, 2024) (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018)). The complaint must therefore contain "enough factual matter" to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556, 570. True, "'[d]etailed factual allegations' are not required, but the pleading must present 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Tillman-Felton v. Blunt*, No. 24-2601, 2026 WL 1336204, at *2 (E.D. La. May 14, 2026) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff's complaint does not clear this bar. It provides merely "formulaic recitation[s] of the elements of [these] cause[s] of action," such that Plaintiff's tortious interference claims necessarily fail. *Twombly*, 550 U.S. at 555; *accord, e.g.*, *Intent Performance LLC v. Intent Sports & Fitness, LLC*, No. 2:23-CV-86-TBM-RPM, 2025 WL 1601045, at *15-16 (S.D. Miss. June 5, 2025) (dismissing a tortious interference with contracts claim where the plaintiff "fail[ed] to aver the existence of any specific contract with a third party" for failure to "plead sufficient facts[] as required by *Twombly* and *Iqbal*"), *appeal dismissed*, No. 25-60344, 2025 WL 3900530 (5th Cir. 2025). That said, it is not clear whether Plaintiff has pleaded its "best case" on these points,

so the Court will dismiss Plaintiff's tortious interference claims without prejudice. *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (quoting *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009)).

4. Injunctive Relief

Plaintiff also asks the Court to require Chase to "deposit the [disputed] funds with the Clerk of the Court until such time as this Court enters a final order adjudicating the rightful owner of the funds." Complaint at 7. But this Order disposes of all of Plaintiff's underlying claims, rendering the request for preliminary injunctive relief moot.[9] It will be dismissed without prejudice.

5. Leave to Amend

Plaintiff "[a]lternatively and additionally" asks the Court for leave to amend to "supplement" the aforementioned claims and to "add additional counts." Docket No. 21 at 1-2; Docket No. 22 at 7. As Chase points out, Docket No. 26 at 8, Plaintiff's request is procedurally improper. Still, the Fifth Circuit has cautioned that a district court should not dismiss a claim "without granting leave to amend[] unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). Plaintiff has not had multiple opportunities to plead its claims with particularity, and so the Court will deny Plaintiff's procedurally improper request for leave to amend but *sua sponte* allow Plaintiff 14 days to file a procedurally proper motion for leave to amend. *See Giarratana v. ClearCompany*, No. 3:25-CV-1-CWR-LGI, 2026 WL 868765, at *3 (S.D. Miss. Mar. 30, 2026); *Metal Processors,*

[9] In any event, Plaintiff has abandoned this claim by "failing to defend it in response to" Chase's "dispositive pleading." *See McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir.).

*Inc. v. Transp. Providers Servs., Inc.*, No. 3:25-CV-214-DPJ-ASH, 2026 WL 637415, at *5 (S.D. Miss. Mar. 6, 2026); *Miller v. Hartfield*, No. 3:23-CV-3041-KHJ-MTP, 2024 WL 2947026, at *2 (S.D. Miss. June 11, 2024).

## IV. Conclusion

MCS and CAL's motion to dismiss for lack of personal jurisdiction, Docket No. 28, is **GRANTED**. MCS and CAL's motion to dismiss for failure to state a claim, Docket No. 30, is **DENIED** as moot. MCS and CAL's motion to compel arbitration, Docket No. 32, is **DENIED** as moot.

Chase's motion for judgment on the pleadings, Docket No. 11, is **GRANTED**. Plaintiff's conversion claim is dismissed with prejudice. Plaintiff's tortious interference with contracts claim, tortious interference with business relations claim, and claim for preliminary injunctive relief are dismissed without prejudice. Plaintiff is granted 14 days from the date of this Order to seek leave to amend. If Plaintiff does not timely seek leave to amend, a final judgment shall issue.

**SO ORDERED**, this the 30th day of September, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE